GIGLIOTTI & GIGLIOTTI, L.L.P.
Joseph J. Gigliotti, Cal. State Bar No. 144979
434 East Chapman Ave
Fullerton, California 92832
Tel (714) 879-1712,  Fax (714) 879-3439
gigliottilaw@msn.com

SPIRO MOSS LLP
Ira Spiro, Cal. State Bar No. 67641
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
Tel (310) 235-2468, Fax (310) 235-2456
ira@spiromoss.com

Attorneys for Plaintiff SIDNEY ELLIOTT

# UNITED STATES DISTRICT COURT CALIFORNIA

## CENTRAL DISTRICT OF CALIFORNIA

SIDNEY ELLIOTT, individually, and on behalf of all others similarly situated,

        Plaintiff,

v.

ROLLING FRITO-LAY SALES, LP;
FRITO-LAY, INC.;
FRITO-LAY SALES, INC.;
and DOES 1 through 10

        Defendants.

Case No. SACV11-1730 JG (TPRx)

CLASS ACTION

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Introduction ................................................... 3

Jurisdiction and Venue .......................................... 4

The Parties and Certain Definitions .............................. 4

I. CLAIMS FOR RELIEF ON BEHALF OF THE MERCHANDISER CLASS . 6

First Claim for Relief (Overtime, additional relief under Labor Code § 203) .... 6

Second Claim for Relief (Meal and Rest Periods) ......................... 8

Third Claim for Relief (Unfair Competition Law) ....................... 10

Fourth Claim for Relief (Wage Statements) ............................ 11

MERCHANDISER CLASS ALLEGATIONS ........................... 13

II. CLAIMS FOR RELIEF ON BEHALF OF THE RELIEF SALES ASSOCIATE

CLASS ...................................................... 17

Fifth Claim for Relief (Overtime, additional relief under Labor Code § 203) ... 17

The Parties and Certain Definitions .............................. 18

Sixth Claim for Relief (Unfair Competition Law) ....................... 20

Seventh Claim for Relief (Wage Statements) ........................... 22

RELIEF SALES ASSOCIATE CLASS ALLEGATIONS ................. 24

Prayer ...................................................... 27

Demand for Jury Trial ......................................... 29

# INTRODUCTION

1.    This is a class action on behalf of two classes of current and former employees of Defendants. The first class is MERCHANDISERS. The First through Fourth Claims for Relief are on behalf of the Merchandiser Class. The second is RELIEF SALES ASSOCIATE (also knows as RSA). The Fifth through Seventh Claims for Relief are on behalf of the Relief Sales Associate Class. This paragraph is not the definition of either class. The definitions of the classes are later in this complaint.

2.    As to the MERCHANDISERS, among other things:

    a.    The Merchandisers were not paid overtime wages for their daily overtime hours. That is, they were not paid overtime wages for hours over 8 in a day.

    b.    The Merchandisers were not paid weekly overtime hours as required by California law. When they were paid overtime wages for hours over 40 in a week, the overtime wages were not calculated on the basis of a 40 hour week, as required by California law, but instead were calculated on the "fluctuating workweek" basis used under federal law, but not permitted by California law.

    c.    The Merchandisers were not provided with their required meal and rest periods.

    d.    The Merchandisers were not furnished with accurate itemized wage statement that accurately showed their gross wages earned, net wages earned, all applicable hourly rates in effect during their pay periods, and other information required by class § 226(a). Thus, The Merchandisers are owed the amounts provided for in Labor Code § 226(e).

## JURISDICTION AND VENUE

3. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 (d)(2), as amended by the Class Action Fairness Act of 2005, because: the matter in controversy exceeds the sum or value of $5,000,000 in the aggregate for the entire class, exclusive of interest and costs; and this is a class action in which all plaintiffs are citizens of California and none of the defendants are citizens of California; and greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of California and none of the principal defendants are citizens of California.

4. Venue is proper in this district because a substantial part of the events and omissions giving rise to the claims occurred in this district, including in Defendants' very large operations in Los Angeles County, California. Venue is proper in this district also because there is personal jurisdiction in this district over all Defendants. Presently and at all relevant times, all Defendants have conducted substantial, continuous and systematic commercial activities in this district, including very large operations in Los Angeles County, California.

## THE PARTIES, AND CERTAIN DEFINITIONS

**Plaintiff**

5. Plaintiff SIDNEY ELLIOTT was employed in California by Defendants for a period of time within the past four years, ending approximately in February, 2011, as a Merchandiser. ("Defendants" are defined below.)

6. "The Merchandisers " means plaintiff and the other employees and former employees described in the definition of the Merchandisers Class below.

**Defendants**

7. Defendant ROLLING FRITO-LAY SALES, LP is a Delaware limited partnership with its principal place of business in Texas. On information and

belief, it is alleged that defendant FRITO-LAY, INC. and defendant FRITO-LAY

SALES, INC. are Delaware corporations, with their principal places of business in

Texas, and are general partners of defendant ROLLING FRITO-LAY SALES, LP.

      a.    Below, "Frito-Lay" means defendants ROLLING FRITO-LAY

SALES, LP, FRITO-LAY, INC., and FRITO-LAY SALES, INC, each of

them and both of them.

      b.    Below, "Defendants" means defendants ROLLING FRITO-

LAY SALES, LP, FRITO-LAY, INC., and FRITO-LAY SALES, INC, and

the fictitiously named defendants, each and all of them.

8.    Plaintiff is unaware of the true names of Defendants Does 1 through

10. Said defendants are sued by said fictitious names. The pleadings will be

amended as necessary to obtain relief against defendants Does 1 through 10 when

the true names and capacities are ascertained or when such facts pertaining to their

liability are ascertained, or as permitted by law or by the Court.

9.    Plaintiff is informed and believes and thereon alleges that at all

relevant times each Defendant, directly or indirectly, or through agents or other

persons, employed plaintiff and the other employees described in the class

definitions below, and exercised control over their wages, hours, and working

conditions. Plaintiff is informed and believes and thereon alleges that, at all

relevant times, each Defendant was the principal, agent, partner, joint venturer,

officer, director, controlling shareholder, subsidiary, affiliate, parent corporation,

successor in interest and/or predecessor in interest of some or all of the other

Defendants, and was engaged with some or all of the other Defendants in a joint

enterprise for profit, and bore such other relationships to some or all of the other

Defendants so as to be liable for their conduct with respect to the matters alleged

below. Plaintiff is informed and believes and thereon alleges that each Defendant

acted pursuant to and within the scope of the relationships alleged above, that each

Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

10.     The allegations in this pleading are made without any admission that, as to any particular allegation, plaintiff bears the burden of pleading, proof, or persuasion.  All rights to plead in the alternative are reserved.

11.     The allegations of this complaint pertain to the entire periods of time of the statutes of limitations of the Claims for Relief in which the allegations appear.

## I.

## CLAIMS FOR RELIEF ON BEHALF OF THE MERCHANDISER CLASS

## FIRST CLAIM FOR RELIEF

**(On Behalf of the Merchandiser Class Against All Defendants for Failure to Pay Wages at Overtime Rates in Violation of Cal. Lab. Code § 1194)**

12.     Paragraphs 2 through 11, and the MERCHANDISERS CLASS ACTION ALLEGATIONS below, are incorporated here.

13.     The Merchandisers' work times very frequently have been, and continue to be, more than eight hours per day and more than forty hours per week.

14.     Nevertheless, consistent with Defendants' policies and/or practices, Defendants failed and continue to fail to pay The Merchandisers at the overtime rates required by California law for work time exceeding eight hours per day and work time exceeding forty hours per week.   Among other things:

a.     The Merchandisers were not paid overtime wages for their daily overtime hours.  That is, they were not paid overtime wages for hours over 8 in a day.

b.    The Merchandisers were not paid weekly overtime hours as required by California law.  When they were paid overtime wages for hours over 40 in a week, the overtime wages were not calculated on the basis of a 40 hour week, as required by California law, but instead were calculated on the "fluctuating workweek" basis used under federal law, but not permitted by California law.

15.    As a result, Defendants violated the California Labor Code and the applicable Wage Orders of the California Industrial Welfare Commission.

16.    Pursuant to California Labor Code section 1194, The Merchandisers are entitled to recover unpaid overtime wages, interest, attorneys' fees and costs.

17.    Plaintiff and many of the others among The Merchandisers quit or were discharged from their employment, and others will be.

18.    Within the statute of limitations period applicable to this claim for relief, the employment of Plaintiff and many other Merchandisers ended, i.e. was terminated by quitting or discharge, and the employment of others will be. However, Defendants failed, and continue to fail to pay to said employees who have quit or been discharged, without abatement, all wages (as defined by applicable California law) within the time required by Labor Code sections 201 and 202.  Among other things, these employees were never paid any of the unpaid and underpaid overtime compensation referred to in this complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.  Therefore, as additional relief and continuation wages for failure to pay overtime wages, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of 30 days' wages for each employee.  Because none of said employees were ever paid the unpaid and underpaid overtime to which they were entitled, each of said employees is entitled to 30 days' additional wages.

19.     Defendants are also liable to plaintiff and the Class Members for the civil penalties provided for in Labor Code § 558, because of the violations alleged in this Claim for Relief.

## SECOND CLAIM FOR RELIEF

### (On Behalf of the Merchandiser Class Against All Defendants for Failure to Provide Meal Periods and Rest Periods)

20.     Paragraphs 2 through 11, and the MERCHANDISER CLASS ACTION ALLEGATIONS below, are incorporated here.

21.     Throughout the applicable statute of limitations period, Defendants employed The Merchandisers for work periods of more than five hours per day. Defendants had an affirmative obligation to ensure that The Merchandisers were actually relieved of all duty in order to take uninterrupted 30 minute meal periods in the first five hours of work each day, and second meal periods after working 10 hours in a day (in some situations after working 12 hours in a day), and Defendants had a duty to allow those meal periods and not to interfere with them.

22.     Throughout the applicable statute of limitations period, Defendants also had an affirmative obligation to ensure that The Merchandisers were actually relieved of all duty in order to take a 10 minute uninterrupted rest period each four hours of work time, in the middle of the four hours insofar as practicable; and Defendants had a duty to allow those rest periods and not to interfere with them.

23.     Defendants regularly violated their meal period and rest period obligations.  Among other things, Defendants failed to do what was necessary to see to it that The Merchandisers were actually relieved of all duties in order to take the required rest periods and meal periods, and instead required so much work to be performed by the Merchandisers in the allotted time so that the work interfered with the required meal and rest periods.

24.     Under California law, each of The Merchandisers is entitled to be paid one hour of premium wages at the regular rate for each day he or she was not provided with all required meal period(s), and an additional one hour of premium wages at the regular rate for each day he or she was not provided with or allowed to take all required rest period(s).

25.     Defendants regularly failed to pay The Merchandisers the additional wages to which they were entitled for meal periods and rest periods Defendants failed to provide and allow.

26.     As a result, Defendants are liable to each of The Merchandisers for meal period premium wages for each day he or she was not provided with all required meal period(s), and an additional one hour of rest period premium wages at the regular rate for each day he or she was not provided with or allowed all required rest period(s).

27.     Within the statute of limitations period applicable to this claim for relief, the employment of Plaintiff and many other Merchandisers ended, i.e. was terminated by quitting or discharge, and the employment of others will be. However, Defendants failed, and continue to fail to pay these terminated employees, without abatement, all premium wages for failure to provide meal periods and/or rest periods required to be paid by California Labor Code sections 201 and 202 within the time required by those statutes. Defendants' failure to pay said wages within the required time was willful within the meaning of California Labor Code section 203. Therefore, each of these employees is entitled to one day's wages for each day after he or she was not timely paid all wages due, up to a maximum of 30 days' wages for each of these employee. Because none of said employees were ever paid all the wages to which they were entitled, each of said employees is entitled to 30 days' wages at their regular rates.

28.    Defendants are also liable to plaintiff and the Class Members for the civil penalties provided for in Labor Code § 558, because of the violations alleged in this cause of action.

## THIRD CLAIM FOR RELIEF

### (On Behalf of the Merchandiser Class Against All Defendants
### for Violation of the California Unfair Competition Law,
### California Busn. & Prof. Code §§17200 *et seq.*)

29.    Paragraphs 2 through 28 above, and the MERCHANDISER CLASS ACTION ALLEGATIONS below, are incorporated here.

30.    The Merchandisers' work times very frequently have been and continue to be more than eight hours per day and more than forty hours per week.

31.    Nevertheless, consistent with Defendants' policies and/or practices, Defendants failed and continue to fail to pay The Merchandisers at the overtime rates required by California law for work time exceeding work time exceeding eight hours per day and work time exceeding forty hours per week.

32.    Defendants regularly violated their meal period and rest period obligations. Among other things, Defendants failed to do what was necessary to see to it that The Merchandisers were actually relieved of all duties in order to take the required rest periods and meal periods, and instead required so much work to be performed by the Merchandisers in the allotted time so that the work interfered with the required meal and rest periods.

33.    As a result, Defendants violated the California Labor Code and the applicable Wage Orders of the California Industrial Welfare Commission.

34.    Defendants' conduct described above constitutes unlawful business acts and  practices in violation of Business & Professions Code sections 17200 *et seq.*

35.     Pursuant to Business and Professions Code sections 17200 *et seq.*, The Merchandisers are entitled to restitution for at least the following: restitution for the unpaid overtime wages.

36.     The Merchandisers are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

37.     Defendants are also liable to pay attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

## FOURTH CLAIM FOR RELIEF

**(On Behalf of the Merchandiser Class Against All Defendants for Failure to Furnish Itemized Statements, in Violation of Cal. Lab. Code § 226)**

38.     Paragraphs 2 through 11 and the MERCHANDISER CLASS ACTION ALLEGATIONS below, are incorporated here.

39.     At all times, Labor Code section 226(a) has provided:

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

name of the employee and his or her social security number, except that by
January 1, 2008, only the last four digits of his or her social security number
or an employee identification number other than a social security number
may be shown on the itemized statement, (8) the name and address of the
legal entity that is the employer, and (9) all applicable hourly rates in effect
during the pay period and the corresponding number of hours worked at
each hourly rate by the employee."

40.    Nevertheless, Defendants failed to furnish The Merchandisers with
accurate itemized wage statement that accurately showed their gross wages earned,
net wages earned, all applicable hourly rates in effect during their pay periods, and
other information required by Section 226(a). Defendants knowingly and
intentionally failed to do so.  As a result of these violations of Section 226(a), The
Merchandisers suffered injury because, among other things: (a) the violations led
them to believe that they were not entitled to be paid daily overtime, even though
they were entitled; (b) the violations led them to believe that they had been paid
the overtime to which they were entitled, even though they had not been; (c) the
violations led them to believe they were not entitled to be paid overtime at the
correct California rate even though they were; (d) the violations led them to
believe had been paid overtime at the correct California rate even though they had
not been; (e) the violations hindered them from determining the amounts of
overtime wages owed to them; (f) in connection with their employment before and
during this action, and in connection with prosecuting this action, the violations
cased them to have to perform mathematical computations to determine the
amounts of wages owed to them, computations they would not have to make if the
wage statements contained the required accurate information; (g) by understating
the wages truly due them, the violations caused them to lose entitlement and/or
accrual of the full amount of Social Security, disability, unemployment, and other
governmental benefits; (h) the wage statements inaccurately understated the

1   wages, hours, and wages rates to which the Merchandisers were entitled, and the

2   Merchandisers were paid less than the wages and wage rates to which they were

3   entitled.

4       41.   The Merchandisers are entitled to the amounts provided for in Labor

5   Code section 226(e), plus costs and attorneys' fees.

6

7                    **MERCHANDISER CLASS ACTION ALLEGATIONS**

8       42.   This action is brought under Federal Rule of Civil Procedure 23, on

9   behalf of the class of all persons similarly situated who are further specified in the

10  class definition below.

11      43.   The proposed Merchandiser Class, sometimes referred to herein as

12  the "Merchandiser Class Members," or the "Merchandiser Class," presently

13  consists of the people identified as follows:

14      **MERCHANDISER CLASS DEFINITION:  All persons employed in**

15      **California, at any time on or after four years before the filing of the**

16      **initial complaint in this action, by defendant ROLLING FRITO-LAY**

17      **SALES, LP, or defendant  FRITO-LAY, INC., or defendant FRITO-**

18      **LAY SALES, INC., or any of the other Defendants, in any job position**

19      **known as "Merchandiser," or in any job position known by any other**

20      **name with duties sufficient similar (for class certification purposes) to**

21      **those of "Merchandiser."  The similar job positions do not include**

22      **Route Sales Representatives or Relief Sales Associates or Route**

23      **Salespersons.**

24      44.   **Numerosity - Fed. Rule of Civil Procedure 23(a)(1):** The class is so

25  numerous that joinder of all members is impracticable.  Although the exact

26  number of Class Members is unknown to plaintiff at this time, on information and

27  belief, it is alleged that it is several hundred people or more.

28

45.     **Ascertainability:** The Class Members are specific people whose identity can easily be ascertained from Defendants' employment and payroll records.

46.     **Commonality - Fed. Rule of Civil Procedure  23(a)(2):** There are questions of law or fact common to the class, including but not limited to those stated in the subparagraph under **"Predominance"** below.

47.     **Typicality - Fed. Rule of Civil Procedure 23(a)(3):** Plaintiff's claims are typical of, or the same as, the claims of the Class Members.  Plaintiff and the other Class Members sustained losses, injuries and damages arising out of Defendants' common policies and/or practices and violations of law referred to in each Claim for Relief, which were applied plaintiff and to the other Class Members . Plaintiff seeks recoveries for the same types of losses, injuries, and damages as were suffered by the other Class Members.

48.     **Adequacy - Fed. Rule of Civil Procedure 23(a)(4):** Plaintiff and plaintiff's attorneys will fairly and adequately protect the interests of the class, and are able and qualified to do so.  The attorneys for Plaintiff and the potential Class are qualified, competent and very experienced in class action litigation, particularly class actions for violations of laws governing wages and hours. Plaintiff is not disqualified by any interests antagonistic to the remainder of the Class.

49.     **Superiority - Fed. Rule of Civil Procedure 23(b)(3):** A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Individual joinder of all Class Members is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to class action analysis,

the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public of adjudication of individual litigation and claims would be very substantial, and substantially more than if the claims are treated as class action. Individual litigation and claims would also present the potential for inconsistent or contradictory results. The issues in this action can be decided by means of common, classwide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50. **Predominance - Fed. Rule of Civil Procedure 23(b)(3):** Common questions of law and fact predominate over any questions affecting only individual members. The common questions of law and fact include, but are not limited to:

a. Did Defendants have and implement a policy and/or practice whereby Defendants failed to pay The Merchandisers overtime wages for their daily overtime hours, i.e. their work time over eight hours in a day?

b. Did Defendants have and implement a policy and/or practice whereby Defendants failed to pay The Merchandisers overtime wages for their weekly overtime hours at the overtime rates required by California law?

c. Were Defendants required to pay The Merchandisers overtime wages for their daily overtime hours, or were The Merchandisers exempt from the overtime wage requirements of California law?

d. Were Defendants required to pay The Merchandisers overtime wages for their weekly overtime hours at the rates required by California law, or were The Merchandisers exempt from the overtime wage requirements of California law?

e.     Do Defendants' policies and/or practices with regard to overtime wages constitute or result in unfair business practices by Defendants within the meaning of the California Unfair Competition Law, Busn. & Prof. Code §§ 17200, *et seq*?

i.     What measures did Defendants take, or fail to take, to assure compliance with the laws governing the timing and amount of payment of final wages upon and/or after the end of the Covered Employees employment (California Labor Code section 203)?

f.     Did Defendants have and implement a policy and/or practice whereby Defendants failed to do what was necessary to relieve the Merchandisers of all duties so that they could take the meal periods to which they were entitled?

g.     Did Defendants have and implement a policy and/or practice of interfering with Merchandisers taking the meal periods to which they were entitled?

h.     Did Defendants have and implement a policy and/or practice whereby Defendants failed to do what was necessary to relieve the Merchandisers of all duties so that they could take the rest periods to which they were entitled?

i.     Did Defendants have and implement a policy and/or practice of interfering with Merchandisers taking the rest periods to which they were entitled?

j.     What information was contained in the standard wage statements (i.e. paystubs) Defendants furnished to Covered Employees?

k.     What were Defendants' policies and/or practices with respect to furnishing or not furnishing to the Covered Employees, upon each payment of wages, **accurate** itemized statements required by California Labor Code section 226.

51.   **Public Policy Considerations**: Defendants and other employers throughout the state violate wage and hour laws.  Their current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Their former employees are fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## II.

## CLAIMS FOR RELIEF ON BEHALF OF THE RELIEF SALES ASSOCIATE CLASS

## FIFTH CLAIM FOR RELIEF

**(On Behalf of the Relief Sales Associate Class Against All Defendants for Failure to Pay Wages at Overtime Rates in Violation of Cal. Lab. Code § 1194)**

52.   Paragraphs 3, 4, 8, 9, 10 and 11 and the RELIEF SALES ASSOCIATE CLASS ACTION ALLEGATIONS below are incorporated here.

53.   As to the RELIEF SALES ASSOCIATES (RSAs):

a.   The Relief Sales Associates were not paid overtime wages for their daily overtime hours.  That is, they were not paid overtime wages for hours over 8 in a day.

b.   Also, The Relief Sales Associates were not paid weekly overtime hours as required by California law.  When they were paid overtime wages for hours over 40 in a week, the overtime wages were not calculated on the basis of a 40 hour week, as required by California law, but

instead were calculated on the "fluctuating workweek" basis used under federal law, but not permitted by California law.

   c.   The Relief Sales Associates were not furnished with accurate itemized wage statement that accurately showed their gross wages earned, net wages earned, all applicable hourly rates in effect during their pay periods, and other information required by class § 226(a). Thus, The Relief Sales Associates are owed the amounts provided for in Labor Code § 226(e).

## THE PARTIES, AND CERTAIN DEFINITIONS

**Plaintiff**

54.   Plaintiff SIDNEY ELLIOTT was employed in California by Defendants for a period of time within the past four years, ending approximately in February, 2011, as a Relief Sales Associate, also referred to as RSA. ("Defendants" are defined below.)

55.   "The Relief Sales Associates " means plaintiff and the other employees and former employees described in the definition of the Relief Sales Associate Class below.


**Defendants**

56.   Defendant ROLLING FRITO-LAY SALES, LP is a limited partnership. On information and belief, it is alleged that defendant FRITO-LAY, INC. and defendant FRITO-LAY SALES, INC. are corporations, and are general partners of defendant ROLLING FRITO-LAY SALES, LP.

   a.   Below, "Frito-Lay" means defendants ROLLING FRITO-LAY SALES, LP, FRITO-LAY, INC., and FRITO-LAY SALES, INC, each of them and both of them.

b.     Below, "Defendants" means defendants ROLLING FRITO-LAY SALES, LP, FRITO-LAY, INC., and FRITO-LAY SALES, INC, and the fictitiously named defendants, each and all of them.

57.     The Relief Sales Associates work times very frequently have been, and continue to be, more than eight hours per day and more than forty hours per week.

58.     Nevertheless, consistent with Defendants' policies and/or practices, Defendants failed and continue to fail to pay The Relief Sales Associates at the overtime rates required by California law for work time exceeding eight hours per day and work time exceeding forty hours per week, **specifically, in the following ways**:

a.     The Relief Sales Associates were not paid overtime wages for their daily overtime hours.  That is, they were not paid overtime wages for hours over 8 in a day.

b.     The Relief Sales Associates were not paid weekly overtime hours as required by California law.  When they were paid overtime wages for hours over 40 in a week, the overtime wages were not calculated on the basis of a 40 hour week, as required by California law, and instead were calculated on the "fluctuating workweek" basis used under federal law, but not permitted by California law.

59.     As a result, Defendants violated the California Labor Code and the applicable Wage Orders of the California Industrial Welfare Commission.

60.     Pursuant to California Labor Code section 1194, The Relief Sales Associates are entitled to recover unpaid overtime wages, interest, attorneys' fees and costs.

61.     Plaintiff and many of the others among The Relief Sales Associates quit or were discharged from their employment, and others will be.

62.     Within the statute of limitations period applicable to this claim for relief, the employment of Plaintiff and many other Relief Sales Associates ended, i.e. was terminated by quitting or discharge, and the employment of others will be. However, Defendants failed, and continue to fail to pay to said employees who have quit or been discharged, without abatement, all wages (as defined by applicable California law) within the time required by Labor Code sections 201 and 202.  Among other things, these employees were never paid any of the unpaid and underpaid overtime compensation referred to in this complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.  Therefore, as additional relief and continuation wages for failure to pay overtime wages, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of 30 days' wages for each employee.  Because none of said employees were ever paid the unpaid and underpaid overtime to which they were entitled, each of said employees is entitled to 30 days' additional wages.

63.     Defendants are also liable to plaintiff and the Class Members for the civil penalties provided for in Labor Code § 558, because of the violations alleged in this Claim for Relief.

## SIXTH CLAIM FOR RELIEF

**(On Behalf of the Relief Sales Associate Class Against All Defendants for Violation of the California Unfair Competition Law, Cal. Busn. & Prof. Code §§17200 *et seq.*)**

64.     Paragraphs 52 through 63 , and the RELIEF SALES ASSOCIATE CLASS ACTION ALLEGATIONS below, are incorporated here.

65.     The Relief Sales Associates' work times very frequently have been and continue to be more than eight hours per day and more than forty hours per week.

66.     Nevertheless, consistent with Defendants' policies and/or practices, Defendants failed and continue to fail to pay The Relief Sales Associates at the overtime rates required by California law for work time exceeding work time exceeding eight hours per day and work time exceeding forty hours per week.

67.     Defendants regularly violated their meal period and rest period obligations.  Among other things, Defendants failed to do what was necessary to see to it that The Relief Sales Associates were actually relieved of all duties in order to take the required rest periods and meal periods, and instead required so much work to be performed by the Relief Sales Associates in the allotted time so that the work interfered with the required meal and rest periods.

68.     As a result, Defendants violated the California Labor Code and the applicable Wage Orders of the California Industrial Welfare Commission.

69.     Defendants' conduct described above constitutes unlawful business acts and  practices in violation of Business & Professions Code sections 17200 *et seq.*

70.     Pursuant to Business and Professions Code sections 17200 *et seq.*, The Relief Sales Associates are entitled to restitution for at least the following: restitution for the unpaid overtime wages.

71.     The Relief Sales Associates are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

72.     Defendants are also liable to pay attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

Complaint

## SEVENTH CLAIM FOR RELIEF

**(On Behalf of the Relief Sales Associate Class Against All Defendants for**

**Failure to Furnish Itemized Statements, in Violation of Cal. Lab. Code § 226)**

73.    Paragraphs 3, 4, 8, 9, 10 and 11 the RELIEF SALES ASSOCIATE

CLASS ACTION ALLEGATIONS below, are incorporated here.

74.    At all times, Labor Code section 226(a) has provided:

"Every employer shall, semimonthly or at the time of each payment of

wages, furnish each of his or her employees, either as a detachable part of

the check, draft, or voucher paying the employee's wages, or separately

when wages are paid by personal check or cash, an accurate itemized

statement in writing showing (1) gross wages earned, (2) total hours worked

by the employee, except for any employee whose compensation is solely

based on a salary and who is exempt from payment of overtime under

subdivision (a) of Section 515 or any applicable order of the Industrial

Welfare Commission, (3) the number of piece-rate units earned and any

applicable piece rate if the employee is paid on a piece-rate basis, (4) all

deductions, provided that all deductions made on written orders of the

employee may be aggregated and shown as one item, (5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid, (7) the

name of the employee and his or her social security number, except that by

January 1, 2008, only the last four digits of his or her social security number

or an employee identification number other than a social security number

may be shown on the itemized statement, (8) the name and address of the

legal entity that is the employer, and (9) all applicable hourly rates in effect

during the pay period and the corresponding number of hours worked at

each hourly rate by the employee."

75.    Nevertheless, Defendants failed to furnish The Relief Sales

Associates with accurate itemized wage statement that accurately showed their

gross wages earned, net wages earned, all applicable hourly rates in effect during their pay periods, and other information required by Section 226(a). Defendants knowingly and intentionally failed to do so. As a result of these violations of Section 226(a), The Relief Sales Associates suffered injury because, among other things: (a) the violations led them to believe that they were not entitled to be paid daily overtime, even though they were entitled; (b) the violations led them to believe that they had been paid the overtime to which they were entitled, even though they had not been; (c) the violations led them to believe they were not entitled to be paid overtime at the correct California rate even though they were; (d) the violations led them to believe had been paid overtime at the correct California rate even though they had not been; (e) the violations hindered them from determining the amounts of overtime wages owed to them; (f) in connection with their employment before and during this action, and in connection with prosecuting this action, the violations cased them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information; (g) by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits; (h) the wage statements inaccurately understated the wages, hours, and wages rates to which the Relief Sales Associates were entitled, and the Relief Sales Associates were paid less than the wages and wage rates to which they were entitled.

76.     The Relief Sales Associates are entitled to the amounts provided for in Labor Code section 226(e), plus costs and attorneys' fees.

## RELIEF SALES ASSOCIATE CLASS ACTION ALLEGATIONS

77.    This action is brought under Federal Rule of Civil Procedure 23, on behalf of the class of all persons similarly situated who are further specified in the class definition below.

78.    The proposed class, sometimes referred to herein as the "Class Members," or the "Class," presently consists of the people identified as follows:

**CLASS DEFINITION:  All persons employed in California, at any time on or after four years before the filing of the initial complaint in this action, by defendant ROLLING FRITO-LAY SALES, LP, or defendant FRITO-LAY, INC., or defendant FRITO-LAY SALES, INC., or any of the other Defendants, in any job position known as "Relief Sales Associate," also known as "RSA"or in any job position known by any other name with duties sufficient similar (for class certification purposes) to those of Relief Sales Associate.   The similar job positions do not include Merchandisers or Route Sales Representatives or Route Salespersons.**

79.    **Numerosity - Fed. Rule of Civil Procedure 23(a)(1):** The class is so numerous that joinder of all members is impracticable.  Although the exact number of Class Members is unknown to plaintiff at this time, on information and belief, it is alleged that it is several hundred people or more.

80.    **Ascertainability:** The Class Members are specific people whose identity can easily be ascertained from Defendants' employment and payroll records.

81.    **Commonality - Fed. Rule of Civil Procedure  23(a)(2):** There are questions of law or fact common to the class, including but not limited to those stated in the subparagraph under **"Predominance"** below.

82.    **Typicality - Fed. Rule of Civil Procedure 23(a)(3):** Plaintiff's claims are typical of, or the same as, the claims of the Class Members.  Plaintiff

1   and the other Class Members sustained losses, injuries and damages arising out of

2   Defendants' common policies and/or practices and violations of law referred to in

3   each Claim for Relief, which were applied plaintiff and to the other Class

4   Members. Plaintiff seeks recoveries for the same types of losses, injuries, and

5   damages as were suffered by the other Class Members.

6       83.   **Adequacy - Fed. Rule of Civil Procedure 23(a)(4)**: Plaintiff and

7   plaintiff's attorneys will fairly and adequately protect the interests of the class, and

8   are able and qualified to do so. The attorneys for Plaintiff and the potential Class

9   are qualified, competent and very experienced in class action litigation,

10  particularly class actions for violations of laws governing wages and hours.

11  Plaintiff is not disqualified by any interests antagonistic to the remainder of the

12  Class.

13      84.   **Superiority - Fed. Rule of Civil Procedure 23(b)(3):** A class action

14  is superior to other available methods for fairly and efficiently adjudicating the

15  controversy. Individual joinder of all Class Members is impractical. Class action

16  treatment will permit a large number of similarly situated persons to prosecute

17  their common claims in a single forum simultaneously, efficiently, and without the

18  unnecessary duplication of effort and expense that numerous individual actions

19  engender. Also, because the losses, injuries and damages suffered by each of the

20  individual Class Members are small in the sense pertinent to class action analysis,

21  the expenses and burden of individual litigation would make it extremely difficult

22  or impossible for the individual Class Members to redress the wrongs done to

23  them. On the other hand, important public interests will be served by addressing

24  the matter as a class action. The cost to the court system and the public of

25  adjudication of individual litigation and claims would be very substantial, and

26  substantially more than if the claims are treated as class action. Individual

27  litigation and claims would also present the potential for inconsistent or

28  contradictory results. The issues in this action can be decided by means of

common, classwide proof.  In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

85.  **Predominance - Fed. Rule of Civil Procedure 23(b)(3):** Common questions of law and fact predominate over any questions affecting only individual members.  The common questions of law and fact include, but are not limited to:

a.  Did Defendants have and implement a policy and/or practice whereby Defendants failed to pay The Relief Sales Associates overtime wages for their daily overtime hours, i.e. their work time over eight hours in a day?

b.  Did Defendants have and implement a policy and/or practice whereby Defendants failed to pay The Relief Sales Associates overtime wages for their weekly overtime hours at the overtime rates required by California law?

c.  Were Defendants required to pay The Relief Sales Associates overtime wages for their daily overtime hours, or were The Relief Sales Associates exempt from the overtime wage requirements of California law?

d.  Were Defendants required to pay The Relief Sales Associates overtime wages for their weekly overtime hours at the rates required by California law, or were The Relief Sales Associates exempt from the overtime wage requirements of California law?

e.  Do Defendants' policies and/or practices with regard to overtime wages constitute or result in unfair business practices by Defendants within the meaning of the California Unfair Competition Law, Busn. & Prof. Code §§ 17200, *et seq*?

i.  What measures did Defendants take, or fail to take, to assure compliance with the laws governing the timing and amount of payment of final wages upon and/or after the end of the Covered Employees employment (California Labor Code section 203)?

f.      What information was contained in the standard wage statements (i.e. paystubs) Defendants furnished to Covered Employees?

g.      What were Defendants' policies and/or practices with respect to furnishing or not furnishing to the Covered Employees, upon each payment of wages, **accurate** itemized statements required by California Labor Code section 226.

86.     **Public Policy Considerations**: Defendants and other employers throughout the state violate wage and hour laws.  Their current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Their former employees are fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

### PRAYER

WHEREFORE, Plaintiff prays judgment for plaintiff and all others on whose behalf this suit is brought, against Defendants, jointly and severally, as follows:

### I.      FOR THE MERCHANDISER CLASS

a.      For such general, special and liquidated damages as may be appropriate, including all damages alleged above,

b.      For unpaid wages at overtime rates for all overtime work.

c.      For amounts under Labor Code § 203 for all Class Members no longer in Defendants' employ at the time of judgment.

d.      meal period and rest period

e.      For the amounts provided for in Labor Code § 226(b).

Complaint

1       f.      For restitution as described in the Claim for Relief under Business. &

2   Prof. Code §§17200 *et. seq.* above.

3       g.      For pre-judgement interest.

4       h.      For permanent injunctive and declaratory relief described in the

5   Claim for Relief under Business. & Prof. Code §§17200 *et. seq.* above.

6       i.      Totaling more than $5 million.

7       j.      For such other relief as the Court deems just and proper.

8

9   **II.    FOR THE RELIEF SALES ASSOCIATE CLASS**

10      k.      For such general, special and liquidated damages as may be

11  appropriate, including all damages alleged above,

12      l.      For unpaid wages at overtime rates for all overtime work.

13      m.      For amounts under Labor Code § 203 for all Class Members no

14  longer in Defendants' employ at the time of judgment.

15      n.      For the amounts provided for in Labor Code § 226(b).

16      o.      For restitution as described in the Claim for Relief under Business. &

17  Prof. Code §§17200 *et. seq.* above.

18      p.      For pre-judgement interest.

19      q.      For permanent injunctive and declaratory relief described in the

20  Claim for Relief under Business. & Prof. Code §§17200 *et. seq.* above.

21      r.      Totaling more than $5 million.

22      s.      For such other relief as the Court deems just and proper.

23  November 8, 2011                Gigliotti & Gigliotti
24                                    Spiro Moss LLP

25

26                                    Ira Spiro, Attorneys for Plaintiffs

27

28

Complaint

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury for plaintiff and all the Class Members on all

issues so triable.

November 8, 2011

                               Gigliotti & Gigliotti
                               Spiro Moss LLP

                               Ira Spiro, Attorneys for Plaintiff

Complaint