SPIRO LAW CORP.

1 | Ira Spiro, State Bar No. 67641
ira@spirolawcorp.com
2 | Jennifer L. Connor, State Bar No. 241480
jennifer@spirolawcorp.com
3 | **SPIRO LAW CORP.**
11377 West Olympic Boulevard, 5th Floor
4 | Los Angeles, California 90064
Telephone:  310-235-2350
5 | Fax:          310-235-2351

6 | Joseph J. Gigliotti, State Bar No. 144979
gigliottilaw@msn.com
7 | **GIGLIOTTI & GIGLIOTTI, LLP**
26501 Rancho Parkway South, Ste. 101
8 | Lake Forest, California 92630
Telephone: 949-305-8202
9 | Fax:          949-305-8239

10 | Attorneys for Plaintiff SIDNEY ELLIOTT
and the putative Plaintiff Class

11 |

12 | **UNITED STATES DISTRICT COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA**

14 |

| | |
|---|---|
| SIDNEY ELLIOTT, individually, and on behalf of all others similarly situated, | Case No. SA CV11-1730 DOC (ANx) |
| Plaintiff, | CLASS ACTION |
| v. | **AMENDED DECLARATION OF JENNIFER L. CONNOR IN SUPPORT OF PLAINTIFF'S REVISED MOTION FOR PRELIMINARY OF CLASS ACTION SETTLEMENT** |
| ROLLING FRITO-LAY SALES, LP, FRITO LAY, INC., FRITO-LAY SALES, INC., and DOES 1-10, inclusive, | [Revised Motion; Declarations Of S. Elliott and J. Gigliotti; and [Proposed] Order filed concurrently herewith] |
| Defendants. | Hearing:<br>Date:      December 23, 2013<br>Time:      8:30 a.m.<br>Crtrm:    9-D |
| | Date Action Filed: November 9, 2011<br>Trial Date: August 16, 2014 |

SPIRO LAW CORP.

## DECLARATION OF JENNIFER L. CONNOR

I, Jennifer L. Connor, declare as follows:

1.     I am an attorney admitted to the Bar of the State of California and the United States District Court, Central District of California.  I am an attorney at the law office of Spiro Law Corp., counsel for Plaintiff Sidney Elliott in this matter.  I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently thereto.

2.     This Amended Declaration is submitted in support of Plaintiff's Revised Motion For Preliminary Approval of Class Action Settlement and Certification Of Settlement Class.

3.     On October 28, 2013, Plaintiff filed his Motion For Preliminary Approval Of Class Action Settlement and Certification Of Settlement Class [D.E. 44], including supporting declaration of Jennifer L. Connor [D.E. 44-2], notwithstanding that they had only an unsigned version of the proposed settlement because the Parties had not received ruling from the Court regarding their request to continue the filing deadline.  Thus, Plaintiff filed moving papers, but attached an unsigned version of the Stipulation And Settlement Of Class Action Claims [D.E. 44-3], as a precautionary measure.  On October 30, 2013, the Parties' request was granted and extending the deadline to file to November 11, 2013.  Accordingly, this Amended Declaration is submitted in support of the concurrently filed Plaintiff's (Revised) Motion For Preliminary Approval, along with further supporting documents thereto, including a fully-executed version of the Stipulation And Settlement Of Class Action Claims ("Settlement Agreement") for which Plaintiff seeks preliminary approval, attached at Exhibit "1" hereto.

SPIRO LAW CORP.

1    4.    On November 09, 2011, Plaintiff Sidney Elliott ("Plaintiff") filed a

2   putative class action complaint against Defendants Rolling Frito-Lay Sales, LP,

3   Frito Lay, Inc., and Frito Lay Sales, Inc. ("Defendants" or "Frito-Lay") in this

4   Court. Legally, this litigation arises from certain business practices of Frito-Lay

5   that Plaintiff alleges violate California wage and hour laws with respect to Route

6   Sales Associate ("RSA") employees, on the one hand, and Merchandiser/Detailer

7   employees, on the other hand.  On behalf of RSAs, Plaintiff alleges that Frito-Lay

8   calculates overtime pay owed to employees using an illegal fluctuating workweek

9   rather than California's mandated forty hours workweek. On behalf of

10   Merchandisers and Detailers, Plaintiff alleged that Frito-Lay failed properly pay

11   overtime for all hours worked and failed to provide duty-free meal and rest breaks.

12   Lastly, Plaintiff alleges that Frito-Lay is liable to RSAs, Merchandisers, and

13   Detailers on derivative claims for failing to provide accurate itemized wage

14   statements, failing to pay all monies owed to employees who have separated

15   employment within the statutory period, along with violation of California's unfair

16   competition law.  Accordingly, the original Complaint alleged causes of action

17   arising from violations of, including but not limited to: Labor Code §§ 1194, 558,

18   226.7, 226, 201-203, and Unfair Business Practices §17200 et seq.

19    5.    Defendants deny any wrongdoing or legal liability with regard to

20   any and all of the claims raised in this litigation and assert a variety of

21   affirmative defenses.  Defendants deny that putative Class Members suffered

22   damages; that Defendants improperly calculated and paid putative Class

23   Members for all wages owed, including overtime; that Defendants failed to

24   provide meal and rest periods; that Defendants provided putative Class

25   Members with inaccurate wage statements; that Defendants failed to timely

26   pay all wages due at termination; that Defendants engaged in any unlawful,

27   unfair, or fraudulent business practices; that Defendants engaged in any other

28

2

**AMENDED DECLARATION OF JENNIFER L. CONNOR IN SUPPORT OF PLAINTIFF'S (REVISED)
MOTION FOR PRELIMINARY OF CLASS ACTION SETTLEMENT; CASE NO. 11-CV-1730**

1 wrongful conduct alleged. Specifically, Defendants claimed that Plaintiff and
2 other RSAs are exempt from overtime pay by reason of, including but not
3 limited to, the California Motor Carrier Act, and thus any overtime they did
4 receive could be paid at any rate and via any method of calculation.
5 Defendants further argue that they should not be liable to Plaintiff and other
6 Merchandisers/Detailers for unreported work, that such work was voluntarily
7 performed contrary to Defendants' policies, and that the meal and rest break
8 claims cannot be certified post-*Brinker*. Finally, Defendants argue that
9 Plaintiff will be unable to prevail in an individual capacity, much less certify
10 any of his claims on a class-wide basis.

11       6.    After two years of prosecuting this litigation, Plaintiff reached a
12 proposed class action settlement with Defendants. Prior to reaching the
13 settlement, the Parties exchanged multiple sets of written requests for
14 discovery, including: Initial Disclosures pursuant to Federal Rule of Civil
15 Procedure Rule 26(a); Plaintiff propounded and Defendants responded to a
16 First and Second Set of Special Interrogatories and First and Second Set of
17 Requests For Production of Documents; and Defendants propounded and the
18 Named Plaintiff responded to a First Set of Requests for Production of
19 Documents.

20       7.    The Parties also produced over nine thousand two hundred (9,200)
21 pages of documents, personnel files, wage statements, time records, employment
22 policies, exchanged spreadsheet data containing over one half million rows of
23 sales data, fleet asset information, and route types.

24       8.    The Parties also took four (4) depositions – three FRCP Rule
25 30(b)(6) depositions of Defendants' Person Most Knowledgeable on forty-four
26 (44) separate topics and the full-day deposition of Plaintiff.

27

28

SPIRO LAW CORP.

AMENDED DECLARATION OF JENNIFER L. CONNOR IN SUPPORT OF PLAINTIFF'S (REVISED)
MOTION FOR PRELIMINARY OF CLASS ACTION SETTLEMENT; CASE NO. 11-CV-1730

SPIRO LAW CORP.

1        9.    Moreover, the Parties mailed *Belaire-West* privacy opt-out notices

2    via a third-party administrator, Simpluris, to 1,790 putative class members,

3    engaged in informal investigation and surveys, researched applicable law, and

4    analyzed damages.

5        10.    Prior to mediation, Defendants provided updated data regarding

6    head count and number of former Merchandisers, Detailers, and RSA employees,

7    average hourly rates, average hours worked, and total workweeks. Defendants

8    also provided two sources of information by which Plaintiff could attempt to

9    quantify the amount of time RSAs spent engaged in "regulated" versus "non-

10   regulated" driving activity – a Route Spreadsheet (demonstrating the types and

11   number of routes run out of each location and the type of truck) and a Fleet Asset

12   Spreadsheet (listing the trucks in California by number and indicating whether

13   they are greater than or equal to 10,000 lbs). Plaintiff also received a sampling

14   of time records produced by Defendants for employees who worked as

15   Merchandisers, Detailers, and RSA employees from locations throughout

16   California. From this information, Plaintiff was able to ascertain the dollar value

17   shortage between unpaid wages due to VROT application versus California

18   overtime calculations and applied those figures based on the factual and legal

19   likelihood that RSA employees could be claimed exempt from overtime laws.

20   Similarly, Plaintiff was able to review time records and conduct informal surveys

21   to assess the extent of meal and rest period violations pertaining to Merchandiser

22   and Detailer employees. Plaintiff also had sufficient data to factor in damages

23   and penalties attributable to alleged derivative claims.

24       11.    As the parties approached the time for briefing class certification,

25   they recognized that substantial efforts and party resources were about to be

26   undertaken, and coupled with the risks attendant with litigation, the Parties

27   instituted settlement negotiations.

28

4

**AMENDED DECLARATION OF JENNIFER L. CONNOR IN SUPPORT OF PLAINTIFF'S (REVISED)
MOTION FOR PRELIMINARY OF CLASS ACTION SETTLEMENT; CASE NO. 11-CV-1730**

1        12.    On July 25, 2013, the parties attended a full day of mediation in Los

2    Angeles, California before experienced mediator, Mark S. Rudy, Esq., of Rudy,

3    Exelrod, Zieff & Lowe.  With the assistance of Mr. Rudy, the Parties reached

4    agreement, subject to approval by the Court, to the Settlement in this action.  In

5    the weeks following the mediation, the Parties continued additional direct

6    negotiations between counsel that became the template for the Parties' long-form

7    Settlement Agreement.

8        13.    The proposed settlement was reached through adversarial, non-

9    collusive, and arm's-length bargaining following substantial discovery.

10   Settlement came only after Plaintiff conducted a sufficient amount of

11   investigation and analysis to allow Plaintiff and the Court to act intelligently.

12   Plaintiff's counsel balanced the terms of the proposed settlement against the

13   possible outcomes of liability and range of recovery issues at trial, the risks of

14   trial, affirmative defenses, difficulties of potentially complex litigation,

15   lengthy process of establishing specific damages, the wide range of individual

16   damage amounts, and the various possible delays and appeals.

17       14.    In short, the proposed Settlement provides:

18       A.    Defendants shall make available for payment a sum equal to

19       $1,600,000.00 ("Settlement Fund Amount") to settle all claims of

20       Plaintiff, Class Members, and Class Counsel.  The parties agree that

21       Plaintiff will request, and Defendant will not oppose: a request for

22       attorneys' fees to Class Counsel up to $480,000 (or 30% of the

23       Settlement Fund) and actual costs up to $25,000; class representative

24       and enhancement award up to $15,000; payment of $5,000 to the Labor

25       & Workforce Development Agency pursuant to PAGA (of which 75%,

26       or $3,750 will be paid to the LWDA, and 25% of which will be paid to

27       the Settlement Class Members) and the Labor Code Private Attorneys

28

SPIRO LAW CORP.

5

1    General Act; and reasonable costs to the Claims Administrator for

2    administration expenses, estimated at approx. $45,000.

3    B.    It is expected that, after deducting the amounts itemized above, the

4          remaining net settlement funds of approximately $1,031,250

5    ("Payout    Fund") will be available for distribution to Settlement Class

6    Members.    The Settlement requires Settlement Class Members to send

7    claims to the Administrator in order to be paid.  Each Settlement Class

8    Member's   Claim Amount shall be determined by a point system,

9    whereby each Settlement Class Member is awarded a value for each

10   workweek of active employment worked during the Class Period, with

11   different positions covered by this settlement awarded different point

12   values based on the strength of the claims raised.  Each Class Member's

13   individual Weighted Work Week Value will then be divided by the total

14   number of Work Weeks for all Class Members, and the resulting fraction

15   then multiplied by the Payout Fund amount.  Although putative Class

16   Members must submit a Claim Form in order to receive payment, *the*

17   *entire Payout Fund will be paid out to Settlement Class Members.*

18   C.    The proposed Class(es) for certification, will include individual

19   which collectively will be known as "Class Members" who meet the

20   following criteria:

21        **Route Sales Associate Class:**    All present and former
22        hourly employees of Defendants Rolling Frito-Lay Sales,
          LP, Frito-Lay, Inc., and Frito-Lay Sales, Inc. ("Frito-Lay")
23        who are or were employed in California in the job position
          of Route Sales Associate, RSR Associate, RSR Sales
24        Specialist, RSR Specialist, Sales Trainee and/or RSR
25        Trainee at any time during the Class Period.

26        **Merchandiser Class:**    All present and former hourly
27        employees of Defendants Rolling Frito-Lay Sales, LP, Frito-
          Lay, Inc., and Frito-Lay Sales, Inc. ("Frito-Lay") who are or

28

SPIRO LAW CORP.

SPIRO LAW CORP.

were employed in California in the job position of Merchandiser or Sales Merchandiser at any time during the Class Period.

**Detailer Class:** All present and former hourly employees of Defendants Rolling Frito-Lay Sales, LP, Frito-Lay, Inc., and Frito-Lay Sales, Inc. ("Frito-Lay") who are or were employed in California in the job position of Detailer at any time during the Class Period.

The Class Period applicable to each of the proposed Class(es) runs from between November 9, 2007 and the latest of: (i) the date ending sixty (60) days after execution of this MOU; (ii) December 31, 2013; or (iii) the date the Court grants Preliminary Approval ("Class Period"). Each Class Member who has not timely and validly opted out of this Settlement will be deemed a "Class Member." Additionally, "Settlement Class Member" means each every Class Member who timely submits a valid Claim Form/FLSA Consent Form.

D.   For estimate purposes only, a *pro rata* individual distribution of the estimated Payout Fund Amount of $1,031,250 to 4,113 putative Plaintiffs, assuming a 100% full Claims Rate, would yield approximately $250.00 per Settlement Class Member. As stated above, actual distribution is based on the weighted workweeks of that participating Settlement Class Member. The Settlement Class Member's Claim Amount will be determined by a point system such that each week will have a multiplier based on the Qualified Position worked and the associated claims – *e.g.*, the RSA Position will receive a multiplier of 5; the Merchandiser Position will receive a multiplier of 2; the Detailer Position will receive a multiplier of 1. Each Settlement Class Member's individual weighted work week value will then be divided by the total number of Work Weeks for all putative Class Members, and the

1    resulting fraction then multiplied by the Payout Fund Amount.  None
2    of the monies of the Payout Fund Amount will revert to Defendants.

3    A true and correct copy of the Stipulation And Settlement Of Class Action
4    Claims ("Settlement Agreement") for which Plaintiff seeks preliminary
5    approval is attached at Exhibit "1" hereto.

6        15.   Plaintiff and his counsel concluded that the agreed upon proposed
7    settlement was reasonable.  Risk factors that Plaintiff considered included the
8    cost of protracted litigation, the uncertainty of class certification, and trial.
9    Using information, formally and informally produced data, and independent
10   analysis of applicable law, Plaintiff's counsel diligently investigated the claims
11   of putative Class Members.   Plaintiff and Class Counsel concluded, after
12   taking into account the disputed factual and legal issues involved in this case,
13   the risks attendant to further prosecution, including risks related to the
14   outcome of a contested motion for class certification, and the substantial
15   benefits to be received pursuant to the compromise and settlement of the case
16   as set forth in the Settlement, that settlement on the terms agreed to are in the
17   best interest of Plaintiff and the putative Class Members.

18       16.   Absent this Settlement, Plaintiff would face challenging hurdles
19   factually and legally.  This is especially true because this lawsuit raises *novel*
20   *issues regarding California's MCA exemption* in the context of this case.
21   Under California's applicable <u>Wage Order</u> 9-2001, Section 3, it states, in
22   pertinent part that:

23       (L)   "The provisions of this section [California overtime] are not
24             applicable to employee whose hours of service are regulated by:

25       (1)   The United States Department of Transportation Code of Federal
26             Regulations, Title 49, Sections 395.1 to 395.13, Hours of Service
             of Drivers, or;

27       (2)   Title 13 of the California Code of Regulations, subchapter 6.5,
28

SPIRO LAW CORP.

1    Section 1200 and the following sections, regulating hours of
2    drivers.

3    The federal counterpart to California's MCA exemption applies to employees
4    who participate in activities "affecting highway safety including transportation
5    of goods in interstate commerce." 49 U.S.C. § 31502. Although RSAs do not
6    drive across state lines in the course of their duties, it is disputed whether or
7    not the Frito-Lay goods that RSAs deliver travel in interstate commerce.
8    Defendants raise and cite to a district court of Texas case, *Billings v. Rolling*
9    *Frito-Lay Sales, L.P.* (S.D. Tex. 2005) 413 F. Supp. 2d 817, that held that
10   Frito-Lay's product ordering system met all the requirements of interstate
11   commerce.  Defendants argue that because the product ordering system is
12   substantially the same in California the criteria for interstate commerce is met.
13   Plaintiff distinguishes *Billings* by virtue of the fact that it measured delivery of
14   products by RSRs – not RSAs.[1]  While *Billings* may not be determinative,
15   Plaintiff must recognize that it may be persuasive in undermining his
16   arguments against interstate commerce.

17        17.    Another highly-contested and unchartered area includes the legal
18   and factual quandaries of Frito-Lay's use of a hybrid fleet of truck sizes and
19   weights. Frito-Lay operates trucks ranging in size from under 10,000 lbs. to
20   over 26,000 lbs. in gross vehicle weight (referred to as a "hybrid fleet").
21   Moreover, RSAs are not assigned routes, but rather provide coverage for
22   absent RSRs and are exposed to the panoply of vehicles – some of which meet
23   weight threshold requirements and some of which do not. Plaintiff points out

---

[1]   Plaintiff contends that this distinction is problematic in light of recent
decisional authority requiring evidence of the proportion of interstate
commerce actually delivered by the class members themselves, *see, Veliz v.
Cintas Corp.*, (N.D. Cal. 2009) 2009 WL 1107702, and which is not explicitly
tracked for RSAs.

9

SPIRO LAW CORP.

1   that, under the federal MCA and in the hybrid-fleet context, employees are

2   "non-exempt in those workweeks where work is also performed on a vehicle

3   that weighs 10,000 pounds or less (small vehicle); otherwise a presumptive 4-

4   month exemption rule applies." *See*, <u>U.S. DOL., Wage and Hour Division Fact</u>

5   <u>Sheet</u> # 19; Dept. of Labor's Field Assistance Bulletin No. 2010-2 ("Bulletin")

6   dated November 4, 2010.    Thus, Plaintiff contends RSAs are entitled to

7   overtime compensation provided that they worked for, at least part of the

8   week, on vehicles weighing less than 10,000 pounds. *See, e.g. Hernandez v.*

9   *Alpine Logistics, LLC*, (W.D.N.Y. 2011) 2011 WL 3800031; *Garza v. Smith*

10  *Intern. Inc.*, (S.D. Tex. 2011) 2011 WL 835820, *3.

11       18.    Problematic, however, is that it is an issue of first impression as to

12  whether California adopts the exception (or something comparable) to the

13  federal MCA version that accounts for a hybrid-fleet. Frito-Lay contends that

14  California likely does not incorporate the federal weight requirement

15  (including the hybrid fleet analysis) based on the case of *Cerutti v. Frito-Lay,*

16  *Inc.*, (W.D. Pa. 2011) 777 F.Supp.2d 920.    In *Cerutti*, a Pennsylvania court

17  refused to read the federal Motor Carrier Act exemption into the Pennsylvania

18  state Motor Carrier Exemption.    *Id.* at 941-942 (stating "To the extent the

19  Pennsylvania legislature intends the PMCE to follow the FMCE, the

20  Pennsylvania legislature must change Pennsylvania law to include the

21  provisions of § 306(a) of the TCA.    This court cannot do so.").    This legal

22  issue has never been decided – one way or the other – by any California court.

23       19.    Moreover, the need to examine the truck weights by workweek

24  arguably threatens commonality arguments for class certification. Defendants

25  point out that, if a weight requirement exists, it begs the question of, for any

26  given week, whether an RSA is driving a large or small truck?    Defendants

27  contend that whether and when the California Motor Carrier Exemption

28

SPIRO LAW CORP.

1  applied to each individual RSA would devolve into hundreds of mini-trials

2  rendering the matter unsuitable for class treatment. Plaintiff counters that

3  truck information is available through Frito-Lay records such that an

4  appropriate methodology can be relied for class treatment. Based on the

5  foregoing, the legal uncertainty of California's MCA exemption must be

6  acknowledged and that the RSA employees' claims are apt to be subject to

7  legal challenges in an unsettled area that may result in appellate review.

8      20. With respect to the meal and rest break claims, Plaintiff would

9  face the legal hurdle of the post-*Brinker* progeny of cases and, the factual

10  hurdle that Plaintiff and other employees recorded breaks despite having not

11  taken them. Plaintiff filed this lawsuit prior to the issuance of the California

12  Supreme Court's ruling in *Brinker v. Superior Court* (2012) 53 Cal.4th 1004

13  ("*Brinker*") setting forth the "provide" standard. Here, Plaintiff does not

14  contest the legality of Frito-Lay's written policies, but rather asserts that

15  Defendants' scheduling practices and workload demands fail to permit

16  employees a reasonable opportunity to take uninterrupted breaks. Plaintiff's

17  experience was that he had so many customer stores and strict time constraints

18  in which to service those stores that it was "near impossible" to take a meal

19  period. If Plaintiff took one, it would be, for example, while driving to the

20  next store location. Problematic, however, is that Plaintiff and other putative

21  class members recorded on their time sheets that they took meal breaks even

22  when, in fact, they worked through them. This creates an evidentiary obstacle

23  for Plaintiff for purposes of certification and liability because time records

24  tend to demonstrate how frequently breaks are "short," "late," or "missed" –

25  with the Parties usually proposing their respective and disparate explanations

26  of why. Here, time records are not reliable indicators because Plaintiff and

27  other putative class members recorded having taken meal breaks which were

28

SPIRO LAW CORP.

AMENDED DECLARATION OF JENNIFER L. CONNOR IN SUPPORT OF PLAINTIFF'S (REVISED)
MOTION FOR PRELIMINARY OF CLASS ACTION SETTLEMENT; CASE NO. 11-CV-1730

never provided. Thus, in addition to raising meal and rest break claims post-*Brinker*, there is an additional evidentiary hurdle much akin to those faced in off-the-clock work cases.

21. The Settlement is the product of arm's-length negotiations between the parties. In light of the uncertainties of protracted litigation and the state of the law regarding the legal positions of the parties, the settlement amount reflects the best feasible recovery for the Class Members. The settlement amount is, of course, a compromise figure, affected, in part, by the relative early stage of litigation in this class action. By necessity it took into account risks related to liability, damages, and all the defenses asserted by Defendant. Moreover, each putative Class Member will be given the opportunity to opt-out of the Settlement, allowing those who believe they have claims that are greater than the benefits they can receive under this Agreement, to pursue their own claims.

22. The Settlement provides substantial benefits to all Class Members by making a $1,600,000 Settlement Fund available to Class Members with a guaranteed non-reversionary Payout Fund. Assuming that a Payout Fund Amount of $1,031,250[2] is available (after deductions of attorneys' fees and costs awards, class representative incentive award, payment to the LWDA and costs for administration) distribution to an estimated 4,113 putative Class Members, assuming a maximum 100% Claims Rate and *pro rata* by individual Settlement Class Member would result in approximately $250 for each Settlement Class Member. This individual *pro rata* calculation is provided for estimation purposes only.

23. As previously stated, the actual distribution is based on the

_____

[2] $1,600,000 (-$480,000, -$25,000, -$15,000, -$3,750, -$45,000) = $1,031,250.

SPIRO LAW CORP.

SPIRO LAW CORP.

weighted workweeks of that participating Settlement Class Member. The Settlement Class Member's Claim Amount will be determined by a point system such that each week will have a multiplier based on the Qualified Position worked and the associated claims – *e.g.*, the RSA Position will receive a multiplier of 5; the Merchandiser Position will receive a multiplier of 2; the Detailer Position will receive a multiplier of 1. Each Settlement Class Member's individual weighted work week value will then be divided by the total number of Work Weeks for all putative Class Members, and the resulting fraction then multiplied by the Payout Fund Amount.

24. For example and to demonstrate calculation of awards under the Settlement, hypothetically, a Merchandiser who worked 365 days would be eligible for 52 weeks, multiplied by a Distribution Factor of 2, or 104 Weighted Workweeks. If a Payout Fund was $1,000,000.00 and the Total Weighted Workweeks for all putative Class Members was 500,000 workweeks, this would result in a $2.00 provisional per workweek amount. That Merchandiser would be eligible for $2.00 for 104 weighted workweeks, or $208.00. This would be that individual putative Class Member's Provisional Settlement Amount.

25. Significantly, none of the monies of the Payout Fund Amount will revert to Defendants. To the extent any of the Provisional Settlement Amounts are unclaimed because putative Class Members: (1) could not be located after various agreed upon NCOA/re-mailing/etc. efforts; (2) submitted a valid and timely request for exclusion; and/or (3) failed to submit a valid and timely Claim Form – such amounts are "Remaining Funds" in the Payout Fund. The Remaining Funds shall be distributed to Settlement Class Members who made valid claims on a proportional basis by taking the Remaining Funds and dividing it by the total of all Settlement Class Members Weighted Work Week

figures to arrive at an Additional Award amount. Each Settlement Class Member will then receive an Additional Award equal to the value of their Weighted Work Week, multiplied by the Additional Work Week Amount. The Provisional Settlement Amount plus and Additional Award Amount will constitute the Final Settlement Amount to be paid to participating Settlement Class Members.

26.    Plaintiff is without updated numbers of total workweeks and the actual current and former employees per Qualified Positions because, per the Settlement, the Class Period does not end until the later of December 31, 2013 or granting of preliminary approval. However, based on data received as part of the July 25, 2013 mediation efforts, Plaintiff estimates that the damages analysis will show that the Settlement reflects an 18% to 31% recovery of the maximum possible damages recoverable at trial. Due to both the need for updated figures, Plaintiff will make available for the Court at the preliminary hearing the calculations used to generate this estimate, but intends to provide a thorough and detailed damage analysis in the Motion For Final Approval.

27.    Although Plaintiff is confident of his ability to garner favorable evidence in support of his wage and hour claims, there are inherent risks with litigation. It is also worth noting that, assuming *arguendo* that Plaintiff prevailed and certified a Fed. R. 23(b)(3) class action, there is no guarantee that Defendants would not later move for and obtain decertification. If the Court either denied class certification or later decertified it, the Class would recover nothing. A trial and any appeals that might be taken would be protracted and expensive – assuredly both parties could expect to incur hundreds of thousands of dollars in costs and fees on depositions, experts, class-wide notice, pre-trial briefing and subsequent appeals. The substantial benefits obtained by this Settlement far outweigh the expense and delay which

SPIRO LAW CORP.

AMENDED DECLARATION OF JENNIFER L. CONNOR IN SUPPORT OF PLAINTIFF'S (REVISED) MOTION FOR PRELIMINARY OF CLASS ACTION SETTLEMENT; CASE NO. 11-CV-1730

1   would inevitably result from continued litigation of this action and eliminate
2   the risk that the Class might otherwise recover nothing.

3      28.   In the opinion of Plaintiff's counsel, the requested class
4   representative award of $15,000 for Plaintiff Sidney Elliott is fair and
5   reasonable.   Plaintiff Elliott is aware of, assumed, and fulfilled his duties as
6   class representative by, among other things, remaining informed of the status
7   of his case, preparing and sitting for deposition, attending mediation, and
8   otherwise actively prosecuting this litigation.   Specifically, named Plaintiff
9   participated by, among other things: reviewing documents and pleadings,
10  providing documents and responses to written discovery, regularly
11  communicating with attorneys about the status of the litigation, preparing for
12  deposition, sitting for deposition on October 4, 2012, and making himself
13  telephonically available during the entirety of the settlement negotiations on
14  July 25, 2013, and discussing the proposed and actual settlement with counsel.

15     29.   At the preliminary approval stage it would be appropriate to allow
16  notice to the Class of the Settlement.   The Parties have agreed that the best
17  method to provide the [Proposed] Notice Of Settlement Of Class Action;
18  Settlement Hearing; And Claim, Consent, And Exclusion Procedures ("Class
19  Notice") is via U.S. Mail directly to the putative Class Members.   A true and
20  correct copy of the [Proposed] Class Notice is attached hereto at Exhibit "2".
21  Since putative Class Members are current and/or former employees, the
22  majority of their last known addresses are retrievable from Defendant's payroll
23  records.   As contemplated in the anticipated Settlement Agreement, Defendant
24  will provide experienced claims administrator, CPT Group, Inc., with the
25  names, social security numbers, last known addresses, and number of
26  compensable Work Weeks in respective Qualifying Positions during the Class
27  Period of putative Class Members.   Moreover, the Claims Administrator shall

28

SPIRO LAW CORP.

1  utilize a Notice Of Change Of Address ("NCOA") and other standard devices
2  to obtain updated and forwarding addresses of Class Members in conjunction
3  with its mailing efforts.   Along with the Class Notice, the Claims
4  Administrator shall also mail, if approved, a [Proposed] Claim Form/FLSA
5  Consent Form ("Claim Form") that will advise Class Members of the estimated
6  amount of their Provisional Settlement Award Payment and their credited
7  number of Work Weeks.   A true and correct copy of the [Proposed] Claim
8  Form is attached hereto at Exhibit "3".   It should also be noted that, pursuant
9  to the Settlement Agreement, within thirty (30) days after the Notices are
10  mailed, the Claims Administrator will send reminder postcards to putative
11  Class Members who have not yet submitted a Claim.   In addition, within forty-
12  five (45) days after the Notices are mailed, the Administrator will make phone
13  call reminders to putative Class Members who have not yet submitted a Claim.

14       30.   Spiro Law Corp. (formerly Spiro Moore until a name change this
15  past October 2013; and formerly Spiro Moss until a name change March 2012)
16  (collectively "Spiro Law Corp.") has been engaged in the practice of
17  employment and labor since its formation.   The firm and its lawyers have
18  handled more than 200 overtime and other wage-related class actions in the
19  past ten years and have settled over 100 cases during that time.   Spiro Law
20  Corp. and its predecessor partners have represented plaintiffs and classes in at
21  least three significant California Supreme Court wage and hour cases,
22  including the landmark *Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785
23  (1999); *Harris v. Liberty Mutual Insur.*, 171 P.3d 545 (2007); *Lu v. Hawaiian*
24  *Gardens Casino, Inc.,* 50 Cal.4th 592 (2010); *Pineda v. Bank of America, N.A.*,
25  50 Cal.4th 1389 (2010).   In the summer of 2004, Spiro Law Corp. handled a
26  wage and hour class action trial, a rarity in this practice area.   Again, in May,
27  2011, Spiro Law Corp. handled a wage and hour class action jury trial, even

28

SPIRO LAW CORP.

**AMENDED DECLARATION OF JENNIFER L. CONNOR IN SUPPORT OF PLAINTIFF'S (REVISED)**
**MOTION FOR PRELIMINARY OF CLASS ACTION SETTLEMENT; CASE NO. 11-CV-1730**

1
2
3
4

more rare. Spiro Law Corp. is routinely appointed lead or co-lead class counsel (or counsel for representative plaintiffs in FLSA representative actions) in federal and state courts in California and elsewhere by way of motion for class or collective certification or motion for settlement approval.

5
6
7
8
9
10
11
12
13
14
15

31.     Mr. Ira Spiro, the Senior Partner of the firm, was the attorney responsible for general oversight of this matter.     Mr. Spiro has extensive experience in the field of wage and hour litigation. Mr. Spiro co-authored with former named Partner, Dennis Moss, an amicus brief to the California Supreme Court for consideration in the landmark case of *Sav-On Drug v. Superior Court*, 34 Cal.4th 319 (2004), which set the standard at that time for class certification in wage and hour disputes. Mr. Spiro was appointed by the Board of Governors of the State Bar of California, to serve a three year term, ending September 2001, on the State Bar's ethics committees, the Standing Committee on Professional Responsibility and Conduct (COPRAC). COPRAC writes the official ethics opinions of the State Bar.

16
17
18
19
20
21
22
23
24
25
26
27

32.     I joined Spiro Law Corp. in April 2012 and was assigned to this matter. I have approximately nine (9) years of experience with litigating both wage and hour and consumer class actions. Over the last nine years, I have managed and assisted with litigation and settlement of dozens of wage and hour class actions and have been appointed as Class Counsel in both contested motions for certification and at preliminary/final approval stages of class action settlements. I served as second-chair in a wage and hour arbitration trial of employees' misclassification case. I also authored the merit briefs on behalf of plaintiff-appellant in *Aryeh v. Canon Business Solutions, Inc.*, (2013) 55 Cal.4th 1185 (Case No. S184929), decided by the California Supreme Court in January of this year on an Unfair Competition Law issue of first-impression. I have also been invited as a lecturer for a CLE course on employment law

28

SPIRO LAW CORP.

1    issues.

2        33.    Linh Hua was the Spiro Law Corp. associate who handled the

3    matter prior to being assigned to me. Ms. Hua has approximately six years of

4    experienced with litigating wage and hour class actions. In the last two years,

5    Ms. Hua has been appointed as Class Counsel in no less than 12 wage and hour

6    class actions at the preliminary and/or final approval stages and recovered well

7    in excess of $30 million for California employees. In May 2011, she served as

8    the second chair in a wage and hour class action jury trial that lasted over two

9    weeks.    She also co-authored an article in the *Daily Journal* and was

10   recognized as a Rising Star by *SuperLawyers* for 2011.    Further details

11   regarding the experience of my colleagues will be set forth in details in

12   Plaintiff's Motion For Attorneys' Fees and Costs.

13       34.    When this case was taken on a contingent fee basis, with the firm

14   agreeing to assume responsibility for litigation costs, the ultimate result was

15   far from certain. In the course of this litigation, Spiro Law Corp. paid motion

16   filing fees, court reporter fees, mediation fees, consultant fees, travel expenses,

17   Westlaw fees, and federal express charges in excess of $16,800.00 to date.

18   There was never a guarantee that Spiro Law Corp. would recoup those

19   expenditures.

20       35.    Class Counsel's experience in wage and hour class actions was

21   integral in evaluating the strengths and weaknesses of the case against

22   Defendant and the reasonableness of the settlement. Practice in the narrow

23   field of wage and hour litigation requires skill and knowledge concerning the

24   rapidly evolving substantive law (state and federal), as well as the procedural

25   law of class action litigation.

26       36.    In the past five years, Spiro Law Corp. LLP has settled many

27   dozens of wage and hour class actions. Just as the Ninth Circuit stated in

28

SPIRO LAW CORP.

AMENDED DECLARATION OF JENNIFER L. CONNOR IN SUPPORT OF PLAINTIFF'S (REVISED) MOTION FOR PRELIMINARY OF CLASS ACTION SETTLEMENT; CASE NO. 11-CV-1730

1  Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047, the requested one-fourth of
2  a common settlement fund is the "benchmark" for purposes of calculating
3  common fund attorneys' fees.

4      37.    As the attorney primarily responsible for the day-to-day litigation
5  of this action, to date, my billing records indicate that I spent no less than 310
6  hours working on this case and my billing rate is $500 per hour.    I am
7  informed that my attorney colleagues currently have approximately the
8  following hours and rates:

9          Ira Spiro – 44.2 hours (currently bills at $700 per hour)

10         Linh Hua – 14.8 hours (currently bills at $425 per hour)

11  This results in a strict lodestar of no less than $192,230 for the Spiro Law
12  Corp. firm alone.  Co-counsel, Joseph Gigliotti, sets forth his hours in his own
13  declaration also submitted concurrently herewith.  I anticipate that the firms
14  will spend additional hours on this matter and a multiplier may be requested in
15  order to align the estimated total lodestar with the requested fee award.  More
16  exact and detailed information will be submitted to support Plaintiff's request
17  in the Motion For Attorneys' Fees and Costs that will be filed with the Court
18  prior to the close of any objection or opt-out deadline.

19     38.    The counsel for Plaintiff in this action have entered into a written
20  fee sharing agreement.    Counsel for Plaintiff will disburse the aggregate
21  attorneys' fees awarded by the Court pursuant to that agreement.

22     I declare under penalty of perjury, under the laws of the United States of
23  America, that the foregoing is true and correct.

24

25     Executed on November 11, 2013 at Los Angeles, California.

26

27                              Jennifer L. Connor

28                              Jennifer L. Connor

19

SPIRO LAW CORP.

# EXHIBIT 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY ELLIOTT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROLLING FRITO-LAY SALES, LP, FRITO LAY, INC., FRITO-LAY SALES, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No. SA CV11-1730 DOC (ANx)<br><br>**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**<br><br>Judge:   Hon. David O. Carter<br>Ctrm:    9-D<br><br>[Complaint filed November 9, 2011] |

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

# TABLE OF CONTENTS

Page

I.      Settlement Agreement ............................................................................. 1

II.     Definitions. ............................................................................................. 1

III.    Background and Procedural History ...................................................... 4

IV.     Investigation in the Class Action .......................................................... 4

V.      Benefits of Settlement to Class Members ............................................. 6

VI.     Defendants' Reasons for Settlement ...................................................... 7

VII.    Defendants' Denials of Wrongdoing...................................................... 7

VIII.   Plaintiffs' Claims .................................................................................. 8

        1.      "Effective Date"........................................................................ 8

        2.      Class Certification .................................................................... 9

        3.      Releases. ................................................................................... 9

                (a)     Release As To All Class Members...................................... 10

                (b)     Release As to All Settlement Class Members ...................... 12

        4.      General Release By Named Plaintiff Only............................... 14

        5.      Settlement Fund ...................................................................... 16

        6.      Allocation of Settlement Fund ................................................ 16

        7.      Plan of Allocation for Payment to Settlement Class Members .................... 18

        8.      Fees Award, Costs Award, and Incentive Award .......................... 21

        9.      Responsibilities of Defendants.  Defendants shall: ....................... 23

        10.     Operation of the Settlement Fund. ......................................... 24

        11.     No Injunctive Relief ............................................................... 26

        12.     Notice/Approval of Settlement and Settlement Implementation .................. 26

                (a)     CAFA Notice....................................................................... 26

                (b)     Preliminary Settlement Hearing........................................... 26

                (c)     Preliminary Approval Order................................................. 27

                (d)     Notice to Plaintiffs.............................................................. 27

SMRH:409782350.7                                    STIPULATION AND SETTLEMENT AGREEMENT OF
                                                   CLASS ACTION CLAIMS

|   |   | (1) | Claims Administrator ............................................................. 27 |
|   |   | (2) | Notice By First-Class Mail....................................................... 28 |
|   | (e) | Procedure for Payment of Settlement Awards .................................... 31 |   |
|   | (f) | Procedure for Objecting to or Requesting Exclusion From Class Action Settlement. ....................................................... 33 |   |
|   |   | (1) | Procedure for Objecting ........................................................ 33 |
|   |   | (2) | Procedure for Requesting Exclusion ................................... 34 |
|   | (g) | No Solicitation of Settlement Objections or Exclusions................... 35 |   |
|   | (h) | Option to Terminate Settlement ...................................................... 35 |   |
|   | (i) | Final Settlement Approval Hearing and Entry of Final Judgment ...................................................................................... 36 |   |
|   | (j) | Administration Costs ...................................................................... 37 |   |
|   | (k) | Nullification of Settlement Agreement ........................................... 37 |   |
|   | (l) | Appraisal and Certification By Claims Administrator........................ 38 |   |
| 13. | Privacy of Documents and Information .................................................. 38 |   |   |
| 14. | No Effect on Employee Benefits............................................................ 38 |   |   |
| 15. | Publicity................................................................................................. 39 |   |   |
| 16. | No Admission By the Released Parties .................................................. 39 |   |   |
| 17. | CIRCULAR 230 DISCLAIMER ............................................................ 40 |   |   |
| 18. | Exhibits and Headings............................................................................ 41 |   |   |
| 19. | Interim Stay of Proceedings .................................................................. 41 |   |   |
| 20. | Amendment or Modification................................................................... 41 |   |   |
| 21. | Entire Agreement.................................................................................... 42 |   |   |
| 22. | Authorization to Enter Into Settlement Agreement................................ 42 |   |   |
| 23. | Binding on Successors and Assigns ....................................................... 42 |   |   |
| 24. | California Law Governs .......................................................................... 42 |   |   |
| 25. | Counterparts............................................................................................ 42 |   |   |
| 26. | This Settlement is Fair, Adequate and Reasonable ................................ 43 |   |   |
| 27. | Jurisdiction of the District Court ........................................................... 43 |   |   |

28.  Cooperation and Drafting ........................................................... 43

29.  Invalidity of Any Provision ......................................................... 43

30.  Named Plaintiff's Waiver of Right to be Excluded and Object ................... 43

I.   Settlement Agreement ................................................................. 1

II.  Definitions. .......................................................................... 1

A.   The term "Settlement" means the settlement described in this Stipulation........................................................................ 1

B.   The term "Claims Administrator" means CPT Group, the firm that the Parties mutually agreed shall be responsible for the administration of the Settlement, distribution of any amounts owed under this settlement, and matters necessarily related thereto, pursuant to the terms of this Stipulation............................................................. 1

C.   The term "District Court" as used herein means the United States District Court for the Central District of California, Southern Division............................................................................ 1

D.   The term "Plaintiffs' Counsel" or "Class Counsel" means Ira Spiro and Jennifer Connor of Spiro Law Corp. and Joseph Gigliotti of Gigliotti and Gigliotti. ............................................................ 2

E.   The term "Complaint" means the complaint filed by Plaintiff on November 9, 2011, in the Lawsuit entitled *Elliott v. Rolling Frito-Lay Sales, LP; Frito-Lay, Inc.; and Frito-Lay Sales, Inc.*, Case No. SA CV11-1730-DOC, before Judge Carter of the United States District Court for the Central District of California – Southern Division.................... 2

F.   The term "Operative Complaint" means the Amended Complaint Plaintiff will file as part of the settlement of the Lawsuit to include Fair Labor Standards Act ("FLSA") claims. ........................................ 2

G.   The term "Class Period" means the time period beginning November 9, 2007, and ending on either:  (i) the date the District Court grants Preliminary Approval of this Stipulation; or (ii) December 31, 2013, whichever is later........................................................................ 2

H.   The term "Plaintiffs" means all present and former employees of Defendants in California who fall into one of the following sub-classes and who, collectively, comprise the proposed "Class":..................... 2

     (a)  "Route Sales Associate Class" means all present and former employees of Defendants Rolling Frito-Lay Sales, LP; Frito-Lay, Inc.; and Frito-Lay Sales, Inc. who are or were employed in California in the job position of Route Sales Associate, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee and/or RSR Trainee at any time during the Class Period. ........................... 2

SMRH:409782350.7

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

(b)   "Merchandiser Class" means all present and former hourly employees of Defendants Rolling Frito-Lay Sales, LP; Frito-Lay, Inc.; and Frito-Lay Sales, Inc. who are or were employed in California in the job position of Merchandiser or Sales Merchandiser at any time during the Class Period. ........................................................... 3

(c)   "Detailer Class" means all present and former hourly employees of Defendants Rolling Frito-Lay Sales, LP; Frito-Lay, Inc.; and Frito-Lay Sales, Inc. who are or were employed in California in the job position of Detailer at any time during the Class Period. ........................... 3

I.   The term "Unlocated Plaintiffs" means any Plaintiffs whose Notice has been returned as undeliverable after all of the procedures in paragraph 12(d) have been followed.  Unlocated Plaintiffs will not be sent a Settlement Award but will remain Class Members. ........................... 3

J.   The term "Qualified Position" means the following positions:  Route Sales Associate, along with the related job positions/titles of RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee; Merchandiser, along with the related job position/title of Sales Merchandiser; or Detailer for Defendants in the State of California during the Class Period.  For settlement purposes only, the Parties have identified the related job positions/titles as having similar duties to the respective Route Sales Associate and/or Merchandiser positions. ........................... 3

K.   The term "Class Member" means a Plaintiff who has not requested exclusion from the Settlement. ........................... 3

L.   The term "Settlement Class Member" means a Class Member who has returned a valid and timely Claim Form/FLSA Consent Form ("Claim Form") pursuant to paragraph 7(b) of this Stipulation. ........................... 4

III.   Background and Procedural History ........................... 4

IV.   Investigation in the Class Action ........................... 4

V.   Benefits of Settlement to Class Members ........................... 6

VI.   Defendants' Reasons for Settlement ........................... 7

VII.   Defendants' Denials of Wrongdoing ........................... 7

VIII.   Plaintiffs' Claims ........................... 8

1.   "Effective Date" ........................... 8

2.   Class Certification ........................... 9

3.   Releases. ........................... 9

4.   General Release By Named Plaintiff Only ........................... 14

- iv -

5.   Settlement Fund .................................................................................. 16

6.   Allocation of Settlement Fund ......................................................... 16

7.   Plan of Allocation for Payment to Settlement Class Members .......... 18

   (a)   Excluded from becoming Class Members are those
         Plaintiffs who submit valid and timely requests for
         exclusion pursuant to the terms and procedures of the
         Notice of Pendency and Settlement of Class Action;
         Settlement Hearing; and Claim, Consent, and Exclusion
         Procedures (attached as Exhibit 1 hereto). ............................ 18

   (b)   All Class Members will be eligible to submit a claim for
         a "Settlement Award" (as defined below).  If a Class
         Member submits a timely and properly completed Claim
         Form/FLSA Consent Form ("Claim Form") (attached as
         Exhibit 2 hereto) then the Class Member will also be a
         "Settlement Class Member."  Defendants will pay
         Settlement Awards to Settlement Class Members.  The
         Gross Settlement Amounts of these Settlement Awards
         will be calculated as follows: ................................................ 18

         (i)    After deducting the amount of Fees Award, the Costs
                Award, the Incentive Award, the PAGA Payment, and
                claims administration expenses that are all finally
                approved by the Court, the remaining Payout Fund will
                be allocated to the Settlement Class Members; ...................... 18

         (ii)   To arrive at these amounts, the Payout Fund will be
                distributed based on: (1) the number of weeks each
                Plaintiff held a Qualified Position during the Class
                Period, and (2) which of the three Qualified Positions
                the Plaintiff held, and for how many weeks the Plaintiff
                held each such position.  The number of workweeks for
                each Plaintiff will be determined by adding all the
                calendar days within the inclusive dates of employment
                and dividing that number by seven.  Any partial
                workweek will be expressed as a percentage of a full
                workweek.  Each Qualified Position will be assigned a
                Distribution Factor.  Each week worked in a Qualified
                RSA Position will receive a Distribution Factor of five
                (5) ("RSA Distribution Factor").  Each week worked in
                a Qualified Merchandiser Position will receive a
                Distribution Factor of two (2) ("Merchandiser
                Distribution Factor").  Each week worked in a Qualified
                Detailer Position will receive a Distribution Factor of
                one (1) ("Detailer Distribution Factor").  Each
                Plaintiff's workweeks in each Qualified Position will be
                multiplied by the respective position's Distribution
                Factor to come up with each Plaintiff's Weighted
                Workweek Figure.  Settlement Class Members' Gross
                Settlement Amounts will be calculated by dividing the
                Payout Fund by the total of all Plaintiffs' Weighted
                Workweek Figures to arrive at a Provisional Per-

- v -

Workweek Amount. A Plaintiff will be eligible to receive at a minimum the Gross Settlement Amount of his or her Weighted Workweek Figure multiplied by the calculated Provisional Per-Workweek Amount. For example, a Merchandiser who worked 365 days would be eligible for 52 weeks, multiplied by a Distribution Factor of 2, or 104 Plaintiff's Weighted Workweeks. If the Payout Fund was $1,000,000.00 and the Total Weighted Workweeks for all Plaintiffs was 500,000 workweeks, this would result in a $2.00 Provisional Per-Workweek Amount. Then, the above-Merchandiser would be eligible for $2.00 for 104 weighted workweeks, or $208.00. This would be the Plaintiff's Provisional Settlement Amount. Defendants shall calculate the Provisional Settlement Amount to be paid to each Plaintiff, and provide this information to the Claims Administrator no later than thirty (30) days after the close of the Class Period. .................................................. 19

(iii)   Some of the Provisional Settlement Amounts may remain unclaimed, because a Plaintiff (1) was an Unlocated Plaintiff, (2) submitted a valid and timely request for exclusion, and/or (3) failed to submit a valid and timely Claim Form. Such amounts will be referred to as "Remaining Funds." Remaining Funds shall be distributed to Settlement Class Members who made valid claims. These funds will be allocated on a proportional basis, as follows. The amount of the Remaining Funds will be divided amongst the Settlement Class Members by calculating an Additional Workweek Amount. This Additional Workweek Figure will be calculated by taking the Remaining Funds and dividing it by the total of all Settlement Class Members' Weighted Workweek Figures to arrive at an Additional Workweek Amount. Each Settlement Class Member will receive an Additional Award equal to the value of their Weighted Workweek Figure, multiplied by the Additional Workweek Amount. The Additional Share will be added to the Provisional Settlement Amount to arrive at a Final Settlement Amount. ....................................... 20

(iv)   The Final Settlement Amounts will be reduced by any legally-required state and federal withholding taxes or other applicable payroll deductions for each Settlement Class Member. ......................................................................... 20

(v)   Sixty-six percent (66%) of all Individual Settlement Payments to Settlement Class Members will be called the "Wage Portion." From each Settlement Class Member's Wage Portion, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by Defendants as a result of the payment, resulting in a "Gross Wage Portion." From each Settlement Class Member's Gross Wage Portion, payroll deductions will be made for state

and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member as a result of the payment, resulting in a "Net Wage Portion."  The remaining thirty-four (34%) of payments to Settlement Class Members represents the "Non-Wage Portion" of the Individual Settlement Payment and includes interest and penalties sought in the Class Action.  Settlement Class Members will be issued W2s for the Wage Portions of their Individual Settlement Payment and IRS Form 1099s for the Non-Wage Portions.  Once the allocations are made between the Wage Portion and Non-Wage Portion, and applicable payroll deductions are made for state and federal withholding taxes and any other applicable payroll deductions from the Wage Portion, the resulting amount shall be the Settlement Class Member's "Net Settlement Amount."  The Net Settlement Amount will be the net amount paid to each Settlement Class Member and is the Settlement Class Member's "Settlement Award." ................................................................ 20

(vi)    The Claims Administrator shall be responsible for issuing the payments and calculating and withholding all required state and federal taxes owed by the Settlement Class Members and Defendants. ........................... 21

8.    Fees Award, Costs Award, and Incentive Award .............................. 21

9.    Responsibilities of Defendants.  Defendants shall: ........................... 23

(a)    Pay, or cause to be paid, the Claims Administrator for costs and expenses of administering this Settlement, up to a maximum of $45,000.00, after the completion of the claims administration process or on a different schedule agreed upon by Defendants and the Claims Administrator.  If the Court awards claims administration expenses less than said amount, the unawarded amounts shall be distributed *cy pres* to The United Way of Greater Los Angeles – Los Angeles Workforce Funders Collaborative; .......................................... 23

(b)    Pay, or cause the Claims Administrator to pay, the Fees Award, Costs Award, Incentive Award, and the PAGA Payment, within thirty (30) days of the Effective Date; ........ 23

(c)    Provide, within thirty (30) days of the close of the Class Period, the Claims Administrator a "Class List and Data Report" showing each Plaintiff's name, most current mailing address and telephone number, social security number, and the respective number of weeks each Plaintiff worked in each Qualified Position during the Class Period.  Within fifteen (15) days of receipt of the Class List and Data Report, the Claims Administrator shall calculate the Provisional Settlement Amount of each Plaintiff.  The Claims Administrator shall not share

this information with Class Counsel. Defendants shall provide the list in an electronic format reasonably acceptable to the Claims Administrator. The Claims Administrator will keep the list confidential, and will use it only for the purposes described herein. Defendants shall also provide Class Counsel with a list of each Plaintiff's first name, the last four digits of their Social Security Numbers, the number of Work Weeks in each Qualifying Position, and the Provisional Settlement Amount of each Plaintiff. Class Counsel shall not use the data to initiate contact with Class Members who have not initiated contact with Class Counsel, or for any reason other than to respond to inquiries from Class Members that are made in response to the Notice of Settlement. This information shall be provided to Class Counsel on an Attorneys' Eyes Only Confidential basis, and shall be returned or destroyed at the conclusion of this Action; ..................................................................... 23

(d)     Cause the Claims Administrator to pay the Individual Settlement Awards to the Settlement Class Members in accordance with the terms of this Agreement. ........................ 24

10.     Operation of the Settlement Fund. ...................................... 24

(a)     At no time shall Defendants have the obligation to segregate the funds comprising the Settlement Fund from their other assets and will retain exclusive authority over, and responsibility for, those funds ................. 24

(b)     The Claims Administrator will calculate the Net Settlement Amounts to be paid to the Settlement Class Members from the Payout Fund in accordance with the terms and provisions of this Agreement ................................. 24

(c)     The Claims Administrator shall have the authority and obligation to make payments, credits and disbursements, including payments and credits in the manner set forth herein, to Settlement Class Members from the Payout Fund calculated in accordance with the methodology set out in this Agreement and orders of the District Court, and shall do so. ...................................................................... 24

(d)     To the extent any tax returns must be filed for the Settlement Fund pursuant to this Agreement, the Claims Administrator shall cause to be timely and properly filed all informational and other tax returns, if any, necessary with respect to the Settlement Fund. Such returns shall be consistent with this paragraph. The Parties do not believe the Settlement Fund will generate any taxable income. However, if any taxable income is generated by the Settlement Fund, in all events the tax returns filed shall reflect that all taxes payable on the taxable income of the Settlement Fund, if any, shall be paid from the Settlement Fund. Any expenses consisting of the

SMRH:409782350.7                    STIPULATION AND SETTLEMENT AGREEMENT OF
                                                   CLASS ACTION CLAIMS

expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, reasonable expenses of tax attorneys, accountants or other designees retained by the Claims Administrator as required for the preparation and filing of tax returns described in this paragraph) shall be treated as, and considered to be, a cost of administration of the Settlement. ............................................ 25

(e)   No person shall have any claim against Defendants, Defendants' Counsel, the Named Plaintiff, Plaintiffs, the Class, Class Counsel or the Claims Administrator based on distributions and payments made in accordance with this Agreement. .......................................................... 25

(f)    The maximum amount Defendants can be required to pay under this Settlement for any purpose is the amount of the Settlement Fund. ........................................................... 25

11.   No Injunctive Relief ......................................................................... 26

12.   Notice/Approval of Settlement and Settlement Implementation ....... 26

13.   Privacy of Documents and Information ............................................. 38

14.   No Effect on Employee Benefits ...................................................... 38

15.   Publicity ......................................................................................... 39

16.   No Admission By the Released Parties .............................................. 39

(a)   construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or ..................................................................... 40

(b)   disclosed, referred to or offered or received in evidence against any of the Released Parties, in any further proceeding in the Class Action, or any other civil, criminal or administrative action or proceeding except for purposes of settling this Class Action pursuant to this Agreement. ...................................................................... 40

17.   CIRCULAR 230 DISCLAIMER ..................................................... 40

18.   Exhibits and Headings ..................................................................... 41

19.   Interim Stay of Proceedings ............................................................ 41

20.   Amendment or Modification ............................................................ 41

21.   Entire Agreement ............................................................................ 42

22.  Authorization to Enter Into Settlement Agreement ........................... 42

23.  Binding on Successors and Assigns .................................................. 42

24.  California Law Governs ................................................................... 42

25.  Counterparts ................................................................................... 42

26.  This Settlement is Fair, Adequate and Reasonable .......................... 43

27.  Jurisdiction of the District Court ..................................................... 43

28.  Cooperation and Drafting ................................................................ 43

29.  Invalidity of Any Provision ............................................................. 43

30.  Named Plaintiff's Waiver of Right to be Excluded and Object ......... 43

- x -

## STIPULATION AND SETTLEMENT AGREEMENT
## OF CLASS ACTION CLAIMS

I.    <u>Settlement Agreement</u>.  This Stipulation and Settlement Agreement of Class Action Claims ("Settlement," "Stipulation," or "Agreement") is made between Sidney Elliott ("Named Plaintiff") on behalf of himself and each of the other "Plaintiffs" as defined herein, on the one hand, and the defendants, Rolling Frito-Lay Sales, LP; Frito-Lay, Inc.; and Frito-Lay Sales, Inc. (collectively "Defendants" or "Frito-Lay") on the other hand, in the action pending in the United States District Court for the Central District of California, Case No. SA CV11-1730-DOC ("Class Action" or "Lawsuit"), and subject to the approval of the District Court.  This Settlement was reached pursuant to a mediation conducted on July 25, 2013, by Mark Rudy.

II.    <u>Definitions.</u>

A.    The term "Settlement" means the settlement described in this Stipulation.

B.    The term "Claims Administrator" means CPT Group, the firm that the Parties mutually agreed shall be responsible for the administration of the Settlement, distribution of any amounts owed under this settlement, and matters necessarily related thereto, pursuant to the terms of this Stipulation.

C.    The term "District Court" as used herein means the United States District Court for the Central District of California, Southern Division.

1         D.    The term "Plaintiffs' Counsel" or "Class Counsel" means Ira

2  Spiro and Jennifer Connor of Spiro Law Corp. and Joseph Gigliotti of Gigliotti and

3  Gigliotti.

4

5         E.    The term "Complaint" means the complaint filed by Plaintiff on

6  November 9, 2011, in the Lawsuit entitled *Elliott v. Rolling Frito-Lay Sales, LP;*

7  *Frito-Lay, Inc.; and Frito-Lay Sales, Inc.*, Case No. SA CV11-1730-DOC, before

8  Judge Carter of the United States District Court for the Central District of California

9  – Southern Division.

10

11        F.    The term "Operative Complaint" means the Amended Complaint

12  Plaintiff will file as part of the settlement of the Lawsuit to include Fair Labor

13  Standards Act ("FLSA") claims.

14

15        G.    The term "Class Period" means the time period beginning

16  November 9, 2007, and ending on either:  (i) the date the District Court grants

17  Preliminary Approval of this Stipulation; or (ii) December 31, 2013, whichever is

18  later.

19

20        H.    The term "Plaintiffs" means all present and former employees of

21  Defendants in California who fall into one of the following sub-classes and who,

22  collectively, comprise the proposed "Class":

23

24          (a)    "Route Sales Associate Class" means all present and

25  former employees of Defendants Rolling Frito-Lay Sales, LP; Frito-Lay, Inc.; and

26  Frito-Lay Sales, Inc. who are or were employed in California in the job position of

27  Route Sales Associate, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales

28  Trainee and/or RSR Trainee at any time during the Class Period.

- 2 -

1              (b)    "Merchandiser Class" means all present and former hourly

2 employees of Defendants Rolling Frito-Lay Sales, LP; Frito-Lay, Inc.; and Frito-

3 Lay Sales, Inc. who are or were employed in California in the job position of

4 Merchandiser or Sales Merchandiser at any time during the Class Period.

5

6              (c)    "Detailer Class" means all present and former hourly

7 employees of Defendants Rolling Frito-Lay Sales, LP; Frito-Lay, Inc.; and Frito-

8 Lay Sales, Inc. who are or were employed in California in the job position of

9 Detailer at any time during the Class Period.

10

11           I.    The term "Unlocated Plaintiffs" means any Plaintiffs whose

12 Notice has been returned as undeliverable after all of the procedures in paragraph

13 12(d) have been followed.  Unlocated Plaintiffs will not be sent a Settlement Award

14 but will remain Class Members.

15

16           J.    The term "Qualified Position" means the following positions:

17 Route Sales Associate, along with the related job positions/titles of RSR Associate,

18 RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee; Merchandiser,

19 along with the related job position/title of Sales Merchandiser; or Detailer for

20 Defendants in the State of California during the Class Period.  For settlement

21 purposes only, the Parties have identified the related job positions/titles as having

22 similar duties to the respective Route Sales Associate and/or Merchandiser

23 positions.

24

25           K.    The term "Class Member" means a Plaintiff who has not

26 requested exclusion from the Settlement.

27

28

L.     The term "Settlement Class Member" means a Class Member who has returned a valid and timely Claim Form/FLSA Consent Form ("Claim Form") pursuant to paragraph 7(b) of this Stipulation.

III.     Background and Procedural History.  This Action was filed by Named Plaintiff Sidney Elliott in the United States District Court for the Central District of California – Southern Division, on November 9, 2011 against Defendants.  The complaint alleged:  (1) Failure to Properly Pay Overtime Wages to Detailers and Merchandisers and Route Sales Associates ("RSAs"); (2) Failure to Provide Meal and Rest Periods to Detailers and Merchandisers; (3) Failure to Furnish Itemized Wage Statements for Detailers, Merchandisers and RSAs; and (4) Unfair Competition in violation of Business & Professions Code § 17200, *et seq*.  On December 7, 2011, Defendants answered the Complaint.

On July 25, 2013, the Parties attended a full-day mediation with mediator Mark Rudy and reached a settlement, the terms of which were set forth in a Memorandum of Understanding signed by all Parties and which are memorialized in further detail herein.

IV.     Investigation in the Class Action.  The Parties conducted an investigation of the facts and law during the prosecution of this Action.  Such investigations have included, *inter alia*, the exchange of information through informal and formal discovery, including:  Initial Disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a); the Named Plaintiff propounded and Defendants responded to a First and Second Set of Special Interrogatories and a First and Second Set of Requests for the Production of Documents, and Defendants propounded and the Named Plaintiff responded to a First Set of Requests for the Production of Documents; depositions of the Named Plaintiff and three (3) of

- 4 -

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION CLAIMS

1 | Defendants' Persons Most Knowledgeable regarding Defendants' compensation
2 | policies, job duties and policies, and trucks and product transport system; numerous
3 | meetings and conferences between counsel for Plaintiffs and counsel for
4 | Defendants; and interviews of potential witnesses.
5 |
6 |       Counsel for the Parties further investigated the applicable law as
7 | applied to the facts discovered regarding the alleged claims of Plaintiffs and
8 | potential defenses thereto, and the damages claimed by Plaintiffs.  The gist of the
9 | Class Action is that Plaintiffs allege Defendants failed to provide meal and rest
10 | periods to their Detailers and Merchandisers, and failed to properly pay overtime to
11 | their Detailers, Merchandisers and RSAs when they should have been paid overtime
12 | at a time-and-one-half rate.  On this basis, Plaintiffs also allege derivative claims for
13 | failure to pay accurate wages at termination, and penalties for incorrect wage
14 | statements.  For these allegedly improper actions, Plaintiffs are demanding various
15 | amounts for wages, penalties, interest, attorneys' fees, and other damages.  Class
16 | Counsel is aware of the defenses and positions of Defendants, but believes Plaintiffs
17 | would ultimately succeed in the Class Action.
18 |
19 |       Named Plaintiff has fully investigated the factual and legal bases for
20 | the causes of action asserted in the Class Action.  As a result of his investigation,
21 | Named Plaintiff continues to believe that Defendants failed to provide meal and rest
22 | periods, and improperly calculated and paid overtime to Plaintiffs and therefore
23 | failed to properly pay Plaintiffs in accordance with California and/or federal law.
24 | Named Plaintiff continues to believe that Defendants failed to provide Plaintiffs
25 | with legally compliant and accurate itemized wage statements and to timely pay
26 | wages at termination in accordance with California law.  Defendants have denied
27 | that they failed to properly provide meal and rest periods or fully compensate
28 | Plaintiffs for all hours worked, including overtime hours, or failed to provide

- 5 -

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1   Plaintiffs with accurate itemized wage statements or failed to timely pay wages at
2   termination in accordance with California and/or federal law.  Given the
3   disagreement between the Parties as to the viability of these claims, the Parties
4   believe the Settlement provided for herein is a fair, adequate and reasonable
5   settlement.

6

7        Defendants, on the other hand, contend they provided meal and rest
8   periods to all of their Detailers and Merchandisers in accordance with California
9   law, and paid them overtime for all hours worked at one-and-one-half times their
10  regular hourly rate.  Further, Defendants contend that their RSAs were exempt from
11  overtime altogether under California's Motor Carrier Exemption, and thus any
12  overtime they did receive could be paid at any rate and via any method of
13  calculation.

14

15       V.    Benefits of Settlement to Class Members.  The Named Plaintiff
16  recognizes the expense and length of continued proceedings necessary to continue
17  the litigation against Defendants through trial and through any possible appeals.
18  The Named Plaintiff has also taken into account the uncertainty and risk of the
19  outcome of further litigation, and the difficulties and delays inherent in such
20  litigation.  The Named Plaintiff is also aware of the burdens of proof necessary to
21  establish liability for the claims asserted in the Class Action (the "Claims" or "Class
22  Action Claims"), Defendants' defenses thereto, and the difficulties in establishing
23  damages for Plaintiffs.  The Named Plaintiff has also taken into account the
24  extensive settlement negotiations conducted, which negotiations resulted in the
25  material settlement terms entered into on July 25, 2013.  Based on the foregoing,
26  Named Plaintiff has determined that the Settlement set forth in this Agreement is a
27  fair, adequate and reasonable settlement, and is in the best interests of Plaintiffs.

28

1    VI.   Defendants' Reasons for Settlement.  Defendants have concluded that

2    any further defense of this litigation would be protracted and expensive for all

3    Parties.  Substantial amounts of time, energy and resources of Defendants have been

4    and, unless this Settlement is made, will continue to be devoted to the defense of the

5    claims asserted by Plaintiffs.  Further, effective December 31, 2013, all vehicles in

6    Defendants' California fleet will be U.S. Department of Transportation certified

7    10,001 pounds gross vehicle weight rating or greater, and therefore, Defendants

8    assert that, based on this weight and the ruling issued by the United States District

9    Court for the Southern District of Texas in *Billings v. Rolling Frito-Lay Sales, LP*,

10   413 F.Supp.2d 817 (2006) that there is no question that its Route Sales Associates

11   are exempt under both the California and federal Motor Carrier Exemptions.  For

12   these reasons, Defendants have agreed to settle in the manner and upon the terms set

13   forth in this Agreement to put to rest the Claims as set forth in the Class Action.

14

15   VII.   Defendants' Denials of Wrongdoing.  Defendants have denied and

16   continue to deny each of the claims and contentions alleged by Plaintiff in the Class

17   Action.  Defendants have repeatedly asserted and continue to assert defenses

18   thereto, and have expressly denied and continue to deny any wrongdoing or legal

19   liability arising out of any of the facts or conduct alleged in the Class Action.

20   Defendants also have denied and continue to deny, *inter alia*, the allegations that

21   Plaintiffs have suffered damages; that Defendants improperly calculated and paid

22   Plaintiffs for all wages owed, including overtime; that Defendants failed to provide

23   meal and rest periods; that Defendants provided Plaintiffs with inaccurate wage

24   statements; that Defendants failed to timely pay all wages due at termination; that

25   Defendants engaged in any unlawful, unfair or fraudulent business practices; that

26   Defendants engaged in any other wrongful conduct as alleged in the Class Action;

27   or that Plaintiffs were harmed by the conduct alleged in the Class Action.  Neither

28   this Agreement, nor any document referred to or contemplated herein, nor any

- 7 -

action taken to carry out this Agreement, is, may be construed as, or may be used as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever.

VIII.  <u>Plaintiffs' Claims</u>.  Plaintiffs claim and continue to claim that at least some of the Released Claims and Released Federal Claims (as defined below) have merit and give rise to liability on the part of Defendants.  Neither this Agreement nor any documents referred to herein, or any action taken to carry out this Agreement is, or may be construed as or may be used as an admission by or against Plaintiffs or Class Counsel as to the merits or lack thereof of the claims asserted.

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the Named Plaintiff on behalf of Plaintiffs on the one hand, and Defendants on the other hand, and subject to the approval of the District Court, that the Class Action is hereby being compromised and settled pursuant to the terms and conditions set forth in this Agreement and that upon the Effective Date (as defined below) the Class Action shall be dismissed with prejudice and shall be a binding and final resolution of any and all claims by Class Members, subject to the recitals set forth hereinabove which by this reference become an integral part of this Agreement and subject to the following terms and conditions:

1.    <u>"Effective Date"</u>.  As used in this Settlement, "Effective Date" means the date by which the Settlement Agreement is finally approved as provided herein and the Court's Final Judgment becomes final.  For purposes of this paragraph, the Final Judgment "becomes final" when: (i) the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ, or other appellate proceeding having been filed; (ii) any appeal, writ or other appellate proceeding opposing the Settlement has been

- 8 -

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION CLAIMS

1   dismissed finally and conclusively with no right to pursue further remedies or relief;

2   or (iii) or any appeal, writ or other appellate proceeding has upheld the Court's final

3   order with no right to pursue further remedies or relief.  In this regard, it is the

4   intention of the parties that the Settlement shall not become effective until the

5   Court's order approving the Settlement is completely final, and there is no further

6   recourse by an appellant or objector who seeks to contest the Settlement.

7

8         2.    Class Certification.  For the purposes of this Stipulation only, the

9   Parties agree to the certification of the Settlement Class, to include all present and

10  former employees of Rolling Frito-Lay Sales, LP; Frito-Lay, Inc.; or Frito-Lay

11  Sales, Inc. in the State of California who have held the title of Route Sales

12  Associate, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee,

13  RSR Trainee, Merchandiser, Sales Merchandiser or Detailer at any point between

14  November 9, 2007, and either the date the District Court enters Preliminary

15  Approval of this Settlement or December 31, 2013, whichever is later.

16

17        Should for whatever reason the Stipulation not become final, the fact

18  that the Parties were willing to stipulate to class certification as part of the

19  Settlement shall have no bearing on, and shall not be admissible in connection with,

20  the issue of whether a class should be certified in a non-settlement context in the

21  Lawsuit, and shall have no bearing on, and shall not be admissible in connection

22  with, the issue of whether a class should be certified in any other lawsuit.

23

24        Named Plaintiff agrees to amend his Complaint to add claims for

25  unpaid wages under the federal FLSA so that those claims may be settled and

26  released by and through this Stipulation.

27

28        3.    Releases.

- 9 -

1        (a)    <u>Release As To All Class Members</u>.  The Class Members,

2 including Named Plaintiff, but excluding those who submit timely and valid

3 Exclusion Forms, shall, as of the Effective Date, fully and finally release and

4 discharge Rolling Frito-Lay Sales, LP; Frito-Lay, Inc.; Frito-Lay Sales, Inc., and

5 their former and present parents, subsidiaries and affiliated corporations and their

6 officers, directors, employees, partners, shareholders and agents, and any other

7 successors, assigns, or legal representatives ("Released Parties") from the "Released

8 State Law Claims."  For purposes of this Agreement, the "Released State Law

9 Claims" are defined as:

10

11        (1)    any and all claims, demands, rights, liabilities, and

12 causes of action of every nature and description whatsoever, known or unknown,

13 asserted or that might have been asserted,

14

15        (2)    whether in tort, contract, or for violation of any state

16 constitution, statute, rule or regulation, including state wage and hour laws,

17

18        (3)    whether for economic damages, non-economic

19 damages, restitution, penalties or liquidated damages, arising out of, relating to, or

20 in connection with:

21

22        (i)    all state law causes of action pleaded in or

23 that could have been pleaded in the Operative Complaint arising from the facts

24 pleaded in the Operative Complaint for the Class Period, namely: (a) failure to pay

25 all wages due, including overtime wages; (b) failure to provide meal periods; (c)

26 failure to authorize rest breaks; (d) failure to timely pay final wages due, before or

27 after the end of employment; (e) failure to provide accurate itemized wage

28 statements; (f) penalties (including penalties under PAGA), liquidated damages,

1  punitive damages, interest, attorneys' fees, litigation costs, restitution (including,

2  California Bus. & Prof. Code § 17200 *et seq*), and equitable relief; and/or

3

4                              (ii)      any and all facts, transactions, events,

5  policies, occurrences, acts, disclosures, statements, omissions or failures to act,

6  pleaded in or that could have been pleaded in the Operative Complaint, which are or

7  could be the basis of claims related to Defendants' alleged failure to pay all wages

8  due, including overtime wages; failure to provide meal periods; failure to authorize

9  rest breaks; failure to timely pay final wages due, before or after the end of

10  employment; failure to provide accurate itemized wage statements; penalties

11  (including penalties under PAGA), liquidated damages, punitive damages, interest,

12  attorneys' fees, litigation costs, restitution (including California Bus. & Prof. Code §

13  17200, et seq.) and equitable relief, or other damages of any kind based on a failure

14  to comply with any state wage and hour laws, at any time through the Effective Date

15  (whether based on California state wage and hour law, contract, or otherwise).

16

17          With respect to the Released State Law Claims, the Class Members

18  stipulate and agree that, upon the Effective Date, the Class Members shall be

19  deemed to have, and by operation of the Final Judgment shall have, expressly

20  waived and relinquished, to the fullest extent permitted by law, the provisions, rights

21  and benefits of Section 1542 of the California Civil Code, or any other similar

22  provision under federal or state law, which Section provides:

23

24          A general release does not extend to claims which the

25          creditor does not know or suspect to exist in his or her

26          favor at the time of executing the release, which if known

27          by him or her must have materially affected his or her

28          settlement with the debtor.

- 11 -

1    The Class Members may hereafter discover facts in addition to or
2  different from those they now know or believe to be true with respect to the subject
3  matter of the Released State Law Claims, but upon the Effective Date, shall be
4  deemed to have, and by operation of the Final Judgment shall have, fully, finally,
5  and forever settled and released any and all of the Released State Law Claims,
6  whether known or unknown, suspected or unsuspected, contingent or non-
7  contingent, which now exist, or heretofore have existed, upon any theory of law or
8  equity now existing or coming into existence in the future, including, but not limited
9  to, conduct that is negligent, intentional, with or without malice, or a breach of any
10  duty, law or rule, without regard to the subsequent discovery or existence of such
11  different or additional facts.

12

13    The Class Members agree not to sue or otherwise make a claim against
14  any of the Released Parties that is related to the Released State Law Claims.

15

16    (b)    <u>Release As to All Settlement Class Members</u>.  In addition
17  to releasing the Released Parties from the Released State Law Claims as outlined in
18  subsection (a), Settlement Class Members, including Named Plaintiff, also release
19  the Released Parties from the "Released Federal Law Claims."  For purposes of this
20  Agreement, the "Released Federal Law Claims" are defined as:

21

22    (1)    any and all applicable federal law claims, demands,
23  rights, liabilities, and causes of action of every nature and description whatsoever,
24  known or unknown, asserted or that might have been asserted,

25

26    (2)    whether in tort, contract, or for violation of any
27  federal constitution, statute, rule or regulation, including federal wage and hour

28

- 12 -

STIPULATION AND SETTLEMENT AGREEMENT OF
                                                              CLASS ACTION CLAIMS

laws, whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with:

(i)      all federal law causes of action pleaded in or that could have been pleaded in the Operative Complaint arising from the facts pleaded in the Operative Complaint for the Class Period, namely: (a) failure to pay all wages due, including overtime wages; (b) failure to timely pay final wages due, before or after the end of employment; (c) penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief; and/or

(ii)      any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, pleaded in or that could have been pleaded in the Operative Complaint, which are or could be the basis of claims related to Defendants' alleged failure to pay all wages due, including overtime wages; failure to timely pay final wages due, before or after the end of employment; penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution and equitable relief, or other damages of any kind based on a failure to comply with any federal wage and hour laws, at any time through the Effective Date (whether based on federal wage and hour law, contract, or otherwise).

With respect to the Released Federal Law Claims, the Settlement Class Members stipulate and agree that, upon the Effective Date, the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

- 13 -

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Federal Law Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Federal Law Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is related to the Released Federal Law Claims.

4. <u>General Release By Named Plaintiff Only</u>. In addition to the releases made by the Class Members and the Settlement Class Members set forth in paragraph 3 hereof, the Named Plaintiff, as of the Effective Date, makes the additional following general release of all claims, known or unknown. (The release set forth in this paragraph 4 shall be referred to hereinafter as the "General Release").

- 14 -

1           Named Plaintiff fully releases and discharges the Released Parties from

2    all claims, demands, rights, liabilities and causes of action of every nature and

3    description whatsoever, known or unknown, asserted or that might have been

4    asserted, whether in tort, contract, or for violation of any state or federal statute, rule

5    or regulation arising out of, relating to, or in connection with any act or omission by

6    or on the part of any of the Released Parties committed or omitted prior to the

7    execution hereof.  This includes any unknown claims the Named Plaintiff does not

8    know or suspect to exist in his favor, which, if known by him, might have affected

9    his settlement with, and release of, the Released Parties or might have affected his

10   decision not to object to the settlement.

11

12          With respect to the General Release, the Named Plaintiff stipulates and

13   agrees that, upon the Effective Date, the Named Plaintiff shall be deemed to have,

14   and by operation of the Final Judgment shall have, expressly waived and

15   relinquished, to the fullest extent permitted by law, the provisions, rights and

16   benefits of Section 1542 of the California Civil Code, or any other similar provision

17   under federal or state law, which provides:

18

19             A general release does not extend to claims which the

20             creditor does not know or suspect to exist in his or her

21             favor at the time of executing the release, which if known

22             by him or her must have materially affected his or her

23             settlement with the debtor.

24

25          Named Plaintiff may hereafter discover facts in addition to or different

26   from those he now knows or believes to be true with respect to the subject matter of

27   the General Release, but the Named Plaintiff upon the Effective Date, shall be

28   deemed to have, and by operation of the Final Judgment shall have, fully, finally,

- 15 -

1   and forever settled and released any and all of the claims released pursuant to the
2   General Release, whether known or unknown, suspected or unsuspected, contingent
3   or non-contingent, which now exist, or heretofore have existed upon any theory of
4   law or equity now existing or coming into existence in the future, including, but not
5   limited to, conduct that is negligent, intentional, with or without malice, or a breach
6   of any duty, law or rule, without regard to the subsequent discovery or existence of
7   such different or additional facts.

8

9          Named Plaintiff also agrees and acknowledges he is not eligible for re-
10  hire by any of the Defendants, or any PepsiCo, Inc. company, subsidiary, division,
11  affiliate, predecessor and/or successor, and that this Agreement shall be grounds for
12  termination of any such employment.

13

14         5.    Settlement Fund.  The term "Settlement Fund" shall refer to the
15  funds Defendants will distribute under the terms of this Settlement in accordance
16  with paragraph 6 below.  The Settlement Fund has a maximum value of
17  $1,600,000.00 (One Million Six Hundred Thousand Dollars and No Cents),
18  inclusive of attorneys' fees, costs and expenses; the incentive payment to the Named
19  Plaintiff; payment to the Labor Workforce Development Agency ("LWDA"); all
20  taxes owed as a result of any payments under the Settlement Agreement; and all
21  costs of administration, including settlement administration fees.  Under no
22  circumstances will Defendants be liable for an amount that exceeds the total
23  Settlement Fund.

24

25         6.    Allocation of Settlement Fund.  The Settlement Fund shall be
26  allocated among these elements:

27

28

- 16 -

SMRH:409782350.7

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION CLAIMS

1               (a)    the Fees Award (as hereinafter defined) to Class Counsel,

2 in an amount not to exceed $480,000.00 (Four Hundred and Eighty Thousand

3 Dollars And No Cents), representative of thirty percent (30%) of the Settlement

4 Fund;

5

6               (b)    the Costs Award (as hereinafter defined) to Class Counsel,

7 in an amount not to exceed $25,000.00 (Twenty-Five Thousand Dollars And No

8 Cents);

9

10              (c)    the Incentive Award (as hereinafter defined) to the Named

11 Plaintiff, in an amount not to exceed $15,000.00 (Fifteen Thousand Dollars And No

12 Cents);

13

14              (d)    the PAGA payment,  in an amount not to exceed

15 $5,000.00 (Five Thousand Dollars and No Cents) representative of penalties

16 recoverable under PAGA and payable to the LWDA, 75% of which, or $3,750.00,

17 will be paid to the LWDA, and 25% of which, or $1,250.00, will be paid to the

18 Settlement Class Members as an additional component of their Settlement Awards,

19 and will be part of the Payout Fund; and

20

21              (e)    the claims administration expenses, in an amount not to

22 exceed $45,000.00 (Forty-Five Thousand Dollars And No Cents).

23

24        The amount that remains after the Incentive Award, claims

25 administration expenses, attorneys' fees and costs, and LWDA portion of  PAGA

26 penalties have been deducted from the Settlement Fund shall be called the "Payout

27 Fund" which will  be allocated as Settlement Awards (as defined below) and

28 distributed to Settlement Class Members as described below.

1    The maximum total amount that Defendants can be required to pay, for

2  any and all purposes under this Agreement, is the Settlement Fund, or

3  $1,600,000.00.  All payments set forth in this paragraph 6 shall be paid by

4  Defendants through the Claims Administrator within thirty (30) days of the

5  Effective Date.

6

7    7.    Plan of Allocation for Payment to Settlement Class Members.

8  Within thirty (30) days after the Effective Date, and solely for purposes of this

9  Settlement, Defendants shall wire the amount of the Settlement Fund into an

10  account set up by the Claims Administrator for distribution in accordance with the

11  following eligibility and settlement formula requirements:

12

13    (a)    Excluded from becoming Class Members are those

14  Plaintiffs who submit valid and timely requests for exclusion pursuant to the terms

15  and procedures of the Notice of Pendency and Settlement of Class Action;

16  Settlement Hearing; and Claim, Consent, and Exclusion Procedures (attached as

17  Exhibit 1 hereto).

18

19    (b)    All Class Members will be eligible to submit a claim for a

20  "Settlement Award" (as defined below).  If a Class Member submits a timely and

21  properly completed Claim Form/FLSA Consent Form ("Claim Form") (attached as

22  Exhibit 2 hereto) then the Class Member will also be a "Settlement Class Member."

23  Defendants will pay Settlement Awards to Settlement Class Members.  The Gross

24  Settlement Amounts of these Settlement Awards will be calculated as follows:

25

26    (i)    After deducting the amount of Fees Award, the

27  Costs Award, the Incentive Award, the PAGA Payment, and claims administration

28

- 18 -

1  expenses that are all finally approved by the Court, the remaining Payout Fund will

2  be allocated to the Settlement Class Members;

3

4           (ii)    To arrive at these amounts, the Payout Fund will be

5  distributed based on: (1) the number of weeks each Plaintiff held a Qualified

6  Position during the Class Period, and (2) which of the three Qualified Positions the

7  Plaintiff held, and for how many weeks the Plaintiff held each such position.  The

8  number of workweeks for each Plaintiff will be determined by adding all the

9  calendar days within the inclusive dates of employment and dividing that number by

10 seven.  Any partial workweek will be expressed as a percentage of a full workweek.

11 Each Qualified Position will be assigned a Distribution Factor.  Each week worked

12 in a Qualified RSA Position will receive a Distribution Factor of five (5) ("RSA

13 Distribution Factor").  Each week worked in a Qualified Merchandiser Position will

14 receive a Distribution Factor of two (2) ("Merchandiser Distribution Factor").  Each

15 week worked in a Qualified Detailer Position will receive a Distribution Factor of

16 one (1) ("Detailer Distribution Factor").  Each Plaintiff's workweeks in each

17 Qualified Position will be multiplied by the respective position's Distribution Factor

18 to come up with each Plaintiff's Weighted Workweek Figure.  Settlement Class

19 Members' Gross Settlement Amounts will be calculated by dividing the Payout

20 Fund by the total of all Plaintiffs' Weighted Workweek Figures to arrive at a

21 Provisional Per-Workweek Amount.  A Plaintiff will be eligible to receive at a

22 minimum the Gross Settlement Amount of his or her Weighted Workweek Figure

23 multiplied by the calculated Provisional Per-Workweek Amount.  For example, a

24 Merchandiser who worked 365 days would be eligible for 52 weeks, multiplied by a

25 Distribution Factor of 2, or 104 Plaintiff's Weighted Workweeks.  If the Payout

26 Fund was $1,000,000.00 and the Total Weighted Workweeks for all Plaintiffs was

27 500,000 workweeks, this would result in a $2.00 Provisional Per-Workweek

28 Amount.  Then, the above-Merchandiser would be eligible for $2.00 for 104

- 19 -

1  weighted workweeks, or $208.00.  This would be the Plaintiff's Provisional

2  Settlement Amount.  Defendants shall calculate the Provisional Settlement Amount

3  to be paid to each Plaintiff, and provide this information to the Claims Administrator

4  no later than thirty (30) days after the close of the Class Period.

5

6                    (iii)    Some of the Provisional Settlement Amounts may

7  remain unclaimed, because a Plaintiff (1) was an Unlocated Plaintiff, (2) submitted a

8  valid and timely request for exclusion, and/or (3) failed to submit a valid and timely

9  Claim Form.  Such amounts will be referred to as "Remaining Funds."  Remaining

10  Funds shall be distributed to Settlement Class Members who made valid claims.

11  These funds will be allocated on a proportional basis, as follows.  The amount of the

12  Remaining Funds will be divided amongst the Settlement Class Members by

13  calculating an Additional Workweek Amount.  This Additional Workweek Figure

14  will be calculated by taking the Remaining Funds and dividing it by the total of all

15  Settlement Class Members' Weighted Workweek Figures to arrive at an Additional

16  Workweek Amount.  Each Settlement Class Member will receive an Additional

17  Award equal to the value of their Weighted Workweek Figure, multiplied by the

18  Additional Workweek Amount.  The Additional Share will be added to the

19  Provisional Settlement Amount to arrive at a Final Settlement Amount.

20

21                    (iv)    The Final Settlement Amounts will be reduced by

22  any legally-required state and federal withholding taxes or other applicable payroll

23  deductions for each Settlement Class Member.

24

25                    (v)    Sixty-six percent (66%) of all Individual Settlement

26  Payments to Settlement Class Members will be called the "Wage Portion."  From

27  each Settlement Class Member's Wage Portion, payroll deductions will be made for

28  state and federal withholding taxes and any other applicable payroll deductions

- 20 -

owed by Defendants as a result of the payment, resulting in a "Gross Wage Portion." From each Settlement Class Member's Gross Wage Portion, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member as a result of the payment, resulting in a "Net Wage Portion."  The remaining thirty-four (34%) of payments to Settlement Class Members represents the "Non-Wage Portion" of the Individual Settlement Payment and includes interest and penalties sought in the Class Action. Settlement Class Members will be issued W2s for the Wage Portions of their Individual Settlement Payment and IRS Form 1099s for the Non-Wage Portions. Once the allocations are made between the Wage Portion and Non-Wage Portion, and applicable payroll deductions are made for state and federal withholding taxes and any other applicable payroll deductions from the Wage Portion, the resulting amount shall be the Settlement Class Member's "Net Settlement Amount."  The Net Settlement Amount will be the net amount paid to each Settlement Class Member and is the Settlement Class Member's "Settlement Award."

(vi)    The Claims Administrator shall be responsible for issuing the payments and calculating and withholding all required state and federal taxes owed by the Settlement Class Members and Defendants.

8.    Fees Award, Costs Award, and Incentive Award.  Class Counsel will request, and Defendants will not oppose, an award of attorneys' fees ("Fees Award") of up to $480,000.00 (Four Hundred and Eighty Thousand Dollars and No Cents).  This constitutes thirty percent (30%) of the value of the Settlement Fund. Class Counsel shall request, and Defendants will not oppose, an award of costs incurred up to $25,000.00 (Twenty-Five Thousand Dollars and No Cents) ("Costs Award").  Class Counsels' Fees Award and Costs Award shall be included in the Settlement Fund.  Any Fees Award and Costs Award shall be paid by the Claims

1  Administrator to Class Counsel within thirty (30) days of the Effective Date either
2  by check or wiring the Incentive Award to an account designated by Class Counsel.
3  Class Counsel will be issued an IRS Form 1099 for their award of attorneys' fees
4  and costs.  If the Court awards attorneys' fees and costs less than said amount, the
5  unawarded amounts shall be distributed *cy pres* to The United Way of Greater Los
6  Angeles – Los Angeles Workforce Funders Collaborative.  Class Counsel shall not
7  be permitted to petition the District Court for, or accept, any additional payments for
8  fees, costs, or interest, and the Fees Award shall be for all claims for attorneys' fees
9  and costs past, present and future incurred in the Class Action.

10

11         The Fees Award and Costs Award shall be paid by the Claims
12  Administrator from the Settlement Fund to an account designated by Class Counsel.

13

14         Defendants' payment of the Fees Award and Costs Award to Class
15  Counsel shall constitute full satisfaction of the obligation to pay any amounts to any
16  person, attorney or law firm for attorneys' fees, expenses or costs in the Class Action
17  incurred by any attorney on behalf of the Named Plaintiff and/or the Plaintiff Class,
18  and shall relieve Defendants, the Claims Administrator, the Settlement Fund, and
19  Defendants' Counsel of any other claims or liability to any other attorney or law
20  firm for any attorneys' fees, expenses and/or costs to which any of them may claim
21  to be entitled on behalf of the Named Plaintiff and the Plaintiff Class.

22

23         Class Counsel may apply for an Incentive Award in an amount not to
24  exceed a total of $15,000.00 (Fifteen Thousand Dollars and No Cents) ("Incentive
25  Award"), to be paid to the Named Plaintiff for his time and effort spent pursuing the
26  Action.  Defendants agree not to oppose such an application, so long as it is
27  consistent with the provisions of this Agreement.  Any Incentive Award shall be
28  paid by the Claims Administrator to Class Counsel within thirty (30) days of the

- 22 -

1   Effective Date either by check or wiring the Incentive Award to an account

2   designated by Class Counsel.  The Named Plaintiff will be issued an IRS Form 1099

3   for the Incentive Award.  If the District Court awards an incentive payment less than

4   said amount, the unawarded amounts shall be distributed *cy pres* to The United Way

5   of Greater Los Angeles – Los Angeles Workforce Funders Collaborative.

6

7          9.     <u>Responsibilities of Defendants.  Defendants shall:</u>

8

9                 (a)     Pay, or cause to be paid, the Claims Administrator for

10  costs and expenses of administering this Settlement, up to a maximum of

11  $45,000.00, after the completion of the claims administration process or on a

12  different schedule agreed upon by Defendants and the Claims Administrator.  If the

13  Court awards claims administration expenses less than said amount, the unawarded

14  amounts shall be distributed *cy pres* to The United Way of Greater Los Angeles –

15  Los Angeles Workforce Funders Collaborative;

16

17                (b)     Pay, or cause the Claims Administrator to pay, the Fees

18  Award, Costs Award, Incentive Award, and the PAGA Payment, within thirty (30)

19  days of the Effective Date;

20

21                (c)     Provide, within thirty (30) days of the close of the Class

22  Period, the Claims Administrator a "Class List and Data Report" showing each

23  Plaintiff's name, most current mailing address and telephone number, social security

24  number, and the respective number of weeks each Plaintiff worked in each Qualified

25  Position during the Class Period.  Within fifteen (15) days of receipt of the Class

26  List and Data Report, the Claims Administrator shall calculate the Provisional

27  Settlement Amount of each Plaintiff.  The Claims Administrator shall not share this

28  information with Class Counsel.  Defendants shall provide the list in an electronic

- 23 -

1  format reasonably acceptable to the Claims Administrator.  The Claims

2  Administrator will keep the list confidential, and will use it only for the purposes

3  described herein.  Defendants shall also provide Class Counsel with a list of each

4  Plaintiff's first name, the last four digits of their Social Security Numbers, the

5  number of Work Weeks in each Qualifying Position, and the Provisional Settlement

6  Amount of each Plaintiff.  Class Counsel shall not use the data to initiate contact

7  with Class Members who have not initiated contact with Class Counsel, or for any

8  reason other than to respond to inquiries from Class Members that are made in

9  response to the Notice of Settlement.  This information shall be provided to Class

10  Counsel on an Attorneys' Eyes Only Confidential basis, and shall be returned or

11  destroyed at the conclusion of this Action;

12

13          (d)     Cause the Claims Administrator to pay the Individual

14  Settlement Awards to the Settlement Class Members in accordance with the terms of

15  this Agreement.

16

17          10.     Operation of the Settlement Fund.

18

19          (a)     At no time shall Defendants have the obligation to

20  segregate the funds comprising the Settlement Fund from their other assets and will

21  retain exclusive authority over, and responsibility for, those funds.

22

23          (b)     The Claims Administrator will calculate the Net

24  Settlement Amounts to be paid to the Settlement Class Members from the Payout

25  Fund in accordance with the terms and provisions of this Agreement.

26

27          (c)     The Claims Administrator shall have the authority and

28  obligation to make payments, credits and disbursements, including payments and

- 24 -

credits in the manner set forth herein, to Settlement Class Members from the Payout Fund calculated in accordance with the methodology set out in this Agreement and orders of the District Court, and shall do so.

(d)     To the extent any tax returns must be filed for the Settlement Fund pursuant to this Agreement, the Claims Administrator shall cause to be timely and properly filed all informational and other tax returns, if any, necessary with respect to the Settlement Fund.  Such returns shall be consistent with this paragraph.  The Parties do not believe the Settlement Fund will generate any taxable income.  However, if any taxable income is generated by the Settlement Fund, in all events the tax returns filed shall reflect that all taxes payable on the taxable income of the Settlement Fund, if any, shall be paid from the Settlement Fund.  Any expenses consisting of the expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, reasonable expenses of tax attorneys, accountants or other designees retained by the Claims Administrator as required for the preparation and filing of tax returns described in this paragraph) shall be treated as, and considered to be, a cost of administration of the Settlement.

(e)     No person shall have any claim against Defendants, Defendants' Counsel, the Named Plaintiff, Plaintiffs, the Class, Class Counsel or the Claims Administrator based on distributions and payments made in accordance with this Agreement.

(f)     The maximum amount Defendants can be required to pay under this Settlement for any purpose is the amount of the Settlement Fund.

- 25 -

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION CLAIMS

1            11.    <u>No Injunctive Relief</u>. As part of this Settlement, Defendants

2 shall not be required to enter into any consent decree, nor shall Defendants be

3 required to agree to any provision for injunctive relief, or to modify or eliminate any

4 of its personnel, compensation or payroll practices, or adopt any new personnel,

5 compensation or payroll practices.

6

7            12.    <u>Notice/Approval of Settlement and Settlement Implementation</u>.

8 As part of this Settlement, the Parties agree to the following procedures for

9 obtaining preliminary District Court approval of the Settlement, notifying Plaintiffs,

10 obtaining final District Court approval of the Settlement, and processing the

11 settlement payments:

12

13            (a)    <u>CAFA Notice</u>. Pursuant to CAFA, within ten (10) business

14 days after the close of the Class Period, Defendants will mail the CAFA Notice to the

15 Attorney General of the United States, the Attorney General of the State of California, and

16 the Attorney General of each other state where Class Members reside according to

17 Defendants' records. The Parties intend and believe that the CAFA Notice pursuant to the

18 procedures described in this section comply with the requirements of CAFA; will seek

19 approval of these procedures for CAFA Notice in Plaintiff's motion for preliminary

20 approval of the Settlement; and will request the Court to adjudicate the validity of the

21 CAFA Notice in the motion for final approval of the Settlement and bar any Plaintiff's

22 claim to void or avoid the Settlement under CAFA.

23

24            (b)    <u>Preliminary Settlement Hearing</u>. Plaintiffs and Defendants

25 shall jointly request a hearing before the District Court, for a mutually convenient date, to

26 request Preliminary Approval of the Settlement.

27

28

1       (c)     Preliminary Approval Order.  In conjunction with this

2   hearing, Plaintiffs will submit this Agreement, which sets forth the terms of this

3   Settlement, and will include proposed forms of all notices and other documents as attached

4   hereto necessary to implement the Settlement.  Simultaneous with the filing of the

5   Stipulation of Settlement and solely for purposes of this Settlement, Plaintiffs will request

6   the District Court to enter the Preliminary Approval Order ("Preliminary Approval Order"

7   or "Order") (attached as Exhibit 3 hereto), preliminarily approving the proposed

8   Settlement, and setting a date for a Settlement Hearing to determine final approval of the

9   Settlement.  The Order shall provide for notice of the Settlement and related matters to be

10   sent to Plaintiffs as specified herein.

11

12       (d)     Notice to Plaintiffs.  Notice of the Settlement shall be

13   provided to Plaintiffs using the following procedures:

14

15           (1)     Claims Administrator.  CPT Group, located at

16   16630 Aston, Irvine, California 92606, Telephone:  (800) 542-0900; Fax:  (949)

17   419-3446; Website: www.cptgroup.com (hereinafter "Claims Administrator"), or

18   such other entity upon whom the Parties mutually agree, shall be retained to serve as

19   Claims Administrator.  The Claims Administrator shall be responsible for preparing,

20   printing and mailing the Notice of Settlement of Class Action; Settlement Hearing;

21   and Claim, Consent, and Exclusion Procedures ("Notice") (attached as Exhibit 1

22   hereto) and the Claim Form/FLSA Consent Form (attached as Exhibit 2 hereto)

23   (collectively referred to as the "Notice Packet") as directed by the District Court to

24   the Plaintiffs; receiving and reviewing the Claim Forms submitted by Class

25   Members to determine eligibility for payment as Settlement Class Members and the

26   amount of any such payments, along with the amount of all payroll tax deductions to

27   be withheld; keeping track of opt-outs; drafting and mailing Settlement Award

28   checks to Settlement Class Members; and for such other tasks as the Parties

- 27 -

1  mutually agree or the District Court orders the Claims Administrator to perform.
2  The Parties each represent they do not have any financial interest in the Claims
3  Administrator or otherwise have a relationship with the Claims Administrator that
4  could create a conflict of interest.
5
6         Defendants shall be responsible for paying over to the Claims
7  Administrator at such times as requested by the Claims Administrator, and as set
8  forth herein, those amounts necessary to enable the Claims Administrator to pay
9  Settlement Class Members, the Named Plaintiff, and Class Counsel.
10
11         (2)    Notice By First-Class Mail.  Within thirty (30) days
12  after receipt of the Class List and Data Report, as provided herein, the Claims
13  Administrator shall mail a jointly prepared Notice Packet to Plaintiffs via first-class
14  regular U.S. mail.  Plaintiffs will have sixty (60) days from the mailing of the Notice
15  Packet to submit their claims or forty-five (45) days from the mailing of the Notice
16  Packet to opt-out of or object to the settlement.  Prior to mailing, the Claims
17  Administrator will perform a search based on the National Change of Address
18  Database information to update and correct for any known or identifiable address
19  changes and, if necessary, perform reasonable skip-tracing efforts to locate
20  Plaintiffs.  If a new address is obtained by way of a returned Notice Packet, the
21  Claims Administrator shall promptly forward the original Notice Packet to the
22  updated address via first-class regular U.S. mail indicating on the original Notice
23  Packet the date of such re-mailing.
24
25         The Claim Form will include the individualized number of Workweeks
26  by Qualified Position worked by the Plaintiff during the Class Period based on
27  Defendants' records, along with the individual estimated Provisional Settlement
28  Award payment.

- 28 -

1    A Class Member may challenge the number of Workweeks identified
2    on his/her Claim Form by submitting a written challenge to the Claims
3    Administrator, postmarked within the Claims Period.  Only a Settlement Class
4    Member may challenge the number of Workweeks.  Such Settlement Class
5    Members will also be asked to submit documentary evidence sufficient to prove the
6    number of Workweeks.  Defendants shall have the right to respond to the challenge
7    by any Settlement Class Member.  The final decision as to the Settlement Class
8    Member's Workweeks for purposes of his or her Individual Settlement Award will
9    be decided by mutual decision of Class Counsel and Defendants' Counsel.
10
11    If any Class Member files a defective Claim Form postmarked before
12    the submission deadline, the Claims Administrator shall send a Cure Letter to such
13    Class Member advising him/her that the claim is defective and must be cured to
14    become valid.  The Claims Administrator must mail the Cure Letter within five (5)
15    business days of receiving a defective claim.  The Cure Letter shall state that the
16    Class Member has fifteen (15) days from the date of the mailing of the Cure Letter
17    or until the submission deadline, whichever date is later, to postmark a revised
18    claim.  If a Class Member responds to a Cure Letter by filing a second defective
19    claim, then the Claims Administrator shall have no further obligation to give notice
20    of a need to cure.  Such defective claims will be considered invalid but the Class
21    Members will remain Class Members.
22
23    Thirty (30) days after the mailing of the Notice Packet, the Claims
24    Administrator shall send a reminder postcard to all Class Members who have not yet
25    responded.  Forty-five (45) days after the mailing of the Notice Packet, the Claims
26    Administrator shall make reminder phone calls to all Class Members who have not
27    yet responded.  In addition, the Claims Administrator shall establish an Internet
28

- 29 -

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION CLAIMS

1   website for the purpose of posting case-related notices and information, and for

2   Class Members to submit Claim Forms/FLSA Consent Forms online.

3

4       Class Counsel further agrees to file their motion for the Class Counsel

5   Attorneys' Fees and Costs Payments at least seven (7) days prior to the deadline to

6   file a written objection to the Settlement, and a copy of which will also be made

7   available on the above-describe Internet website.

8

9       All Claim Forms will be submitted to the Claims Administrator, who

10  will certify jointly to Class Counsel and Defendants' Counsel whether the forms

11  were timely submitted.  The Claims Administrator shall regularly report to the

12  Parties, in written form, the substance of the work performed, the basis for any

13  denial of a claim, and the total amount of Claims approved for payment and/or paid.

14  The Claims Administrator will, on a weekly basis during and for a reasonable period

15  following the Claim Period, provide updates to Class Counsel and Defense Counsel

16  as to the number of Plaintiffs who submitted (i) valid opt-out requests for

17  exclusions; (ii) valid Claim Forms; (iii) deficient Claim Forms; and (iv) objections.

18  To the extent practicable, weekly updates shall set forth the number of Weighted

19  Workweeks claimed by Settlement Class Members who submitted a valid Claim

20  Form out of the entire total Weighted Workweeks for all Plaintiffs.  To the extent

21  practicable, the weekly updates shall also provide updated data on the extent of

22  Class Notices and Claim Forms that are returned undeliverable and any re-mailing,

23  postcard reminder, and telephonic reminder efforts.

24

25      Within ten (10) days after the close of the Claim Period, the Claims

26  Administrator will prepare a declaration to be provided to Class Counsel and

27  Defendant's Counsel for filing in support of Plaintiff's motion for final approval

28  attesting to the following: (i) its mailing efforts regarding the Class Notice and

- 30 -

STIPULATION AND SETTLEMENT AGREEMENT OF
                                                              CLASS ACTION CLAIMS

1  Claim Form, along with any postcard and telephonic reminders (indicated by the

2  number Plaintiffs only); (ii) its receipt of the valid Claim Forms and valid requests

3  for exclusion, and its inability to deliver the Class Notice and Claim Form to

4  Plaintiffs, if any; (iii) the number of Settlement Class Members and the total number

5  of claimed Weighted Workweeks out of the total number of Weighted Workweeks

6  for all Plaintiffs; (iv) the highest and lowest estimated Settlement Payments, along

7  with the estimated average Settlement Payment.  No less than ten (10) days before

8  the Final Approval Hearing, the Claims Administrator will prepare and submit to

9  Class Counsel and Counsel for Defendants for filing in support of the motion any

10 supplemental declaration as applicable.

11

12         In the event the procedures in this paragraph are followed and the

13 intended recipient of a Notice Packet still does not receive the Notice Packet, the

14 intended recipient shall remain a Class Member and will be bound by all terms of

15 the Settlement and any Final Judgment entered by the District Court if the

16 Settlement is approved by the District Court.

17

18         (e)    Procedure for Payment of Settlement Awards.  Except for

19 Plaintiffs who submit valid and timely requests for exclusion as provided herein, all

20 Plaintiffs who have submitted a valid and timely Claim Form shall become

21 Settlement Class Members and shall receive a Settlement Award from Defendants,

22 distributed by Defendants through the Claims Administrator within thirty (30) days

23 of the Effective Date.  The Claim Form shall include instructions on how to submit

24 the Form, and shall notify Plaintiffs that the Claim Form must be completed, signed

25 and returned by mail no later than sixty (60) days after the date the Form was mailed

26 (the "Claim Deadline") for a Plaintiff to become a Settlement Class Member and be

27 eligible to receive any Settlement Award.  The date of the postmark on the return

28 envelope shall be the exclusive means used to determine whether a Plaintiff has

- 31 -

1  "timely" returned his/her Claim Form on or before the Claim Deadline. Claim

2  Forms received by the Claims Administrator that have been postmarked after the

3  Claim Deadline shall be disregarded. For purposes of this Agreement, a Claim

4  Form shall be deemed "valid" only if: (1) the Plaintiff has provided on the Claim

5  Form his or her name, last four digits of his/her social security number and

6  telephone number; (2) the Plaintiff has dated and signed the Claim Form; and (3) the

7  name and last four digits of his/her social security number provided by the Plaintiff

8  on the Form match Defendants' records as provided to the Claims Administrator. If

9  a Plaintiff's Claim Form is defective as to any of these three requirements, the

10  Plaintiff shall be given an opportunity to cure the defect(s). Any such Claim Form

11  shall be returned to the Plaintiff, who will be informed of the defect(s). The

12  Plaintiff will be given fifteen (15) days from the date the Claim Form was mailed

13  back to the Plaintiff within which to cure the defect(s) and return the Claim Form to

14  the Claims Administrator. If the revised Claim Form is not postmarked within that

15  Cure Period, it shall be deemed untimely and the claim will be rejected. The name

16  and last four digits of a social security number provided by the Plaintiff will be

17  deemed to match Defendants' records only if: (1) both the first name and the last

18  name and the last four digits of his/her social security number provided by the

19  Plaintiff match Defendants' records; or (2) the first name and the last four digits of

20  his/her social security number provided by the Plaintiff match Defendants' records

21  and it appears the last name has been changed as a result of a change in marital or

22  domestic partner status or pursuant to a valid court order.

23

24         Although Plaintiffs who do not submit valid and timely Claim Forms

25  shall not receive a Settlement Award, such persons shall nonetheless be Class

26  Members and will be bound by all terms of the Settlement and any Final Judgment

27  entered in this Action if the Settlement is approved by the District Court. After the

28  conclusion of the defect cure period, the Claims Administrator will send a Notice of

- 32 -

1  Denied Claim Form to any Class Member who had submitted a Claim Form that
2  was not timely and/or not valid, stating the reason the claim was denied.

3

4      Settlement Awards for Settlement Class Members shall be paid
5  pursuant to the settlement formula set forth herein within thirty (30) days after the
6  Effective Date.  The Claims Administrator's determination of eligibility for, and the
7  amounts of, any Settlement Awards under the terms of this Agreement, shall be
8  conclusive, final and binding on all Parties, including all Settlement Class Members.

9

10     Checks paid to Settlement Class Members shall remain valid and
11 negotiable for one hundred twenty (120) days from the date of their issuance
12 ("Check Stale Date") and may thereafter automatically be canceled if not cashed by
13 a Settlement Class Member within that time, at which time the Settlement Class
14 Member's claim will be deemed void and of no further force and effect.  The funds
15 corresponding to voided checks pursuant to this paragraph shall be distributed *cy*
16 *pres* to The United Way of Greater Los Angeles – Los Angeles Workforce Funders
17 Collaborative.

18

19         (f)    Procedure for Objecting to or Requesting Exclusion From
20 Class Action Settlement.

21

22             (1)    Procedure for Objecting.  The Notice shall provide
23 that Class Members who wish to object to the Settlement must file with the District
24 Court and serve on counsel for the Parties a written statement objecting to the
25 Settlement.  Such written statement must be filed with the District Court and served
26 on counsel for the Parties no later than forty-five (45) days after the date the Notice
27 is first mailed (the "Objection/Exclusion Deadline Date").  No Class Member shall
28 be entitled to be heard at the final Settlement Hearing (whether individually or

- 33 -

1  through separate counsel) or to object to the Settlement, and no written objections or

2  briefs submitted by any Class Member shall be received or considered by the

3  District Court at the Settlement Hearing, unless written notice of the Class Member's

4  intention to appear at the Settlement Hearing, and copies of any written objections

5  or briefs, shall have been filed with the District Court and served on counsel for the

6  Parties on or before the Objection/Exclusion Deadline Date.  The Parties will be

7  permitted to respond in writing to such objections prior to the Final Approval

8  Hearing.  Class Members who fail to file and serve timely written objections in the

9  manner specified above shall be Class Members and shall be deemed to have

10  waived any objections and shall be foreclosed from making any objection (whether

11  by appeal or otherwise) to the Settlement.

12

13                    (2)    Procedure for Requesting Exclusion.  The Notice

14  shall provide that Plaintiffs who wish to exclude themselves from the Plaintiff Class

15  must submit a written statement requesting exclusion from the Plaintiff Class on or

16  before the Objection/Exclusion Deadline Date.  The Opt-Out Request must

17  additionally state in substance:

18          "I have read the Class Notice and I wish to opt out of the class action
19          and the settlement of the following case: *Elliott v. Rolling Frito-Lay
            Sales, L.P. et al.,* SACV 11-1730 DOC."
20

21                    Such written request for exclusion must contain the name, address,

22  telephone number and last four digits of Social Security number of the person

23  requesting exclusion and the location and years of his or her employment by

24  Defendants, must be returned by mail to the Claims Administrator at a specified

25  address, and must be postmarked on or before the Objection/Exclusion Deadline

26  Date.  The date of the postmark on the return mailing envelope shall be the

27  exclusive means used to determine whether a request for exclusion has been timely

28  submitted.  Any Plaintiff who opts-out of the Plaintiff Class will not be entitled to

- 34 -

1  any recovery under the Settlement and will not be bound by the Settlement or have

2  any right to object, appeal or comment thereon.  Plaintiffs who fail to submit a valid

3  and timely request for exclusion on or before the Objection/Exclusion Deadline

4  Date shall be Class Members and shall be bound by all terms of the Settlement and

5  any Final Judgment entered in this Class Action if the Settlement is approved by the

6  District Court.

7

8          The Claims Administrator shall provide Counsel for Defendants with

9  "Database Reports" reflecting the names, social security numbers, and the amount of

10  the Payout Fund allocated to all Plaintiffs who opt-out of the Plaintiff Class.

11

12          (g)     No Solicitation of Settlement Objections or Exclusions.

13  The Parties agree to use their best efforts to carry out the terms of this Settlement.

14  At no time shall any of the Parties or their counsel seek to solicit or otherwise

15  encourage Plaintiffs to submit written objections to the Settlement or requests for

16  exclusion from the Settlement Class, or appeal from the District Court's Final

17  Judgment.

18

19          (h)     Option to Terminate Settlement.  If, after the

20  Objection/Exclusion Deadline Date and before the Settlement Hearing referenced in

21  paragraph 12(i) below, the number of Plaintiffs who have timely filed with the Court

22  requests for exclusion total in number more than the number specified in a separate

23  Supplemental Agreement between the Parties, Defendants shall have, in their sole

24  discretion, the option to terminate this Settlement in accordance with the procedures

25  set forth in the Supplemental Agreement.  The Supplemental Agreement will not be

26  filed with the District Court unless and until a dispute arises among the parties

27  concerning its interpretation or application or the District Court so orders, and in

28  either event it shall be filed and maintained by the District Court under seal.

SMRH:409782350.7                                        STIPULATION AND SETTLEMENT AGREEMENT OF
                                                        CLASS ACTION CLAIMS

1    Based on Defendants' best, good-faith estimate, as of July 17, 2013, the

2  Parties understood the average headcounts to be as follows:  Detailers: 360;

3  Merchandisers: 151; and RSAs: 174.5.  If these figures are incorrect by 10% or

4  greater and if the additional headcount of Detailers, Merchandisers, and RSAs, or

5  the additional headcount of Plaintiffs in Qualified Positions, cannot be paid their

6  calculated Settlement Awards from any unclaimed funds allocated to Plaintiffs who

7  failed to complete Claim Forms/FLSA Consent Forms, Defendants will increase the

8  Gross Settlement Amount proportionately.

9

10    (i)    Final Settlement Approval Hearing and Entry of Final

11  Judgment.  Upon expiration of the claim period, with the District Court's

12  permission, a Settlement Hearing shall be conducted to determine final approval of

13  the Settlement along with the amount properly payable for (i) the Fees Award and

14  Costs Award, (ii) the Named Plaintiff's Incentive Award, (iii) the costs of

15  administration, and (iv) the PAGA payment to the LWDA.  Upon final approval of

16  the Settlement by the District Court at or after the Settlement Hearing, the Parties

17  shall present a Final Judgment and Order of Dismissal with Prejudice ("Final

18  Judgment") (attached as Exhibit 4 hereto) to the District Court for its approval.

19  After entry of the Final Judgment, the District Court shall have continuing

20  jurisdiction solely for purposes of addressing: (i) settlement administration matters

21  and (ii) such post-Final Judgment matters as may be appropriate under court rules or

22  as set forth in this Agreement.

23

24    Administration of the Settlement shall be completed on or before the

25  date one hundred eighty (180) days after the Effective Date.  Upon completion of

26  administration of the Settlement, Defendants shall provide written certification,

27  under penalty of perjury, of such completion to the District Court and Plaintiffs'

28  Counsel.  Also upon completion of administration of the Settlement, the Claims

STIPULATION AND SETTLEMENT AGREEMENT OF
                                                       CLASS ACTION CLAIMS

1  Administrator shall provide written certification, under penalty of perjury, of such

2  completion to the District Court and counsel for all Parties, as provided herein.

3  Finally, Defendants or the Claims Administrator shall submit redacted Claim Forms

4  to the Court for approval.

5

6          (j)     Administration Costs.  All of Defendants' own legal fees,

7  costs and expenses incurred in this Action shall be borne by Defendants.  In

8  accordance with paragraph 7, claims administration expenses will be part of the

9  Settlement Fund.  The Parties agree to cooperate in the Settlement administration

10 process and to make all reasonable efforts to control and minimize the costs and

11 expenses incurred in administration of the Settlement.

12

13         (k)     Nullification of Settlement Agreement.  In the event: (i)

14 the District Court does not enter the Order specified herein; (ii) the District Court

15 does not finally approve the Settlement as provided herein; (iii) the District Court

16 does not enter a Final Judgment as provided herein which becomes final as a result

17 of the occurrence of the Effective Date; or (iv) the Settlement does not become final

18 for any other reason, this Settlement Agreement shall be null and void and any order

19 or judgment entered by the Court in furtherance of this Settlement shall be treated as

20 void ab initio.  In such a case, the Parties and any funds to be awarded under this

21 Settlement shall be returned to their respective statuses as of the date and time

22 immediately prior to the execution of this Agreement, and the Parties shall proceed

23 in all respects as if this Settlement Agreement had not been executed, except that

24 any fees already incurred by the Claims Administrator shall be paid for by

25 Defendants and shall not be repaid to Defendants.  In the event an appeal is filed

26 from the District Court's Final Judgment, or any other appellate review is sought

27 prior to the Effective Date, administration of the Settlement shall be stayed pending

28 final resolution of the appeal or other appellate review.

- 37 -

1                (l)     <u>Appraisal and Certification By Claims Administrator</u>.  The

2 Claims Administrator shall keep Defendants and Defendants' counsel apprised of all

3 distributions from the Settlement Fund and upon completion of administration of

4 that portion of the Settlement, the Claims Administrator shall provide written

5 certification, under penalty of perjury, of such completion to the District Court and

6 counsel for all Parties.

7

8           13.     <u>Privacy of Documents and Information</u>.  Plaintiffs and their

9 counsel agree that none of the documents and information provided to them by

10 Defendants shall be used for any purpose other than prosecution of this Class

11 Action.  Defendants agree that the identities of those Settlement Class Members

12 who submit Claim Forms will not be disclosed to those Settlement Class Members'

13 direct supervisors at Defendants.

14

15           14.     <u>No Effect on Employee Benefits</u>.  The Incentive Award and

16 Settlement Awards paid to the Named Plaintiff and Settlement Class Members shall

17 be deemed not to be pensionable earnings and shall not have any effect on the

18 eligibility for, or calculation of, any of the employee benefits (e.g., vacations,

19 holiday pay, retirement plans, etc.) of the respective Named Plaintiff or Settlement

20 Class Members.  The Parties agree that any Incentive Award and Settlement Awards

21 paid to Named Plaintiff and Settlement Class Members under the terms of this

22 Agreement do not represent any modification of Named Plaintiff's or Settlement

23 Class Members' previously credited hours of service or other eligibility criteria

24 under any employee pension benefit plan or employee welfare benefit plan

25 sponsored by Defendants.  Further, any Incentive Award or Settlement Awards

26 hereunder shall not be considered "compensation" in any year for purposes of

27 determining eligibility for, or benefit accrual within, an employee pension benefit

28 plan or employee welfare benefit plan sponsored by Defendants.

15.   <u>Publicity</u>.  The Parties agree that, prior to Preliminary Approval of the Settlement, the terms of this Settlement will be kept confidential.

From and after Preliminary Approval of the Settlement, Class Counsel and the Named Plaintiff may only comment regarding the specific terms of this Agreement: (1) as required by law; or (2) as required under the terms of this Agreement.  In all other cases, Class Counsel and the Named Plaintiff agree to not publicize this Settlement in any way.  Neither the Named Plaintiff nor Class Counsel shall hold any press conference or make any press release related in any way to the Settlement, nor publicize the Settlement on Class Counsel's website.  However, Class Counsel may submit adequacy declarations in other cases identifying this case by name and number and the fact that they were appointed as class counsel in this action; or, alternatively, that settlement was given final approval by the Court in a wage/hour class action against a national employer for truck drivers/route sales/hourly employees for more than one million dollars, but without identifying this action or the employer or Defendants.

16.   <u>No Admission By the Released Parties</u>.  Defendants and the Released Parties deny any and all claims alleged in this Class Action and deny all wrongdoing whatsoever.  This Agreement is not a concession or admission, and shall not be used against Defendants or any of the Released Parties as an admission or indication with respect to any claim of any fault, concession or omission by Defendants or any of the Released Parties.  Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

1           (a)    construed as, offered or admitted in evidence as, received

2  as, or deemed to be evidence for any purpose adverse to the Released Parties,

3  including, but not limited to, evidence of a presumption, concession, indication or

4  admission by any of the Released Parties of any liability, fault, wrongdoing,

5  omission, concession or damage; or

6

7           (b)    disclosed, referred to or offered or received in evidence

8  against any of the Released Parties, in any further proceeding in the Class Action, or

9  any other civil, criminal or administrative action or proceeding except for purposes

10  of settling this Class Action pursuant to this Agreement.

11

12        17.   CIRCULAR 230 DISCLAIMER. EACH PARTY TO THIS

13  AGREEMENT (FOR PURPOSES OF THIS SECTION, THE

14  "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT

15  OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY")

16  ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS

17  AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE

18  BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND

19  OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH

20  COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED

21  OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF

22  UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART

23  10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED

24  EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND

25  TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN

26  CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO

27  THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY

28  OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER

- 40 -

1   PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY

2   COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER

3   TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE

4   IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY

5   OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION

6   THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S

7   OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH

8   LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE

9   ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX

10   STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION

11   CONTEMPLATED BY THIS AGREEMENT.

12

13       18.   <u>Exhibits and Headings</u>.  The terms of this Agreement include the

14   terms set forth in any attached Exhibits 1-4, which are incorporated by this reference

15   as though fully set forth herein.  Any Exhibits to this Agreement are an integral part

16   of the Settlement.  The descriptive headings of any paragraphs or sections of this

17   Agreement are inserted for convenience of reference only and do not constitute a

18   part of this Agreement.

19

20       19.   <u>Interim Stay of Proceedings</u>.  The Parties agree to hold all

21   proceedings in the Class Action, except such proceedings necessary to implement

22   and complete the Settlement, in abeyance pending the Settlement Hearing to be

23   conducted by the District Court.

24

25       20.   <u>Amendment or Modification</u>.  This Agreement may be amended

26   or modified only by a written instrument signed by counsel for all Parties or their

27   successors-in-interest.

28

SMRH:409782350.7                              STIPULATION AND SETTLEMENT AGREEMENT OF
                                                          CLASS ACTION CLAIMS

1    21.   <u>Entire Agreement</u>.  With the exception of the separate

2  supplemental agreement referenced in paragraph 12(h), this Agreement and any

3  attached Exhibits constitute the entire agreement among these Parties, and no oral or

4  written representations, warranties or inducements have been made to any Party

5  concerning this Agreement or its Exhibits other than the representations, warranties

6  and covenants contained and memorialized in such documents.

7

8    22.   <u>Authorization to Enter Into Settlement Agreement</u>.  Counsel for

9  all Parties warrant and represent they are expressly authorized by the Parties whom

10  they represent to negotiate this Agreement and to take all appropriate action required

11  or permitted to be taken by such Parties pursuant to this Agreement to effectuate its

12  terms, and to execute any other documents required to effectuate the terms of this

13  Agreement.  The Parties and their counsel will cooperate with each other and use

14  their best efforts to effect the implementation of the Settlement.

15

16    23.   <u>Binding on Successors and Assigns</u>.  This Agreement shall be

17  binding upon, and inure to the benefit of, the successors or assigns of the Parties

18  hereto, as previously defined.

19

20    24.   <u>California Law Governs</u>.  All terms of this Agreement and the

21  Exhibits hereto shall be governed by and interpreted according to the laws of the

22  State of California.

23

24    25.   <u>Counterparts</u>.  This Agreement may be executed in one or more

25  counterparts.  All executed counterparts and each of them shall be deemed to be one

26  and the same instrument provided that counsel for the Parties to this Agreement

27  shall exchange among themselves original signed counterparts.

28

- 42 -

26.     <u>This Settlement is Fair, Adequate and Reasonable</u>.  The Parties believe this Settlement is a fair, adequate and reasonable settlement of this Class Action and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement was reached after extensive negotiations.

27.     <u>Jurisdiction of the District Court</u>.  The District Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

28.     <u>Cooperation and Drafting</u>.  Each of the parties has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction made to this Agreement, the same shall not be construed against any of the parties.

29.     <u>Invalidity of Any Provision</u>.  Before declaring any provision of this Agreement invalid, the District Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

30.     <u>Named Plaintiff's Waiver of Right to be Excluded and Object</u>. The Named Plaintiff agrees to sign this Agreement and by signing this Agreement is bound by the terms herein stated and further agrees not to request to be excluded from the Settlement Class and agrees not to object to any of the terms of this Agreement.  Non-compliance by the Named Plaintiff with this paragraph shall be

- 43 -

1  void and of no force or effect.  Any such request for exclusion or objection shall

2  therefore be void and of no force or effect.

3

4  <u>NAMED PLAINTIFF</u>

5  Date: _11-8-2013_

6  _____

7  SIDNEY ELLIOTT

8  <u>PLAINTIFFS' COUNSEL</u>

9  SPIRO LAW CORP

10

11  Date: _11-8-2013_

12  By: _____

   Jennifer Connor

13  Attorneys for Plaintiffs

14  GIGLIOTTI & GIGLIOTTI

15

16  Date: _____

17  By: _____

   Joe Gigliotti

18  Attorneys for Plaintiffs

19  <u>ROLLING FRITO-LAY SALES, LP</u>

20

21  Date: _____

22  By: _____

   Its: _____

23  <u>FRITO-LAY, INC.</u>

24

25  Date: _____

26  By: _____

   Its: _____

27

28

SMRH:409782350.7                    STIPULATION AND SETTLEMENT AGREEMENT OF
                                    CLASS ACTION CLAIMS

1  void and of no force or effect.  Any such request for exclusion or objection shall

2  therefore be void and of no force or effect.

3

4                                      NAMED PLAINTIFF

5
   Date: _____          _____
6

7                                      SIDNEY ELLIOTT

8                                      PLAINTIFFS' COUNSEL

9                                      SPIRO LAW CORP

10

11 Date: _____          By: _____

12                                         Jennifer Connor
                                           Attorneys for Plaintiffs
13

14                                     GIGLIOTTI & GIGLIOTTI

15

16 Date: _Nov 11 2013_                 By: _____

17                                         Joe Gigliotti
                                           Attorneys for Plaintiffs
18

19                                     ROLLING FRITO-LAY SALES, LP

20

21 Date: _____          By: _____
22                                     Its: _____

23                                     FRITO-LAY, INC.

24

25 Date: _____          By: _____
26                                     Its: _____

27

28
                                       - 44 -
   SMRH:409782350.7                    STIPULATION AND SETTLEMENT AGREEMENT OF
                                       CLASS ACTION CLAIMS

1    void and of no force or effect.  Any such request for exclusion or objection shall

2    therefore be void and of no force or effect.

3

4                                          NAMED PLAINTIFF

5    Date: _____

6                                          _____

7                                          SIDNEY ELLIOTT

8                                          PLAINTIFFS' COUNSEL

9                                          SPIRO LAW CORP

10

11   Date: _____

                                           By: _____

12                                              Jennifer Connor
                                                Attorneys for Plaintiffs
13

14                                         GIGLIOTTI & GIGLIOTTI

15

16   Date: _____

17                                         By: _____

                                               Joe Gigliotti
18                                             Attorneys for Plaintiffs

19                                         ROLLING FRITO-LAY SALES, LP

20

21   Date:   11. 3. 13

                                           By: _____

22                                         Its:  SR. EMPLOYMENT COUNSEL

23                                         FRITO-LAY, INC.

24

25   Date:   11. 8. 13

                                           By: _____

26                                         Its:  SR. EMPLOYMENT COUNSEL

27

28

                                    - 44 -

1

FRITO-LAY SALES, INC.

2

Date: _____11. 8. 13_____

3    By: _____

4    Its: _____
       SR. EMPLOYMENT COUNSEL

5

6    SHEPPARD MULLIN RICHTER & HAMPTON LLP

7

8
     Date: _____

9    By: _____

10       Samantha D. Hardy
          Ashley T. Hirano

11       Attorneys for Defendants
          Rolling Frito-Lay Sales, LP, Frito-Lay, Inc.

12       & Frito-Lay Sales, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 45 -

FRITO-LAY SALES, INC.

Date: _____

By: _____
Its: _____

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Date: 11/11/13

By: _____
Samantha D. Hardy
Ashley T. Hirano
Attorneys for Defendants
Rolling Frito-Lay Sales, LP, Frito-Lay, Inc.
& Frito-Lay Sales, Inc.

- 45 -

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1

## **LIST OF EXHIBITS**

2

3          1.      Class Notice

4

5          2.      Claim Form

6

7          3.      Preliminary Approval Order

8

9          4.      Final Judgment and Order of Dismissal With Prejudice

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:409782350.7          STIPULATION AND SETTLEMENT AGREEMENT OF
                                                  CLASS ACTION CLAIMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY ELLIOTT, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br><br>    v.<br><br>ROLLING FRITO-LAY SALES, LP, FRITO LAY, INC., FRITO-LAY SALES, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No. SA CV11-1730 DOC (ANx) |

## **CLASS NOTICE**

SMRH:409847811.5

## NOTICE OF SETTLEMENT OF CLASS ACTION; SETTLEMENT HEARING; AND CLAIM, CONSENT, AND EXCLUSION PROCEDURES

Elliott v. Rolling Frito-Lay Sales, LP, Frito-Lay, Inc., and Frito-Lay Sales, Inc.
U.S. District Court for the Central District of California, Case No. SA CV11-1730 DOC (ANx)

**TO: Any and all persons who are or were employed as a Route Sales Associate ("RSA"), RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee, Merchandiser, Sales Merchandiser or Detailer ("Qualified Position") by Rolling Frito-Lay Sales, LP, Frito-Lay, Inc. or Frito-Lay Sales, Inc. (collectively "Frito-Lay") in the state of California from November 9, 2007 through [date of preliminary approval or December 31, 2013, whichever is later] ("Class Period").**

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. IT MAY AFFECT YOUR LEGAL RIGHT TO A MONETARY SETTLEMENT ARISING OUT OF YOUR EMPLOYMENT AS AN RSA, RSR ASSOCIATE, RSR SALES SPECIALIST, RSR SPECIALIST, SALES TRAINEE, RSR TRAINEE, MERCHANDISER, SALES MERCHANDISER AND/OR DETAILER BY FRITO-LAY DURING THE CLASS PERIOD.**

| | |
|---|---|
| **RETURN THE CLAIM FORM** | This is the ONLY WAY to receive payment from the Settlement. In exchange for receiving payment from the Settlement you are releasing federal claims covered by the Settlement, in addition to state law claims that you will already be releasing, against Frito-Lay and/or related entities. |
| **DO NOTHING** | You WILL NOT receive a payment from the Settlement but you will still release certain state law, but not federal law, claims covered by the Settlement against Frito-Lay and/or related entities. |
| **EXCLUDE YOURSELF** | Receive no payment from the Settlement and retain all rights you may have against Frito-Lay and/or related entities as to state and federal claims. |
| **OBJECT** | Write to the Court about why you don't agree with the Settlement. The Court may or may not agree with your objection. Objecting to the Settlement will not exclude you from the Settlement, and you will release certain state law claims covered by the Settlement. |

**THIS NOTICE WILL EXPLAIN THE ABOVE OPTIONS IN MORE DETAIL AND INFORM YOU OF IMPORTANT, TIME-SENSITIVE DEADLINES FOR EACH OPTION.**

The Class includes all present and former employees of Frito-Lay in California who fall into one of the following groups: (a) "Route Sales Associate Class" means all present and former employees of Defendants Rolling Frito-Lay Sales, LP, Frito-Lay, Inc. and Frito-Lay Sales, Inc. who are or were employed in California in the job position of Route Sales Associate, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee or RSR Trainee at any time

during the Class Period; (b) "Merchandiser Class" means all present and former hourly employees of Defendants Rolling Frito-Lay Sales, LP, Frito-Lay, Inc. and Frito-Lay Sales, Inc. who are or were employed in California in the job position of Merchandiser or Sales Merchandiser at any time during the Class Period; and (c) "Detailer Class" means all present and former hourly employees of Defendants Rolling Frito-Lay Sales, LP, Frito-Lay, Inc. and Frito-Lay Sales, Inc. who are or were employed in California in the job position of Detailer at any time during the Class Period.

PLEASE READ THIS NOTICE CAREFULLY.  FRITO-LAY'S RECORDS SHOW YOU MAY BE A PLAINTIFF.  YOUR RIGHTS MAY BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION.

## I. <u>INTRODUCTION</u>

If you were employed by Frito-Lay in California as an RSA, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee, Merchandiser, Sales Merchandiser or Detailer at any time from November 9, 2007 through **[date of preliminary approval or December 31, 2013, whichever is later]** (the "Class Period"), you are a member of the proposed settlement class in this class action lawsuit and your rights will be affected as set forth in the proposed settlement described in this Notice (the "Settlement"). On _____, 2013, the Court preliminarily approved the Settlement.  You have received this Notice because Frito-Lay's records show you were employed by Frito-Lay in California as an RSA, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee, Merchandiser, Sales Merchandiser or Detailer at some time during the Class Period and are therefore a "Plaintiff" in this action.

## II. <u>NATURE OF THE ACTION</u>

This Action was filed by Named Plaintiff Sidney Elliott ("Named Plaintiff") in the United States District Court for the Central District of California, Southern Division, on November 9, 2011, against Rolling Frito-Lay Sales, LP, Frito-Lay, Inc. and Frito-Lay Sales, Inc. On December 7, 2011, Frito-Lay answered the Complaint.  Named Plaintiff's Complaint alleges the following causes of action: (1) Failure to Properly Pay Overtime Wages to Merchandisers[1] and RSAs; (2) Failure to Provide Meal and Rest Periods to Merchandisers; (3) Failure to Furnish Itemized Wage Statements for Merchandisers and RSAs; (4) Failure to Timely Pay Wages Upon Termination to Merchandisers and RSAs; and (5) Unfair Competition in violation of Business & Professions Code § 17200, *et seq.*

The Named Plaintiff generally alleges that Frito-Lay failed to provide meal and rest periods to its Merchandisers, and improperly calculated their overtime.  Named Plaintiff further alleges that Frito-Lay failed to properly calculate and pay its RSAs overtime.  On this basis,

---

[1] Named Plaintiff brought his Complaint on behalf of Merchandisers and RSAs, but worked for Frito-Lay as a Detailer and RSA.  For litigation purposes, the Parties disputed the similarity of the Detailer and Merchandiser positions.  For settlement purposes, however, the Parties have agreed to settle all claims of both Merchandisers and Detailers, in addition to the RSAs, and throughout this Stipulation will refer to Detailers and Merchandisers together using the umbrella term of "Merchandiser."

Named Plaintiff also alleges derivative claims for failure to pay accurate wages at termination, and penalties for incorrect wage statements. For these allegedly improper actions, Named Plaintiff is demanding various amounts for wages, penalties, interest, attorneys' fees, and other damages (collectively, the "Claims").

## III. POSITIONS OF THE PARTIES

Frito-Lay has denied and continues to deny each of the claims and contentions alleged by Named Plaintiff in the Action. Frito-Lay has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Frito-Lay also has denied and continues to deny, *inter alia*, the allegations that Plaintiffs have suffered damages; that Frito-Lay improperly calculated and paid Plaintiffs for all wages owed, including overtime; that Frito-Lay failed to provide meal and rest periods; that Frito-Lay provided Plaintiffs with inaccurate wage statements; that Frito-Lay failed to timely pay all wages due at termination; that Frito-Lay engaged in any unlawful, unfair or fraudulent business practices; that Frito-Lay engaged in any other wrongful conduct as alleged in the Action; or that Plaintiffs were harmed by the conduct alleged in the Action.

Counsel for the Named Plaintiff and the Plaintiffs ("Class Counsel") have extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the applicable law. Class Counsel recognizes the expense and length of continued proceedings necessary to continue the litigation against Frito-Lay through trial and through any possible appeals. Class Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.

Class Counsel is also aware of the burdens of proof necessary to establish liability for the Claims, of Frito-Lay's defenses, and of the difficulties in establishing damages for the Plaintiffs. Class Counsel also has taken into account the extensive settlement negotiations conducted by Plaintiffs and Frito-Lay (the "Parties"). Based on the foregoing, Class Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Plaintiffs.

Frito-Lay has also concluded that the further defense of this litigation would be protracted and expensive for all Parties. Frito-Lay has, therefore, agreed to settle this Action in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Action.

## IV. THE SETTLEMENT

The following is only a summary of the provisions of the proposed Settlement between the Named Plaintiff, the Plaintiffs and Frito-Lay. The specific and complete terms of the proposed Settlement are described in the Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement"), a copy of which is available from the Court's docket for your review as set forth at the end of this Notice.

The Settlement has a maximum value of $1,600,000.00 (One Million Six Hundred Thousand Dollars and No Cents) (the "Settlement Fund"). The Settlement Fund is made up of six parts: (1) the total payments to Settlement Class Members of the Settlement Awards (the

"Payout Fund"), (2) a Fees Award to Class Counsel, (3) a Costs Award to Class Counsel, (4) an Incentive Award to the Named Plaintiff, (5) a payment to the Labor Workforce Development Agency, and (6) claims administration expenses.  The Payout Fund is explained in this Section.  The Fees Award, Costs Award, Incentive Award, payment to the LWDA, and claims administration expenses are explained in Section VI below.

All Plaintiffs are receiving this Notice.  All Plaintiffs who do not request to be excluded from the Settlement as set forth in Section VIII below will be "Class Members."  As a Class Member, if you wish to participate in the monetary recovery, you must sign and return the enclosed Claim Form/FLSA Consent Form ("Claim Form") as set forth below in Section V.  You will then be a "Settlement Class Member."  Frito-Lay has agreed to make available to the Plaintiffs an amount of approximately $1,031,250.00 (One Million Thirty One Thousand Two Hundred and Fifty Dollars and No Cents) (the "Payout Fund").  Settlement Class Members will receive payment from the Payout Fund based on how long they worked as an RSA, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee, Merchandiser, Sales Merchandiser or Detailer for Frito-Lay in California during the Class Period.  Each Settlement Class Member's share of the Payout Fund is referred to as that Settlement Class Member's "Settlement Award."

To calculate the Settlement Awards, the Payout Fund will be distributed based on: (1) the number of weeks each Plaintiff held a Qualified Position during the Class Period, and (2) which of the three Qualified Positions the Plaintiff held, and for how many weeks the Plaintiff held each such position.  The number of workweeks for each Plaintiff will be determined by adding all the calendar days within the inclusive dates of employment and dividing that number by seven.  Any partial workweek will be expressed as a percentage of a full workweek.  Each Qualified Position will be assigned a Distribution Factor.  Each week worked in a Qualified RSA Position will receive a Distribution Factor of five (5) ("RSA Distribution Factor").  Each week worked in a Qualified Merchandiser Position will receive a Distribution Factor of two (2) ("Merchandiser Distribution Factor").  Each week worked in a Qualified Detailer Position will receive a Distribution Factor of one (1) ("Detailer Distribution Factor").  Each Plaintiff's workweeks in each Qualified Position will be multiplied by the respective position's Distribution Factor to come up with each Plaintiff's Weighted Workweek Figure.  Settlement Class Members' Gross Settlement Amounts will be calculated by dividing the Payout Fund by the total of all Plaintiffs' Weighted Workweek Figures to arrive at a Provisional Per-Workweek Amount.  A Plaintiff will be eligible to receive at a minimum the Gross Settlement Amount of his or her Weighted Workweek Figure multiplied by the calculated Provisional Per-Workweek Amount.  For example, a Merchandiser who worked 365 days would be eligible for 52 weeks, multiplied by a Distribution Factor of 2, or 104 Plaintiff's Weighted Workweeks.  If the Payout Fund was $1,000,000.00 and the Total Weighted Workweeks for all Plaintiffs was 500,000 workweeks, this would result in a $2.00 Provisional Per-Workweek Amount.  Then, the above-Merchandiser would be eligible for $2.00 for 104 weighted workweeks, or $208.00.  This would be the Plaintiff's Provisional Settlement Amount.

Some of the Provisional Settlement Amounts may remain unclaimed, because a Plaintiff (1) was an Unlocated Plaintiff (an "Unlocated Plaintiff" is any Plaintiffs whose Notice has been returned as undeliverable after all of the procedures the Stipulation have been followed); (2) submitted a valid and timely request for exclusion; and/or (3) failed to submit a valid and timely

Claim Form. Such amounts will be referred to as "Remaining Funds." Remaining Funds shall be distributed to Settlement Class Members who made valid claims. These funds will be allocated on a proportional basis, as follows: The amount of the Remaining Funds will be divided amongst the Settlement Class Members by calculating an Additional Workweek Figure. This Additional Workweek Amount will be calculated by taking the Remaining Funds and dividing it by the total of all Settlement Class Members' Weighted Workweek Figures to arrive at an Additional Workweek Amount. Each Settlement Class Member will receive an Additional Award equal to the value of their Weighted Workweek Figure, multiplied by the Additional Workweek Amount. The Additional Share will be added to the Provisional Settlement Amount to arrive at a Final Settlement Amount.

Each Settlement Class Member's Gross Settlement Amount will be divided into a "Wage Portion" and a "Non-Wage Portion." The Wage Portion shall comprise sixty-six percent (66%) of each Settlement Class Member's Gross Settlement Amount and the "Non-Wage Portion" shall comprise thirty-four percent (34%) of each Settlement Class Member's Gross Settlement Amount. From the Wage Portion, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by Frito-Lay as a result of the payment, resulting in a "Gross Wage Portion." From each Settlement Class Member's Gross Wage Portion, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member as a result of the payment, resulting in a "Net Wage Portion." The sum of the Net Wage Portion and the Non-Wage Portion will be paid to each Settlement Class Member and is each Settlement Class Member's "Settlement Award." Subject to Court approval, the Parties anticipate Settlement Awards will be distributed in approximately_____, 201_.

## V.  CLAIM PROCEDURE FOR MONETARY RECOVERY/FLSA CONSENT PROCEDURE

A.     The Settlement of this Action includes claims under both California state law and federal law. All Plaintiffs receiving this Notice will be bound by the Settlement as to their state law claims unless they request exclusion as set forth below in Section VIII. However, only Plaintiffs who complete, sign and return the enclosed Claim Form will become Settlement Class Members and receive payment. Federal law provides that Plaintiffs will not be bound by the Settlement of this Action unless they complete and return the enclosed Claim Form/FLSA Consent Form. You therefore have three options:

- If you wish to receive a Settlement Award, you must complete, sign and return the Claim Form as outlined below in subsection B. This will also indicate your consent to join the FLSA portion of the action. You will be bound by the Settlement as to both your state and federal claims.

- If you do not return the Claim Form or request exclusion, you will be bound by the Settlement as to your state claims but not as to your federal claims, and you will not receive a Settlement Award.

- If you wish to be excluded from the Settlement, you must follow the procedures outlined below in Section VIII. You will not be bound by the

Settlement as to either your state or federal claims, and you will not receive a Settlement Award.

B.     As a Class Member, if you wish to receive a recovery and consent to join the FLSA action, you must complete, sign and return in a proper and timely fashion the Claim Form to CPT Group ("Claims Administrator"), located at [address] via first class U.S. mail or equivalent, postage paid, postmarked on or before _____, 201_. Alternatively, you may submit a Claim Form via the Claims Administrator's website, accessible at [WEBSITE ADDRESS]. Any Claim Form that is not submitted by first class mail or equivalent, is postmarked after the applicable date, is not completely and legibly filled out, is not addressed to the proper address, or is not signed by the Class Member, will not constitute a valid claim and will be denied unless otherwise ordered by the Court.

C.     The Claims Administrator shall review each Claim Form received and shall verify each form to reasonably ensure its validity and accuracy as may be reasonably necessary.

D.     A Class Member may challenge the number of Workweeks identified on his/her Claim Form by submitting a written challenge to the Claims Administrator, postmarked within the Claims Period. Only a Settlement Class Member may challenge the number of Workweeks. Such Settlement Class Members will also be asked to submit documentary evidence sufficient to prove the number of Workweeks. Defendants shall have the right to respond to the challenge by any Settlement Class Member. The final decision as to the Settlement Class Member's Workweeks for purposes of his or her Individual Settlement Award will be decided by mutual decision of Class Counsel and Defendants' Counsel.

E.     Each Class Member who submits a valid and timely Claim Form shall be paid a Settlement Award by check. The checks shall remain valid and negotiable for one hundred twenty (120) days from issuance and may thereafter automatically be canceled if not cashed.

## VI.   CLASS COUNSEL'S FEES AWARD, INCENTIVE AWARD, PAYMENT TO THE LWDA, AND CLAIMS ADMINISTRATION EXPENSES

A.     The amount of attorneys' fees awarded to Spiro Law Corp. and Gigliotti & Gigliotti, LLP ("Class Counsel") will be subject to the Court's discretion, but in any event, will not exceed $480,000.00 (Four Hundred Eighty Thousand Dollars and No Cents) (the "Fees Award"). Class Counsel may seek a Costs Award not to exceed $25,000.00 (Twenty-Five Thousand Dollars and No Cents). Class Counsel will not be permitted to petition the Court for any additional payments for fees, costs or interest and the Fees Award and Costs Award shall be for all claims for attorneys' fees and costs past, present and future incurred in the Action. The Fees Award and Costs Award will be paid out of and deducted from the Settlement Fund. As part of the Settlement, you will not be required to pay Class Counsel for their representation of you in the Action.

B.     The amount of Incentive Award to the Named Plaintiff will be subject to the Court's discretion, but in any event, will not exceed $15,000.00 (Fifteen Thousand Dollars and No Cents). This Incentive Award shall be paid out of and deducted from the Settlement Fund.

C.      As part of the preliminary approval of the Settlement, the Court has approved payment of $5,000.00 (Five Thousand Dollars and No Cents) to the California Labor Workforce Development Agency ("LWDA"), 75% of which, or $3,750.00 (Three Thousand Seven Hundred and Fifty Dollars and No Cents) will represent the LWDA's share of the Settlement attributable to civil penalties under the California Labor Code's Private Attorneys General Act, Labor Code §§ 2699 *et seq.* ("PAGA"). The remaining $1,250.00 (One Thousand Two Hundred and Fifty Dollars and No Cents) will be added to the Payout Fund and distributed to Settlement Class Members as part of their Gross Settlement Amounts.

D.      Also as part of the preliminary approval of the Settlement, the Court has approved payment of claims administration expenses in the amount of up to $45,000.00 (Forty-Five Thousand Dollars and No Cents) to the Claims Administrator from the Settlement Fund.

## VII.  <u>BINDING EFFECT/RELEASE OF CLAIMS</u>

A.      <u>Release of Claims Affecting All Class Members</u>

All Class Members, *i.e.*, all Plaintiffs who have not validly requested exclusion, will be bound by the terms of the proposed Settlement with regard to their state law claims if it is approved and if the Final Judgment of the Court dismissing the Action is entered and becomes final. If the proposed Settlement is approved, all Class Members will have released the "Released Parties" from the "Released Claims" as defined below and will be permanently barred from suing or otherwise making a claim against any of the Released Parties for the Released Claims. This is more completely set forth as follows:

1.      As of the Effective Date, Class Members shall fully and finally release and discharge Rolling Frito-Lay Sales, LP, Frito-Lay, Inc., Frito-Lay Sales, Inc., and their former and present parents, subsidiaries and affiliated corporations and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties") from the "Released State Law Claims." For purposes of this Agreement, the "Released State Law Claims" are defined as:

any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted,

whether in tort, contract, or for violation of any state constitution, statute, rule or regulation, including state wage and hour laws,

whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with:

(1) all state law causes of action pleaded in or that could have been pleaded in the Operative Complaint arising from the facts pleaded in the Operative Complaint for the Class Period, namely: (a) failure to pay all wages due, including overtime wages; (b) failure to provide meal periods; (c) failure to authorize rest breaks; (d) failure to timely pay final wages due, before or after the end of employment; (e) failure to provide accurate itemized wage statements; (f) penalties (including penalties under PAGA), liquidated damages, punitive damages, interest,

attorneys' fees, litigation costs, restitution (including, California Bus. & Prof. Code § 17200 *et seq*), and equitable relief; and/or

(2) any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, pleaded in or that could have been pleaded in the Operative Complaint, which are or could be the basis of claims related to Defendants' alleged failure to pay all wages due, including overtime wages; failure to provide meal periods; failure to authorize rest breaks; failure to timely pay final wages due, before or after the end of employment; failure to provide accurate itemized wage statements; penalties (including penalties under PAGA), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution (including California Bus. & Prof. Code § 17200, et seq.) and equitable relief, or other damages of any kind based on a failure to comply with any state wage and hour laws, at any time through the Effective Date (whether based on California state wage and hour law, contract, or otherwise).

2.     With respect to the Released State Law Claims, the Class Members stipulate and agree that, upon the Effective Date, the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released State Law Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released State Law Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

3.     The Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is related to the Released State Law Claims.

B.     Release Of Claims Affecting Only Class Members Who Return A Claim Form/FLSA Consent Form.

All Settlement Class Members, *i.e.*, all Plaintiffs who have submitted a valid Claim Form/FLSA Consent Form, will be bound by the terms of the proposed Settlement with regard to their federal law claims if it is approved and if the Final Judgment of the Court dismissing the Action is entered and becomes final. If the proposed Settlement is approved, all Settlement

Class Members will have released the "Released Parties" from the "Released Federal Claims" as defined below and will be permanently barred from suing or otherwise making a claim against any of the Released Parties for the Released Federal Claims.  This is more completely set forth as follows:

       1.     As of the Effective Date, all Settlement Class Members, including the Named Plaintiff, in addition to releasing the Released Parties from the Released State Law Claims as outlined in subsection (A), also release the Released Parties from the "Released Federal Claims."  For purposes of this Agreement, the "Released Federal Claims" are defined as:

       any and all applicable federal law claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted,

       whether in tort, contract, or for violation of any federal constitution, statute, rule or regulation, including federal wage and hour laws, whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with:

       (1) all federal law causes of action pleaded in or that could have been pleaded in the Operative Complaint arising from the facts pleaded in the Operative Complaint for the Class Period, namely: (a) failure to pay all wages due, including overtime wages; (b) failure to timely pay final wages due, before or after the end of employment; (c) penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief; and/or

       (2) any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, pleaded in or that could have been pleaded in the Operative Complaint, which are or could be the basis of claims related to Defendants' alleged failure to pay all wages due, including overtime wages; failure to timely pay final wages due, before or after the end of employment; penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution and equitable relief, or other damages of any kind based on a failure to comply with any federal wage and hour laws, at any time through the Effective Date (whether based on federal wage and hour law, contract, or otherwise).

       2.     With respect to the Released Federal Law Claims, the Settlement Class Members stipulate and agree that, upon the Effective Date, the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

       A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Federal Law Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Federal Law Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

        3.     The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is related to the Released Federal Law Claims.

## VIII.  <u>PROCEDURE FOR EXCLUSION</u>

Plaintiffs may exclude themselves from the Settlement as to their state law claims by mailing to CPT Group, [ADDRESS], on or before _____, a <u>written</u> statement expressing their desire to be excluded from the Settlement as to their state law claims in the <u>Elliott v. Rolling Frito-Lay Sales, LP, et al.</u> litigation.  Specifically, a Plaintiff requesting exclusion must state, in substance:  "I have read the Class Notice and I wish to opt out of the class action and the settlement of the following case:  *Elliott v. Rolling Frito-Lay Sales, L.P. et al.,* SACV 11-1730 DOC."  If you wish to request exclusion from the Settlement as to your state law claims in this Action, your written statement must include your name (and former names, if any), current address, telephone number, last four digits of your social security number, and the dates of your employment by Frito-Lay.  In addition, it must be postmarked on or before _____. Requests for exclusion that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective.  Persons who are eligible to and do submit valid and timely requests for exclusion from the Settlement as to their state law claims will not receive Settlement Awards, nor will they be bound by the terms of the proposed Settlement as to their state law claims, if it is approved, or the Final Judgment in this Action.

## IX.  <u>SETTLEMENT HEARING/OBJECTIONS TO THE PROPOSED SETTLEMENT</u>

A hearing (the "Settlement Hearing") will be held before the Honorable David O. Carter on _____, 201_ at __:__ _.m. at the United States District Court for the Central District of California, 411 W. Fourth St., Santa Ana, California 92701 (the "Court"), to determine whether the proposed Settlement of the Action is fair, adequate and reasonable and should be approved by the Court and whether the Action should be dismissed on the merits with prejudice.  The hearing may be continued by the Court from time to time as the Court may without further direct notice.

Any Class Member may appear in person or through counsel at the Settlement Hearing and be heard in support of the Settlement or as to why the proposed Settlement of the Action should not be approved as fair, adequate and reasonable, or why a Final Judgment dismissing the Action against Frito-Lay with prejudice should or should not be entered.  No Class Member, however, shall be heard or entitled to object and no papers or briefs submitted by any such

person shall be received or considered by the Court unless written notice of intention to appear at
the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to
the Court at the Settlement Hearing, shall have been filed with the Court and have been served
personally on or before _____, 201_, or if by mail then postmarked no later than
_____, 201_, upon all of the following:

| | | |
|---|---|---|
| Ira Spiro<br>Jennifer Connor<br>SPIRO LAW CORP<br>11377 West Olympic Blvd.<br>5th Floor<br>Los Angeles, CA 90064 | Joe Gigliotti<br>GIGLIOTTI & GIGLIOTTI<br>26501 Rancho Parkway South<br>Suite 101<br>Lake Forest, CA 92630 | Samantha D. Hardy<br>Ashley T. Hirano<br>SHEPPARD, MULLIN,<br>RICHTER & HAMPTON,<br>LLP<br>501 West Broadway<br>19th Floor<br>San Diego, CA 92101 |

     Any Class Member who does not make and serve his or her written objections in the
manner provided above shall be deemed to have waived such objections and shall be foreclosed
from making any objections (by appeal or otherwise) to the proposed Settlement.

     Any Class Member who is satisfied with the proposed Settlement need not appear at the
Settlement Hearing.

## X. EXAMINATION OF PAPERS AND INQUIRIES

     The foregoing is only a summary of the Action and the proposed Settlement and does not
purport to be comprehensive.  For a more detailed statement of the matters involved in the
Action and the proposed Settlement, you may refer to the pleadings, the Stipulation and
Settlement Agreement of Class Action Claims, and other papers filed in the Action, which may
be inspected at the Office of the Clerk of the United States District Court, 411 W. Fourth St.,
Santa Ana, California 92701 during regular business hours of each Court day.

     All inquiries by Plaintiffs regarding this Notice and/or the Settlement should be directed
to counsel for the Settlement Class:

| | |
|---|---|
| Ira Spiro<br>Jennifer Connor<br>SPIRO LAW CORP<br>11377 West Olympic Blvd., 5th Floor<br>Los Angeles, CA 90064<br>Tel:  (310) 235-2350 | Joe Gigliotti<br>GIGLIOTTI & GIGLIOTTI<br>26501 Rancho Parkway South, Suite 101<br>Lake Forest, CA 92630<br>Tel: (949) 305-8202 |

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, FRITO-LAY,
OR FRITO-LAY'S ATTORNEYS WITH INQUIRIES.

Dated: _____, 2013

                                  _____

                                    BY ORDER OF THE COURT
                                    HON. DAVID O. CARTER
                                    U.S. DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY ELLIOTT, individually, and on behalf of all others similarly situated, | Case No. SA CV11-1730 DOC (ANx) |
| Plaintiff, | |
| v. | |
| ROLLING FRITO-LAY SALES, LP, FRITO LAY, INC., FRITO-LAY SALES, INC., and DOES 1-10, inclusive, | |
| Defendants. | |

**CLAIM FORM/FLSA CONSENT FORM**

*Elliott v. Rolling Frito-Lay Sales, LP, et al.*
United States District Court for the Central District of California
Case No. SA CV11-1730 DOC (ANx)

CLAIM FORM/FLSA CONSENT FORM
COMPLETE FOR MONETARY RECOVERY

**BASED ON THE SETTLEMENT FORMULA, THE PARTIES ESTIMATE THAT YOU WILL RECEIVE THE FOLLOWING GROSS AMOUNT IF YOU FILE A CLAIM $ _____. HOWEVER, THE ACTUAL AMOUNT THAT YOU RECEIVE COULD BE MORE OR LESS THAN THIS AMOUNT, DEPENDING ON SUCH FACTORS AS PARTICIPATION RATES, SETTLEMENT COSTS, EXPENSES AND ATTORNEYS' FEES EVENTUALLY APPROVED BY THE COURT.**

**Please Type or Print**

Name (First, Middle, Last): _____
Street Address: _____
City, State, Zip Code: _____
Former Names (if any): _____

_____
Last 4 Digits of Social Security Number          Frito-Lay Employee # (if known)
(_____) _____ (Home)               (_____) _____ (Work)
Area Code Telephone Number                       Area Code Telephone Number

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS FORM TO SHARE IN THE MONETARY RECOVERY AND TO CONSENT TO JOIN THE FLSA PORTION OF THIS ACTION.**

INSTRUCTIONS
1.   Please complete, sign and mail this form to share in the recovery and consent to join the FLSA portion of this action.
2.   If you move, please send us your new address.
3.   Please do not send any supporting documentation at this time.  If such documentation is deemed necessary, a separate request will be sent to you directly.  If you submit a claim, your identity will not be disclosed to your direct supervisor at Frito-Lay.
4.   If found eligible, and subject to Court approval, you should not expect to receive any payment until approximately DATE.

YOU MUST COMPLETE, SIGN AND MAIL THIS FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE DATE, ADDRESSED AS FOLLOWS IN ORDER TO RECEIVE A RECOVERY AND CONSENT TO JOIN THE FLSA PORTION OF THIS ACTION.

| Frito-Lay Claims Administrator |
| :---: |
| c/o CPT Group |
| [ADDRESS] |
| [WEBSITE] |

Frito Lay estimates that you have worked a total of _____ workweeks in a Qualified Position(s).  List location(s) and dates of your employment at Frito-Lay in chronological order as best you can.  (Errors in locations, dates or order of your employment will not affect your eligibility to participate in the settlement or your consent to join the FLSA portion of this action.  This information will aid the Administrator in verifying your records).

_____          _____          _____
Job Title #1                                  Dates                                         Location #1

_____          _____          _____
Job Title #2                                  Dates                                         Location #2

I have reviewed the Class Notice and this form and I hereby apply for a monetary recovery in accordance with the terms of the Class Notice, and also consent to join in the FLSA portion of this action and have Named Plaintiffs and their counsel represent me in this action pursuant to 29 U.S.C. § 216(b).

X_____        _____
  (sign your name here)                                    Date

1

2

3

4

5

6

7

8

9

10          UNITED STATES DISTRICT COURT

11    CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

12

13

14   SIDNEY ELLIOTT, individually, and          Case No. SA CV11-1730 DOC (ANx)
     on behalf of all others similarly situated,

15
               Plaintiff,
16

17         v.

18
     ROLLING FRITO-LAY SALES, LP,
19   FRITO LAY, INC., FRITO-LAY
20   SALES, INC., and DOES 1-10,
     inclusive,
21
               Defendants.
22

23

24

25        **PRELIMINARY APPROVAL ORDER**

26

27

28
     SMRH:409847811.5

                         EXHIBIT "3"

1    WHEREAS, this action is pending before this Court as a class action (the

2  "Action"); and

3

4    WHEREAS, the Parties have jointly applied to this Court for an order

5  preliminarily approving the settlement of the Action in accordance with a

6  Stipulation and Settlement Agreement of Class Action Claims (the "Stipulation" or

7  "Settlement"), which, together with the exhibits annexed thereto, sets forth the terms

8  and conditions for a proposed settlement and dismissal of the Action with prejudice

9  upon the terms and conditions set forth therein; and the Court having read and

10  considered the Stipulation and the exhibits annexed thereto;

11

12    NOW, THEREFORE, IT IS HEREBY ORDERED:

13

14    1.    This Order incorporates by reference the definitions in the Stipulation,

15  and all terms defined therein shall have the same meaning in this Order as set forth

16  in the Stipulation.

17

18    2.    The Court grants preliminary approval to the Stipulation.  The Court

19  preliminarily finds that the Stipulation is fair, adequate and reasonable, and

20  preliminarily approves the terms of the settlement.

21

22    3.    The Court recognizes that the Class Members and Frito-Lay stipulate

23  and agree to certification of a class for settlement purposes only.  This stipulation

24  will not be deemed admissible in this or any other proceeding should this Settlement

25  not become final.  For settlement purposes only, the Court conditionally certifies the

26  following settlement class (the "Class"):  "All present and former employees of

27  Defendants in California who are or were employed in the job position of either

28

SMRH:409847811.5

-1-

EXHIBIT "3"

1 | Route Sales Associate, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales
2 | Trainee, RSR Trainee, Merchandiser, Sales Merchandiser or Detailer at any time
3 | during the Class Period.  The Term "Class Period" means the time period beginning
4 | November 11, 2007 and ending on either: (i) the date this Court grants preliminary
5 | approval; or (ii) December 31, 2013, whichever is later.  Further, for settlement
6 | purposes only, the Court conditionally certifies the following sub-classes:
7 |
8 |     a.   "Route Sales Associate Class" consisting of "all present and
9 |         former employees of Defendants in California who are or were
10 |         employed in California in the job position of Route Sales
11 |         Associate, RSR Associate, RSR Sales Specialist, RSR Specialist,
12 |         Sales Trainee or RSR Trainee at any time during the Class
13 |         Period.
14 |
15 |     b.   "Merchandiser Class" consisting of "all present and former
16 |         employees of Defendants in California who are or were
17 |         employed in California in the job position of Merchandiser or
18 |         Sales Merchandiser at any time during the Class Period.
19 |
20 |     c.   "Detailer Class" consisting of "all present and former employees
21 |         of Defendants in California who are or were employed in
22 |         California in the job position of Detailer at any time during the
23 |         Class Period.
24 |
25 |     Collectively, individuals who fall into the Class (or, one or more of the
26 | above sub-classes) are referred to as "Plaintiffs."  The Court finds, for settlement
27 | purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and
28 |

Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the

manageability requirement of Rule 23(b)(3) that the Court need not address for

purposes the settlement.  The term "Class Member" means a Plaintiff who has not

requested exclusion from the Settlement.

4.    The Court further finds, for settlement purposes only, that conditional

certification of the Action as a collective action under section 216(b) of the Fair

Labor Standards Act ("FLSA") is appropriate.  The term "Settlement Class

Member" means a Class Member who has returned a valid and timely Claim

Form/FLSA Consent Form pursuant to the Stipulation.

5.    Named Plaintiff Sidney Elliott ("Named Plaintiff") is hereby appointed

and designated, for all purposes, as the representative of the class, and the following

attorneys are hereby appointed and designated as counsel for Named Plaintiff and

the Class ("Class Counsel"):

| | |
|---|---|
| Ira Spiro<br>Jennifer Connor<br>SPIRO LAW CORP<br>11377 West Olympic Blvd., 5th Floor<br>Los Angeles, CA 90064<br>Tel:  (310) 235-2350 | Joe Gigliotti<br>GIGLIOTTI & GIGLIOTTI<br>26501 Rancho Parkway South, Suite 101<br>Lake Forest, CA 92630<br>Tel: (949) 305-8202 |

Class Counsel is authorized to act on behalf of Class Members with respect to

all acts or consents required by, or which may be given pursuant to, the Settlement,

and such other acts reasonably necessary to consummate the Settlement.  Any Class

Member may enter an appearance through counsel of such Class Member's own

choosing and at such Class Member's own expense.  Any Class Member who does

not enter an appearance or appear on his or her own will be represented by Class

Counsel.

6.     The Court hereby approves on a preliminary basis the Stipulation and settlement contained therein, including the definition and disposition of the Settlement Fund and related matters provided for in the Stipulation.  It appears to the Court on a preliminary basis that the settlement amount and terms are fair, adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues.  It further appears that extensive and costly investigation and research have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions.  It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by further prosecution of the Action.  It further appears that the Settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations.

7.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, at _____ _.m. at the United States District Court for the Central District of California,  411 W. Fourth St., Santa Ana, California 92701, to determine all necessary matters concerning the Settlement, including:  whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, adequate and reasonable and should be finally approved by the Court; whether a Judgment, as provided in the Stipulation, should be entered herein; whether the plan of allocation contained in the Stipulation should be approved as fair, adequate and reasonable to the Class Members; and to finally approve Class Counsel's Fees and Costs Award, the Named Plaintiff's Incentive Award, the PAGA payment to the LWDA, and the claims administration expenses.  The Final Approval hearing may be continued without further notice to Plaintiffs.  Class Counsel shall file motions for approval of attorneys' fees, costs, and enhancements

1   for the Named Plaintiff sought in the Stipulation on or before seven (7) days prior to

2   [the objection/opt-out period].  The Parties shall file a Motion for Final Approval on

3   or before _____, 201__.

4

5   8.   The Stipulation specifies a Fees Award in an amount not to exceed

6   $480,000.00, Costs in an amount not to exceed $25,000.00, an Incentive Award of

7   $15,000.00 to the Named Plaintiff, $45,000.00 for Claims Administration Expenses,

8   and $3,750.00 to the Labor and Workforce Development Agency ("LWDA") as the

9   LWDA's 75% share of the $5,000.00 allocated to Private Attorney General Act

10  ("PAGA") claims in this Action.  However, the Court will not approve the amount

11  of attorneys' fees and costs until the Final Approval Hearing.  Similarly, the Court

12  will not decide the amount of the Incentive Award until the Final Approval Hearing.

13  If the Court decides to award less than the amounts set forth above, then the

14  unawarded Fees, Costs, Service Award, and Claims Administration Expenses will

15  be distributed *cy pres* to The United Way of Greater Los Angeles – Los Angeles

16  Workforce Funders Collaborative.  It appears to the Court that this provision is

17  appropriate, fair, and reasonable.

18

19  9.   The Court hereby approves, as to form and content, the Notice and

20  Claim Form annexed as Exhibits 1 and 2 to the Stipulation.  The Court finds that the

21  distribution of the Notice and Claim Form substantially in the manner and form set

22  forth in the Stipulation and this Order meets the requirements of due process, is the

23  best notice practicable under the circumstances, and shall constitute due and

24  sufficient notice to all persons entitled thereto.

25

26  10.  The Court hereby appoints CPT Group, 16330 Aston Street, Irvine, CA

27  92606, as Claims Administrator and hereby directs the Claims Administrator to mail

28

SMRH:409847811.5

-5-

EXHIBIT "3"

1  or cause to be mailed to Plaintiffs the Notice and Claim Form by first class mail

2  within sixty (60) days after the entry of this Preliminary Order (the "Notice Date")

3  using the procedures set forth in the Stipulation.  Plaintiffs who wish to participate

4  in the settlement provided for by the Stipulation ("Settlement Class Members") must

5  complete and return the Claim Form pursuant to the instructions contained therein

6  by first class mail or equivalent, postage paid, within sixty (60) days of the Notice

7  Date.

8

9       11.    Any Plaintiff may choose to opt out of and be excluded from the Class

10  as provided in the Notice by following the instructions for requesting exclusion from

11  the Class that are set forth in the Notice.  All requests for exclusion must be

12  submitted as provided in the Notice.  Any such person who chooses to opt out of

13  and be excluded from the Class will not be entitled to any recovery under the

14  Settlement and will not be bound by the Settlement or have any right to object,

15  appeal or comment thereon.  Any written request to opt out must be signed by each

16  such person opting out.  Plaintiffs who have not requested exclusion shall be bound

17  by all determinations of the Court, the Stipulation and Judgment, with the exception

18  as to the federal claims that only those filing the Claim Form will be bound.

19

20       12.    Any Class Member may appear at the Settlement Hearing and may

21  object or express his or her views regarding the Settlement, and may present

22  evidence and file briefs or other papers, that may be proper and relevant to the issues

23  to be heard and determined by the Court as provided in the Notice.  However, no

24  Class Member or any other person shall be heard or entitled to object, and no papers

25  or briefs submitted by any such person shall be received or considered by the Court,

26  unless on or before forty-five (45) days after the Notice Date, that person has served

27  by hand or by first class mail written objections and copies of any papers and briefs

28

SMRH:409847811.5

-6-
EXHIBIT "3"

in support of their position and verification of their membership in the Class upon: (1) Spiro Law Corp., Attn.: Jennifer Connor, 11377 West Olympic Blvd., 5th Floor, Los Angeles, CA 90064; (2) Gigliotti & Gigliotti, Attn.: Joe Gigliotti, 26501 Rancho Parkway South, Suite 101, Lake Forest, CA 92630; and (3) Sheppard, Mullin, Richter & Hampton LLP, Attn.: Samantha Hardy, 501 West Broadway, 19th Floor, San Diego, CA 92101, and filed the objections, papers and briefs with the Clerk of this Court. In order to be valid, the papers must be filed with the Clerk of this Court and received by all of the above counsel on or before forty-five (45) days after the Notice Date. Any Class Member who does not make his or her objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement.

13.     All claims administration expenses shall be paid from the Settlement Fund.

14.     To the extent permitted by law, pending final determination as to whether the settlement contained in the Stipulation should be approved, the Plaintiffs, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any Released Claims or Released Federal Claims against the Released Parties. The Settlement is not a concession or admission, and shall not be used against Frito-Lay or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Frito-Lay or any of the Released Parties. Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be:

a. Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by Frito-Lay or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

b. Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of settling the Action pursuant to the Stipulation.

14. As of the date this Order is signed, all dates and deadlines associated with the Action shall continue to be stayed, other than those related to the administration of the Settlement of the Action.

15. In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation.

16. The Court reserves the right to adjourn or continue the date of the Settlement Hearing and all dates provided for in the Stipulation without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

EXHIBIT "3"

1   Dated: _____

2

                                         _____

3                                          HON. DAVID O. CARTER
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SMRH:409847811.5

EXHIBIT "3"

1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10     CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

11

12
SIDNEY ELLIOTT, individually, and          Case No. SA CV11-1730 DOC (ANx)
13 on behalf of all others similarly situated,

14            Plaintiff,

15

16         v.

17

18 ROLLING FRITO-LAY SALES, LP,
   FRITO LAY, INC., FRITO-LAY
19 SALES, INC., and DOES 1-10,
   inclusive,
20

21            Defendants.

22

23

24

25  **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

26

27

28
SMRH:409847811.5

1    This matter having come before the Court for hearing pursuant to the Order of

2  this Court dated _____, for final approval of the settlement set forth in the

3  Stipulation and Settlement Agreement of Class Action Claims ("Stipulation" or

4  "Settlement"), and due and adequate notice having been given to the Plaintiffs as

5  required in said Order, and the Court having considered all papers filed and

6  proceedings had herein and otherwise being fully informed of the premises and good

7  cause appearing therefor, it is

8

9    ORDERED, ADJUDGED AND DECREED THAT:

10

11    1.    All terms used herein shall have the same meaning as defined in the

12  Stipulation.

13

14    2.    This Court has jurisdiction over the subject matter of this litigation and

15  over all Parties to this litigation, including all Plaintiffs.

16

17    3.    Distribution of the Notice directed to the Plaintiffs as set forth in the

18  Stipulation and the other matters set forth therein has been completed in conformity

19  with the Preliminary Approval Order, including individual notice to all Plaintiffs

20  who could be identified through reasonable effort, and was the best notice

21  practicable under the circumstances.  This Notice provided due and adequate notice

22  of the proceedings and of the matters set forth therein, including the proposed

23  settlement set forth in the Stipulation, to all persons entitled to such Notice, and the

24  Notice fully satisfied the requirements of due process. ____ Plaintiffs objected to

25  the Settlement. ____ Plaintiffs opted out of the Settlement.

26

27    4.    CAFA notice has been properly provided pursuant to 28 U.S.C. § 1715.

28  SMRH:409847811.5

EXHIBIT "4"

5.     This Court hereby approves the settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms.  The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations.  The Court further finds that the Parties have conducted extensive and costly investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions.  The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of these Actions.  The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery. The Court finds that the Class is properly certified as a class for settlement purposes only.

6.     For purposes of this Judgment, the term "Class" means "All present and former employees of Defendants in California who are or were employed in the job position of either Route Sales Associate, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee, Merchandiser, Sales Merchandiser or Detailer at any time during the Class Period.  The term "Class Period" means the time period beginning November 11, 2007 and ending on either: (i) the date this Court grants preliminary approval; or (ii) December 31, 2013, whichever is later. For purposes of this Judgment, the term "Subclass" means all Class Members who belong to one or more of the subclasses below:

a.     "Route Sales Associate Class" consisting of "all present and former employees of Defendants in California who are or were employed in California in the job position of Route Sales

SMRH:409847811.5

-2-

EXHIBIT "4"

1         Associate, RSR Associate, RSR Sales Specialist, RSR Specialist,

2         Sales Trainee or RSR Trainee at any time during the Class

3         Period.

4

5     b.     "Merchandiser Class" consisting of "all present and former

6         employees of Defendants in California who are or were

7         employed in California in the job position of Merchandiser or

8         Sales Merchandiser at any time during the Class Period.

9

10     c.     "Detailer Class" consisting of "all present and former employees

11         of Defendants in California who are or were employed in

12         California in the job position of Detailer at any time during the

13         Class Period.

14

15      The Court finds that the Class is properly certified as a class for

16 settlement purposes only.  The Court further finds, for settlement purposes only, that

17 conditional certification of the Action as a collective action under section 216(b) of

18 the Fair Labor Standards Act ("FLSA") is appropriate.

19

20     7.     The term "Class Member" means a Plaintiff who has not requested

21 exclusion from the Settlement The term "Settlement Class Member" means a Class

22 Member who has returned a valid and timely Claim Form/FLSA Consent Form

23 pursuant to the Stipulation.

24

25     8.     As of the Effective Date, each and every Released Claim of each and

26 every Class Member is and shall be deemed to be conclusively released as against

27 the Released Parties.  All Class Members as of the Effective Date are hereby forever

28    SMRH:409847811.5                 -3-

barred and enjoined from prosecuting the Released Claims against the Released

Parties.  In addition, as of the Effective Date, each and every Released Federal

Claim of each and every Settlement Class Member is and shall be deemed to be

conclusively released as against the Released Parties.  All Settlement Class

Members as of the Effective Date are hereby forever barred and enjoined from

prosecuting Released Federal Claims against the Released Parties.

9.    The Stipulation and Settlement are not an admission by Frito-Lay or

any of the other Released Parties, nor is this Judgment a finding, of the validity of

any claims in the Action or of any wrongdoing by Frito-Lay or any of the other

Released Parties.  Neither this Judgment, the Stipulation, nor any document referred

to herein, nor any action taken to carry out the Stipulation is, may be construed as,

or may be used as an admission by or against Frito-Lay or any of the other Released

Parties of any fault, wrongdoing or liability whatsoever.  The entering into or

carrying out of the Stipulation, and any negotiations or proceedings related thereto,

shall not in any event be construed as, or deemed to be evidence of, an admission or

concession with regard to the denials or defenses by Frito-Lay or any of the other

Released Parties and shall not be offered in evidence in any action or proceeding

against Frito-Lay or any of the Released Parties in any court, administrative agency

or other tribunal for any purpose whatsoever other than to enforce the provisions of

this Judgment, the Stipulation, or any related agreement or release.  Notwithstanding

these restrictions, any of the Released Parties may file in the Action or in any other

proceeding the Judgment, Stipulation, or any other papers and records on file in the

Action as evidence of the Settlement to support a defense of res judicata, collateral

estoppel, release, or other theory of claim or issue preclusion or similar defense as to

the Released Claims.

17.     The Court hereby dismisses the Action on the merits and with prejudice against the Named Plaintiff and all Class Members in favor of Frito-Lay and without costs or attorneys' fees to any of the Parties as against any other settling party, except as provided for in the Stipulation.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

18.     The Court hereby awards Class Counsel attorneys' fees ("Fees Award") in the amount of $_____ and costs ("Costs Award") in the amount of $_____.  Class Counsel shall not be entitled to any other award of attorneys' fees or costs in any way connected with this Action.  The Court also hereby approves an Incentive Award to the Named Plaintiff in the amount of $_____.  The Court approves payment to the LWDA in the amount of $ _____.  The Court also approves the payment of claims administration expenses in the amount of $_____.  Any separate appeal from the portion of this Judgment as to the Fees Award shall not operate to terminate or cancel the Stipulation or otherwise affect the finality of this Judgment.

19.     After administration of the Settlement has been completed in accordance with the Stipulation and all amounts calculated, and in no event later than one hundred and eighty (180) days after the Effective Date, Frito-Lay shall file a report with this Court setting forth the total of the Gross Settlement Amounts for the Settlement Class Members and certifying compliance with the terms of the Settlement.

1    20.        The Court finds that the Stipulation is in good faith and

2    constitutes a fair, reasonable and adequate compromise of the Released Claims and

3    Released Federal Claims against Frito-Lay.

4

5    21.        If the Settlement does not become final and effective in

6    accordance with the terms of the Stipulation, resulting in the return and/or retention

7    of the Settlement Fund to Frito-Lay consistent with the terms of the Settlement, then

8    this Judgment and all orders entered in connection herewith shall be rendered null

9    and void and shall be vacated.

10

11

12   Dated: _____

13

14                                    _____

                                      HON. DAVID O. CARTER
15                                    UNITED STATES DISTRICT COURT
                                      CENTRAL DISTRICT OF CALIFORNIA
16

17

18

19

20

21

22

23

24

25

26

27

28   SMRH:409847811.5                          -6-

# EXHIBIT 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY ELLIOTT, individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br><br>  v.<br><br>ROLLING FRITO-LAY SALES, LP, FRITO LAY, INC., FRITO-LAY SALES, INC., and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. SA CV11-1730 DOC (ANx) |

## **CLASS NOTICE**

SMRH:409847811.5

## NOTICE OF SETTLEMENT OF CLASS ACTION; SETTLEMENT HEARING; AND CLAIM, CONSENT, AND EXCLUSION PROCEDURES

Elliott v. Rolling Frito-Lay Sales, LP, Frito-Lay, Inc., and Frito-Lay Sales, Inc.
U.S. District Court for the Central District of California, Case No. SA CV11-1730 DOC (ANx)

**TO:  Any and all persons who are or were employed as a Route Sales Associate ("RSA"), RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee, Merchandiser, Sales Merchandiser or Detailer ("Qualified Position") by Rolling Frito-Lay Sales, LP, Frito-Lay, Inc. or Frito-Lay Sales, Inc. (collectively "Frito-Lay") in the state of California from November 9, 2007 through [date of preliminary approval or December 31, 2013, whichever is later] ("Class Period").**

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  IT MAY AFFECT YOUR LEGAL RIGHT TO A MONETARY SETTLEMENT ARISING OUT OF YOUR EMPLOYMENT AS AN RSA, RSR ASSOCIATE, RSR SALES SPECIALIST, RSR SPECIALIST, SALES TRAINEE, RSR TRAINEE, MERCHANDISER, SALES MERCHANDISER AND/OR DETAILER BY FRITO-LAY DURING THE CLASS PERIOD.**

| | |
|---|---|
| **RETURN THE CLAIM FORM** | This is the ONLY WAY to receive payment from the Settlement.  In exchange for receiving payment from the Settlement you are releasing federal claims covered by the Settlement, in addition to state law claims that you will already be releasing, against Frito-Lay and/or related entities. |
| **DO NOTHING** | You WILL NOT receive a payment from the Settlement but you will still release certain state law, but not federal law, claims covered by the Settlement against Frito-Lay and/or related entities. |
| **EXCLUDE YOURSELF** | Receive no payment from the Settlement and retain all rights you may have against Frito-Lay and/or related entities as to state and federal claims. |
| **OBJECT** | Write to the Court about why you don't agree with the Settlement.  The Court may or may not agree with your objection.  Objecting to the Settlement will not exclude you from the Settlement, and you will release certain state law claims covered by the Settlement. |

**THIS NOTICE WILL EXPLAIN THE ABOVE OPTIONS IN MORE DETAIL AND INFORM YOU OF IMPORTANT, TIME-SENSITIVE DEADLINES FOR EACH OPTION.**

The Class includes all present and former employees of Frito-Lay in California who fall into one of the following groups:  (a) "Route Sales Associate Class" means all present and former employees of Defendants Rolling Frito-Lay Sales, LP, Frito-Lay, Inc. and Frito-Lay Sales, Inc. who are or were employed in California in the job position of Route Sales Associate, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee or RSR Trainee at any time

during the Class Period; (b) "Merchandiser Class" means all present and former hourly employees of Defendants Rolling Frito-Lay Sales, LP, Frito-Lay, Inc. and Frito-Lay Sales, Inc. who are or were employed in California in the job position of Merchandiser or Sales Merchandiser at any time during the Class Period; and (c) "Detailer Class" means all present and former hourly employees of Defendants Rolling Frito-Lay Sales, LP, Frito-Lay, Inc. and Frito-Lay Sales, Inc. who are or were employed in California in the job position of Detailer at any time during the Class Period.

PLEASE READ THIS NOTICE CAREFULLY. FRITO-LAY'S RECORDS SHOW YOU MAY BE A PLAINTIFF. YOUR RIGHTS MAY BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION.

## I. INTRODUCTION

If you were employed by Frito-Lay in California as an RSA, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee, Merchandiser, Sales Merchandiser or Detailer at any time from November 9, 2007 through [**date of preliminary approval or December 31, 2013, whichever is later**] (the "Class Period"), you are a member of the proposed settlement class in this class action lawsuit and your rights will be affected as set forth in the proposed settlement described in this Notice (the "Settlement"). On _____, 2013, the Court preliminarily approved the Settlement. You have received this Notice because Frito-Lay's records show you were employed by Frito-Lay in California as an RSA, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee, Merchandiser, Sales Merchandiser or Detailer at some time during the Class Period and are therefore a "Plaintiff" in this action.

## II. NATURE OF THE ACTION

This Action was filed by Named Plaintiff Sidney Elliott ("Named Plaintiff") in the United States District Court for the Central District of California, Southern Division, on November 9, 2011, against Rolling Frito-Lay Sales, LP, Frito-Lay, Inc. and Frito-Lay Sales, Inc. On December 7, 2011, Frito-Lay answered the Complaint. Named Plaintiff's Complaint alleges the following causes of action: (1) Failure to Properly Pay Overtime Wages to Merchandisers[1] and RSAs; (2) Failure to Provide Meal and Rest Periods to Merchandisers; (3) Failure to Furnish Itemized Wage Statements for Merchandisers and RSAs; (4) Failure to Timely Pay Wages Upon Termination to Merchandisers and RSAs; and (5) Unfair Competition in violation of Business & Professions Code § 17200, *et seq.*

The Named Plaintiff generally alleges that Frito-Lay failed to provide meal and rest periods to its Merchandisers, and improperly calculated their overtime. Named Plaintiff further alleges that Frito-Lay failed to properly calculate and pay its RSAs overtime. On this basis,

---

[1] Named Plaintiff brought his Complaint on behalf of Merchandisers and RSAs, but worked for Frito-Lay as a Detailer and RSA. For litigation purposes, the Parties disputed the similarity of the Detailer and Merchandiser positions. For settlement purposes, however, the Parties have agreed to settle all claims of both Merchandisers and Detailers, in addition to the RSAs, and throughout this Stipulation will refer to Detailers and Merchandisers together using the umbrella term of "Merchandiser."

-2-
EXHIBIT "1"

Named Plaintiff also alleges derivative claims for failure to pay accurate wages at termination, and penalties for incorrect wage statements. For these allegedly improper actions, Named Plaintiff is demanding various amounts for wages, penalties, interest, attorneys' fees, and other damages (collectively, the "Claims").

## III. POSITIONS OF THE PARTIES

Frito-Lay has denied and continues to deny each of the claims and contentions alleged by Named Plaintiff in the Action. Frito-Lay has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Frito-Lay also has denied and continues to deny, *inter alia*, the allegations that Plaintiffs have suffered damages; that Frito-Lay improperly calculated and paid Plaintiffs for all wages owed, including overtime; that Frito-Lay failed to provide meal and rest periods; that Frito-Lay provided Plaintiffs with inaccurate wage statements; that Frito-Lay failed to timely pay all wages due at termination; that Frito-Lay engaged in any unlawful, unfair or fraudulent business practices; that Frito-Lay engaged in any other wrongful conduct as alleged in the Action; or that Plaintiffs were harmed by the conduct alleged in the Action.

Counsel for the Named Plaintiff and the Plaintiffs ("Class Counsel") have extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the applicable law. Class Counsel recognizes the expense and length of continued proceedings necessary to continue the litigation against Frito-Lay through trial and through any possible appeals. Class Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.

Class Counsel is also aware of the burdens of proof necessary to establish liability for the Claims, of Frito-Lay's defenses, and of the difficulties in establishing damages for the Plaintiffs. Class Counsel also has taken into account the extensive settlement negotiations conducted by Plaintiffs and Frito-Lay (the "Parties"). Based on the foregoing, Class Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Plaintiffs.

Frito-Lay has also concluded that the further defense of this litigation would be protracted and expensive for all Parties. Frito-Lay has, therefore, agreed to settle this Action in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Action.

## IV. THE SETTLEMENT

The following is only a summary of the provisions of the proposed Settlement between the Named Plaintiff, the Plaintiffs and Frito-Lay. The specific and complete terms of the proposed Settlement are described in the Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement"), a copy of which is available from the Court's docket for your review as set forth at the end of this Notice.

The Settlement has a maximum value of $1,600,000.00 (One Million Six Hundred Thousand Dollars and No Cents) (the "Settlement Fund"). The Settlement Fund is made up of six parts: (1) the total payments to Settlement Class Members of the Settlement Awards (the

"Payout Fund"), (2) a Fees Award to Class Counsel, (3) a Costs Award to Class Counsel, (4) an
Incentive Award to the Named Plaintiff, (5) a payment to the Labor Workforce Development
Agency, and (6) claims administration expenses. The Payout Fund is explained in this Section.
The Fees Award, Costs Award, Incentive Award, payment to the LWDA, and claims
administration expenses are explained in Section VI below.

All Plaintiffs are receiving this Notice. All Plaintiffs who do not request to be excluded
from the Settlement as set forth in Section VIII below will be "Class Members." As a Class
Member, if you wish to participate in the monetary recovery, you must sign and return the
enclosed Claim Form/FLSA Consent Form ("Claim Form") as set forth below in Section V. You
will then be a "Settlement Class Member." Frito-Lay has agreed to make available to the
Plaintiffs an amount of approximately $1,031,250.00 (One Million Thirty One Thousand Two
Hundred and Fifty Dollars and No Cents) (the "Payout Fund"). Settlement Class Members will
receive payment from the Payout Fund based on how long they worked as an RSA, RSR
Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee, Merchandiser,
Sales Merchandiser or Detailer for Frito-Lay in California during the Class Period. Each
Settlement Class Member's share of the Payout Fund is referred to as that Settlement Class
Member's "Settlement Award."

To calculate the Settlement Awards, the Payout Fund will be distributed based on: (1) the
number of weeks each Plaintiff held a Qualified Position during the Class Period, and (2) which
of the three Qualified Positions the Plaintiff held, and for how many weeks the Plaintiff held
each such position. The number of workweeks for each Plaintiff will be determined by adding
all the calendar days within the inclusive dates of employment and dividing that number by
seven. Any partial workweek will be expressed as a percentage of a full workweek. Each
Qualified Position will be assigned a Distribution Factor. Each week worked in a Qualified RSA
Position will receive a Distribution Factor of five (5) ("RSA Distribution Factor"). Each week
worked in a Qualified Merchandiser Position will receive a Distribution Factor of two (2)
("Merchandiser Distribution Factor"). Each week worked in a Qualified Detailer Position will
receive a Distribution Factor of one (1) ("Detailer Distribution Factor"). Each Plaintiff's
workweeks in each Qualified Position will be multiplied by the respective position's Distribution
Factor to come up with each Plaintiff's Weighted Workweek Figure. Settlement Class
Members' Gross Settlement Amounts will be calculated by dividing the Payout Fund by the total
of all Plaintiffs' Weighted Workweek Figures to arrive at a Provisional Per-Workweek Amount.
A Plaintiff will be eligible to receive at a minimum the Gross Settlement Amount of his or her
Weighted Workweek Figure multiplied by the calculated Provisional Per-Workweek Amount.
For example, a Merchandiser who worked 365 days would be eligible for 52 weeks, multiplied
by a Distribution Factor of 2, or 104 Plaintiff's Weighted Workweeks. If the Payout Fund was
$1,000,000.00 and the Total Weighted Workweeks for all Plaintiffs was 500,000 workweeks,
this would result in a $2.00 Provisional Per-Workweek Amount. Then, the above-Merchandiser
would be eligible for $2.00 for 104 weighted workweeks, or $208.00. This would be the
Plaintiff's Provisional Settlement Amount.

Some of the Provisional Settlement Amounts may remain unclaimed, because a Plaintiff
(1) was an Unlocated Plaintiff (an "Unlocated Plaintiff" is any Plaintiffs whose Notice has been
returned as undeliverable after all of the procedures the Stipulation have been followed); (2)
submitted a valid and timely request for exclusion; and/or (3) failed to submit a valid and timely

Claim Form. Such amounts will be referred to as "Remaining Funds." Remaining Funds shall be distributed to Settlement Class Members who made valid claims. These funds will be allocated on a proportional basis, as follows: The amount of the Remaining Funds will be divided amongst the Settlement Class Members by calculating an Additional Workweek Figure. This Additional Workweek Amount will be calculated by taking the Remaining Funds and dividing it by the total of all Settlement Class Members' Weighted Workweek Figures to arrive at an Additional Workweek Amount. Each Settlement Class Member will receive an Additional Award equal to the value of their Weighted Workweek Figure, multiplied by the Additional Workweek Amount. The Additional Share will be added to the Provisional Settlement Amount to arrive at a Final Settlement Amount.

Each Settlement Class Member's Gross Settlement Amount will be divided into a "Wage Portion" and a "Non-Wage Portion." The Wage Portion shall comprise sixty-six percent (66%) of each Settlement Class Member's Gross Settlement Amount and the "Non-Wage Portion" shall comprise thirty-four percent (34%) of each Settlement Class Member's Gross Settlement Amount. From the Wage Portion, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by Frito-Lay as a result of the payment, resulting in a "Gross Wage Portion." From each Settlement Class Member's Gross Wage Portion, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member as a result of the payment, resulting in a "Net Wage Portion." The sum of the Net Wage Portion and the Non-Wage Portion will be paid to each Settlement Class Member and is each Settlement Class Member's "Settlement Award." Subject to Court approval, the Parties anticipate Settlement Awards will be distributed in approximately _____, 201_.

## V.  CLAIM PROCEDURE FOR MONETARY RECOVERY/FLSA CONSENT PROCEDURE

A.      The Settlement of this Action includes claims under both California state law and federal law. All Plaintiffs receiving this Notice will be bound by the Settlement as to their state law claims unless they request exclusion as set forth below in Section VIII. However, only Plaintiffs who complete, sign and return the enclosed Claim Form will become Settlement Class Members and receive payment. Federal law provides that Plaintiffs will not be bound by the Settlement of this Action unless they complete and return the enclosed Claim Form/FLSA Consent Form. You therefore have three options:

- If you wish to receive a Settlement Award, you must complete, sign and return the Claim Form as outlined below in subsection B. This will also indicate your consent to join the FLSA portion of the action. You will be bound by the Settlement as to both your state and federal claims.

- If you do not return the Claim Form or request exclusion, you will be bound by the Settlement as to your state claims but not as to your federal claims, and you will not receive a Settlement Award.

- If you wish to be excluded from the Settlement, you must follow the procedures outlined below in Section VIII. You will not be bound by the

Settlement as to either your state or federal claims, and you will not receive a Settlement Award.

B.       As a Class Member, if you wish to receive a recovery and consent to join the FLSA action, you must complete, sign and return in a proper and timely fashion the Claim Form to CPT Group ("Claims Administrator"), located at [address] via first class U.S. mail or equivalent, postage paid, postmarked on or before _____, 201_. Alternatively, you may submit a Claim Form via the Claims Administrator's website, accessible at [WEBSITE ADDRESS]. Any Claim Form that is not submitted by first class mail or equivalent, is postmarked after the applicable date, is not completely and legibly filled out, is not addressed to the proper address, or is not signed by the Class Member, will not constitute a valid claim and will be denied unless otherwise ordered by the Court.

C.       The Claims Administrator shall review each Claim Form received and shall verify each form to reasonably ensure its validity and accuracy as may be reasonably necessary.

D.       A Class Member may challenge the number of Workweeks identified on his/her Claim Form by submitting a written challenge to the Claims Administrator, postmarked within the Claims Period. Only a Settlement Class Member may challenge the number of Workweeks. Such Settlement Class Members will also be asked to submit documentary evidence sufficient to prove the number of Workweeks. Defendants shall have the right to respond to the challenge by any Settlement Class Member. The final decision as to the Settlement Class Member's Workweeks for purposes of his or her Individual Settlement Award will be decided by mutual decision of Class Counsel and Defendants' Counsel.

E.       Each Class Member who submits a valid and timely Claim Form shall be paid a Settlement Award by check. The checks shall remain valid and negotiable for one hundred twenty (120) days from issuance and may thereafter automatically be canceled if not cashed.

## VI.  CLASS COUNSEL'S FEES AWARD, INCENTIVE AWARD, PAYMENT TO THE LWDA, AND CLAIMS ADMINISTRATION EXPENSES

A.       The amount of attorneys' fees awarded to Spiro Law Corp. and Gigliotti & Gigliotti, LLP ("Class Counsel") will be subject to the Court's discretion, but in any event, will not exceed $480,000.00 (Four Hundred Eighty Thousand Dollars and No Cents) (the "Fees Award"). Class Counsel may seek a Costs Award not to exceed $25,000.00 (Twenty-Five Thousand Dollars and No Cents). Class Counsel will not be permitted to petition the Court for any additional payments for fees, costs or interest and the Fees Award and Costs Award shall be for all claims for attorneys' fees and costs past, present and future incurred in the Action. The Fees Award and Costs Award will be paid out of and deducted from the Settlement Fund. As part of the Settlement, you will not be required to pay Class Counsel for their representation of you in the Action.

B.       The amount of Incentive Award to the Named Plaintiff will be subject to the Court's discretion, but in any event, will not exceed $15,000.00 (Fifteen Thousand Dollars and No Cents). This Incentive Award shall be paid out of and deducted from the Settlement Fund.

-6-
                                          EXHIBIT "1"

C.    As part of the preliminary approval of the Settlement, the Court has approved payment of $5,000.00 (Five Thousand Dollars and No Cents) to the California Labor Workforce Development Agency ("LWDA"), 75% of which, or $3,750.00 (Three Thousand Seven Hundred and Fifty Dollars and No Cents) will represent the LWDA's share of the Settlement attributable to civil penalties under the California Labor Code's Private Attorneys General Act, Labor Code §§ 2699 *et seq.* ("PAGA"). The remaining $1,250.00 (One Thousand Two Hundred and Fifty Dollars and No Cents) will be added to the Payout Fund and distributed to Settlement Class Members as part of their Gross Settlement Amounts.

D.    Also as part of the preliminary approval of the Settlement, the Court has approved payment of claims administration expenses in the amount of up to $45,000.00 (Forty-Five Thousand Dollars and No Cents) to the Claims Administrator from the Settlement Fund.

## VII.  BINDING EFFECT/RELEASE OF CLAIMS

A.    Release of Claims Affecting All Class Members

All Class Members, *i.e.*, all Plaintiffs who have not validly requested exclusion, will be bound by the terms of the proposed Settlement with regard to their state law claims if it is approved and if the Final Judgment of the Court dismissing the Action is entered and becomes final. If the proposed Settlement is approved, all Class Members will have released the "Released Parties" from the "Released Claims" as defined below and will be permanently barred from suing or otherwise making a claim against any of the Released Parties for the Released Claims. This is more completely set forth as follows:

1.    As of the Effective Date, Class Members shall fully and finally release and discharge Rolling Frito-Lay Sales, LP, Frito-Lay, Inc., Frito-Lay Sales, Inc., and their former and present parents, subsidiaries and affiliated corporations and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties") from the "Released State Law Claims." For purposes of this Agreement, the "Released State Law Claims" are defined as:

any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted,

whether in tort, contract, or for violation of any state constitution, statute, rule or regulation, including state wage and hour laws,

whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with:

(1) all state law causes of action pleaded in or that could have been pleaded in the Operative Complaint arising from the facts pleaded in the Operative Complaint for the Class Period, namely: (a) failure to pay all wages due, including overtime wages; (b) failure to provide meal periods; (c) failure to authorize rest breaks; (d) failure to timely pay final wages due, before or after the end of employment; (e) failure to provide accurate itemized wage statements; (f) penalties (including penalties under PAGA), liquidated damages, punitive damages, interest,

attorneys' fees, litigation costs, restitution (including, California Bus. & Prof. Code § 17200 *et seq*), and equitable relief; and/or

(2) any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, pleaded in or that could have been pleaded in the Operative Complaint, which are or could be the basis of claims related to Defendants' alleged failure to pay all wages due, including overtime wages; failure to provide meal periods; failure to authorize rest breaks; failure to timely pay final wages due, before or after the end of employment; failure to provide accurate itemized wage statements; penalties (including penalties under PAGA), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution (including California Bus. & Prof. Code § 17200, et seq.) and equitable relief, or other damages of any kind based on a failure to comply with any state wage and hour laws, at any time through the Effective Date (whether based on California state wage and hour law, contract, or otherwise).

2.     With respect to the Released State Law Claims, the Class Members stipulate and agree that, upon the Effective Date, the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released State Law Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released State Law Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

3.     The Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is related to the Released State Law Claims.

B.     Release Of Claims Affecting Only Class Members Who Return A Claim Form/FLSA Consent Form.

All Settlement Class Members, *i.e.*, all Plaintiffs who have submitted a valid Claim Form/FLSA Consent Form, will be bound by the terms of the proposed Settlement with regard to their federal law claims if it is approved and if the Final Judgment of the Court dismissing the Action is entered and becomes final. If the proposed Settlement is approved, all Settlement

Class Members will have released the "Released Parties" from the "Released Federal Claims" as defined below and will be permanently barred from suing or otherwise making a claim against any of the Released Parties for the Released Federal Claims. This is more completely set forth as follows:

      1.    As of the Effective Date, all Settlement Class Members, including the Named Plaintiff, in addition to releasing the Released Parties from the Released State Law Claims as outlined in subsection (A), also release the Released Parties from the "Released Federal Claims." For purposes of this Agreement, the "Released Federal Claims" are defined as:

      any and all applicable federal law claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted,

      whether in tort, contract, or for violation of any federal constitution, statute, rule or regulation, including federal wage and hour laws, whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with:

      (1) all federal law causes of action pleaded in or that could have been pleaded in the Operative Complaint arising from the facts pleaded in the Operative Complaint for the Class Period, namely: (a) failure to pay all wages due, including overtime wages; (b) failure to pay final wages due, before or after the end of employment; (c) penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief; and/or

      (2) any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, pleaded in or that could have been pleaded in the Operative Complaint, which are or could be the basis of claims related to Defendants' alleged failure to pay all wages due, including overtime wages; failure to timely pay final wages due, before or after the end of employment; penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution and equitable relief, or other damages of any kind based on a failure to comply with any federal wage and hour laws, at any time through the Effective Date (whether based on federal wage and hour law, contract, or otherwise).

      2.    With respect to the Released Federal Law Claims, the Settlement Class Members stipulate and agree that, upon the Effective Date, the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

      A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Federal Law Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Federal Law Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

        3.     The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is related to the Released Federal Law Claims.

## VIII. <u>PROCEDURE FOR EXCLUSION</u>

Plaintiffs may exclude themselves from the Settlement as to their state law claims by mailing to CPT Group, [ADDRESS], on or before _____, a <u>written</u> statement expressing their desire to be excluded from the Settlement as to their state law claims in the <u>Elliott v. Rolling Frito-Lay Sales, LP, et al.</u> litigation. Specifically, a Plaintiff requesting exclusion must state, in substance: "I have read the Class Notice and I wish to opt out of the class action and the settlement of the following case: *Elliott v. Rolling Frito-Lay Sales, L.P. et al.,* SACV 11-1730 DOC." If you wish to request exclusion from the Settlement as to your state law claims in this Action, your written statement must include your name (and former names, if any), current address, telephone number, last four digits of your social security number, and the dates of your employment by Frito-Lay. In addition, it must be postmarked on or before _____. Requests for exclusion that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective. Persons who are eligible to and do submit valid and timely requests for exclusion from the Settlement as to their state law claims will not receive Settlement Awards, nor will they be bound by the terms of the proposed Settlement as to their state law claims, if it is approved, or the Final Judgment in this Action.

## IX. <u>SETTLEMENT HEARING/OBJECTIONS TO THE PROPOSED SETTLEMENT</u>

A hearing (the "Settlement Hearing") will be held before the Honorable David O. Carter on _____, 201_ at ___:___ _.m. at the United States District Court for the Central District of California, 411 W. Fourth St., Santa Ana, California 92701 (the "Court"), to determine whether the proposed Settlement of the Action is fair, adequate and reasonable and should be approved by the Court and whether the Action should be dismissed on the merits with prejudice. The hearing may be continued by the Court from time to time as the Court may without further direct notice.

Any Class Member may appear in person or through counsel at the Settlement Hearing and be heard in support of the Settlement or as to why the proposed Settlement of the Action should not be approved as fair, adequate and reasonable, or why a Final Judgment dismissing the Action against Frito-Lay with prejudice should or should not be entered. No Class Member, however, shall be heard or entitled to object and no papers or briefs submitted by any such

person shall be received or considered by the Court unless written notice of intention to appear at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and have been served personally on or before _____, 201_, or if by mail then postmarked no later than _____, 201_, upon all of the following:

| Ira Spiro<br>Jennifer Connor<br>SPIRO LAW CORP<br>11377 West Olympic Blvd.<br>5th Floor<br>Los Angeles, CA 90064 | Joe Gigliotti<br>GIGLIOTTI & GIGLIOTTI<br>26501 Rancho Parkway South<br>Suite 101<br>Lake Forest, CA 92630 | Samantha D. Hardy<br>Ashley T. Hirano<br>SHEPPARD, MULLIN,<br>RICHTER & HAMPTON,<br>LLP<br>501 West Broadway<br>19th Floor<br>San Diego, CA 92101 |
|---|---|---|

Any Class Member who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

Any Class Member who is satisfied with the proposed Settlement need not appear at the Settlement Hearing.

## X. EXAMINATION OF PAPERS AND INQUIRIES

The foregoing is only a summary of the Action and the proposed Settlement and does not purport to be comprehensive. For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Stipulation and Settlement Agreement of Class Action Claims, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, 411 W. Fourth St., Santa Ana, California 92701 during regular business hours of each Court day.

All inquiries by Plaintiffs regarding this Notice and/or the Settlement should be directed to counsel for the Settlement Class:

| Ira Spiro<br>Jennifer Connor<br>SPIRO LAW CORP<br>11377 West Olympic Blvd., 5th Floor<br>Los Angeles, CA 90064<br>Tel: (310) 235-2350 | Joe Gigliotti<br>GIGLIOTTI & GIGLIOTTI<br>26501 Rancho Parkway South, Suite 101<br>Lake Forest, CA 92630<br>Tel: (949) 305-8202 |
|---|---|

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, FRITO-LAY, OR FRITO-LAY'S ATTORNEYS WITH INQUIRIES.

Dated: _____, 2013

                                       _____

                                         BY ORDER OF THE COURT
                                         HON. DAVID O. CARTER
                                         U.S. DISTRICT COURT JUDGE

# EXHIBIT 3

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY ELLIOTT, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ROLLING FRITO-LAY SALES, LP, FRITO LAY, INC., FRITO-LAY SALES, INC., and DOES 1-10, inclusive,<br><br>   Defendants. | Case No. SA CV11-1730 DOC (ANx) |

## CLAIM FORM/FLSA CONSENT FORM

EXHIBIT "2"

Elliott v. Rolling Frito-Lay Sales, LP, et al.
United States District Court for the Central District of California
Case No. SA CV11-1730 DOC (ANx)

CLAIM FORM/FLSA CONSENT FORM
COMPLETE FOR MONETARY RECOVERY

**BASED ON THE SETTLEMENT FORMULA, THE PARTIES ESTIMATE THAT YOU WILL RECEIVE THE FOLLOWING GROSS AMOUNT IF YOU FILE A CLAIM $ _____. HOWEVER, THE ACTUAL AMOUNT THAT YOU RECEIVE COULD BE MORE OR LESS THAN THIS AMOUNT, DEPENDING ON SUCH FACTORS AS PARTICIPATION RATES, SETTLEMENT COSTS, EXPENSES AND ATTORNEYS' FEES EVENTUALLY APPROVED BY THE COURT.**

**Please Type or Print**

Name (First, Middle, Last): _____
Street Address: _____
City, State, Zip Code: _____
Former Names (if any): _____

___ ___ ___ ___
Last 4 Digits of Social Security Number
(_____) _____ (Home)
Area Code Telephone Number

Frito-Lay Employee # (if known) _____
(_____) _____ (Work)
Area Code Telephone Number

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS FORM TO SHARE IN THE MONETARY RECOVERY AND TO CONSENT TO JOIN THE FLSA PORTION OF THIS ACTION.**

INSTRUCTIONS
1. Please complete, sign and mail this form to share in the recovery and consent to join the FLSA portion of this action.
2. If you move, please send us your new address.
3. Please do not send any supporting documentation at this time. If such documentation is deemed necessary, a separate request will be sent to you directly. If you submit a claim, your identity will not be disclosed to your direct supervisor at Frito-Lay.
4. If found eligible, and subject to Court approval, you should not expect to receive any payment until approximately DATE.

YOU MUST COMPLETE, SIGN AND MAIL THIS FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE DATE, ADDRESSED AS FOLLOWS IN ORDER TO RECEIVE A RECOVERY AND CONSENT TO JOIN THE FLSA PORTION OF THIS ACTION.

> Frito-Lay Claims Administrator
> c/o CPT Group
> [ADDRESS]
> [WEBSITE]

Frito Lay estimates that you have worked a total of ____ workweeks in a Qualified Position(s). List location(s) and dates of your employment at Frito-Lay in chronological order as best you can. (Errors in locations, dates or order of your employment will not affect your eligibility to participate in the settlement or your consent to join the FLSA portion of this action. This information will aid the Administrator in verifying your records).

_____        _____        _____
Job Title #1                     Dates                          Location #1

_____        _____        _____
Job Title #2                     Dates                          Location #2

I have reviewed the Class Notice and this form and I hereby apply for a monetary recovery in accordance with the terms of the Class Notice, and also consent to join in the FLSA portion of this action and have Named Plaintiffs and their counsel represent me in this action pursuant to 29 U.S.C. § 216(b).

X_____          _____
  (sign your name here)                                    Date