1 | Ira Spiro, State Bar No. 67641
ira@spirolawcorp.com
2 | Jennifer L. Connor, State Bar No. 241480
jennifer@spirolawcorp.com
3 | **SPIRO LAW CORP.**
11377 West Olympic Boulevard, 5th Floor
4 | Los Angeles, California 90064
Telephone: 310-235-2350
5 | Fax: 310-235-2351

6 | Joseph J. Gigliotti, State Bar No. 144979
gigliottilaw@msn.com
7 | **GIGLIOTTI & GIGLIOTTI, LLP**
26501 Rancho Parkway South, Ste. 101
8 | Lake Forest, California 92630
Telephone: 949-305-8202
9 | Fax: 949-305-8239

10 | Attorneys for Plaintiff SIDNEY ELLIOTT
and the putative Plaintiff Class

11

12 | ### UNITED STATES DISTRICT COURT

13 | ### CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| SIDNEY ELLIOTT, individually, and on behalf of all others similarly situated, | Case No. SA CV11-1730 DOC (ANx) |
| Plaintiff, | CLASS ACTION |
| v. | **DECLARATION OF SIDNEY ELLIOT IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY OF CLASS ACTION SETTLEMENT** |
| ROLLING FRITO-LAY SALES, LP, FRITO LAY, INC., FRITO-LAY SALES, INC., and DOES 1-10, inclusive, | Hearing: |
| Defendants. | Date: December 23, 2013 Time: 8:30 a.m. Crtrm: 9-D |
| | Date Action Filed: November 9, 2011 Trial Date: August 16, 2014 |

15 16 17 18 19 20 21 22 23 24 25 26 27 28

SPIRO LAW CORP.

## **DECLARATION OF SIDNEY ELLIOTT**

I, Sidney Elliott, declare as follows:

1.      I am a named plaintiff in the case of <u>Elliott et. al. v. Rolling Frito-Lay Sales, L.P. et. al.</u> 11-cv-1730, pending in the United States District Court for the Central District of California.  If called upon as a witness, I could and would competently testify to the following from my own personal knowledge.

2.      This declaration is submitted in support of Plaintiff's Motion For Preliminary Approval of the class action settlement between Plaintiff and Defendants Rolling Frito-Lay Sales, LP, Frito Lay, Inc., Frito-Lay Sales, Inc. (collectively, "Defendants" or "Frito-Lay").

3.      On November 9, 2011, I brought this wage and hour lawsuit against my employer (now, former employer), on behalf of myself and also to vindicate the rights of all other current and former employees of Defendants who are or were employed by Defendants as a Route Sales Associate ("RSA"), Merchandiser, or in any job position known by any other name with duties sufficiently similar (for class certification purposes) to those of RSA or Merchandiser in California since November 9, 2007.  By way of this lawsuit, I sought to recover unpaid overtime wages, unpaid wages for all hours worked, meal and rest period premium payments for missed breaks, final wage payments, payments for inaccurate wage statements, restitution, injunctive relief, along with liquidated damages, penalties, attorneys' fees and costs, on behalf of myself and other similarly-situated employees.

SPIRO LAW CORP.

1    4.    The proposed Plaintiffs Class for settlement purposes is defined as all

2    present and former employees of Defendants in California who are or were

3    employed in the job position(s) of: Route Sales Associate, RSR Associate, RSR

4    Sales Associate, RSR Specialist, Sales Trainee, and RSR Trainee; Merchandiser

5    and Sales Trainee; and/or Detailer at any time during the Class Period.    This

6    Plaintiffs Class is also comprised of the following sub-classes:

7        (i)    Route Sales Associate Class means all present and former employees

8    of Defendants who are or were employed in California in the job position of Route

9    Sales Associate, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales

10   Trainee and/or RSR Trainee at any time during the Class Period.

11       (ii)    Merchandiser Class – means all present and former hourly employees

12   of Defendants who are or were employed in California in the job position of

13   Merchandiser and/or Sales Merchandiser time during the Class Period.

14       (iii)    Detailer Class – means all present and former hourly employees of

15   Defendants who are or were employed in California in the job position of Detailer

16   at any time during the Class Period.    The term Class Period means from

17   November 9, 2007 through the date of preliminary approval or December 31,

18   2013, whichever is latest ("Class Period").

19   5.    I am a member of the proposed settlement Plaintiffs Class in that I

20   was employed by Defendants as a "Detailer" beginning in August 2008 in La

21   Mirada, California and as a "Route Sales Associate" beginning in March 2009 in

22   El Toro, California.    I voluntarily left my employment, and was last employed

23   with, Defendants in February 2013.    Although my job title never was officially

24   "Merchandiser," I consider my job duties performed as a "Detailer" to be

25   equivalent to those of a "Merchandiser."    As I testified in deposition, the only

26   difference that I am aware of is that Detailer is a part-time position, while

27   Merchandiser is a full-time position.

28

6.      As a named Plaintiff in this lawsuit, I am aware of my responsibilities and duties to the Class as a class representative.   When I decided to start a proposed class action lawsuit, I understood that I was not only seeking compensation for myself, but also for all other similarly-situated employee who had experience the same problems I did.   I understood that I could not put my interests above those of the putative Class Members.   I am not aware of any interest that I would have that would be antagonistic to, conflict with, or otherwise be adverse to the interests of putative settlement Class Members.

7.      I am also aware that I had a duty to stay informed of what was happening in the case and could be asked to undertake a large amount of work as a class representative, and I agreed to accept those obligations.   Since the filing of this lawsuit, I have kept and remained informed of the status of the case.   I have actively participated in the prosecution of this litigation, including, but not limited to: reviewing documents and pleadings provided to me by counsel, providing documents in support of my claims and responses to written discovery, meeting with my attorneys to prepare for my deposition, making myself available to sit for deposition on October 4, 2012, discussing, reviewing, and signing verifications and declarations in support of discovery and motions, attending a full day of settlement negotiations and terms of the proposed and actual settlement with my counsel, and regularly communicating with my attorneys about the status of the litigation.   It is also worth noting that I was still working for Defendants when I initiated this lawsuit and, while I am aware of the rights protecting my access to judicial remedies, it still seemed a precarious situation to be a named-plaintiff in a suit against my current employer in uncertain economic times.

8.     I have spent a lot of time and effort prosecuting this lawsuit.  During this litigation, I estimate that I have invested approximately _700_ hours working on the case acting in the manner and engaged in the activities described above

9.     After reviewing the terms of the proposed Settlement Agreement and discussing them with my attorneys, I am of the belief that the proposes Settlement fairly and adequately serves the best interests of all members of the putative Plaintiffs Class.

10.     I believe that the Settlement delivers real and tangible benefits to Class Members especially since the Settlement Fund will make ***One Million Six Hundred Thousand Dollars ($1,600,000)*** available to putative Class Members. While I am aware that, if approved, certain deductions will be made to the Settlement Fund amount (*e.g.*, attorneys' fees and costs, costs of administration, incentive award requests, and payment to the LWDA state agency), I believe that the net Payout Fund Amount that will be fully distributed to participating Settlement Class Members adequately serves the interests of the Class.  I am also aware that the Payout Fund will be divided among Settlement Class Members based on their number of workweeks in the Class Period and weighted using a point system that is based on the different positions they held and the claims raised with respect to those positions.  I believe that this method of distribution of the Payout Fund Amount fairly serves the interests of the Plaintiffs Class.

11.     I have not been promised any financial awards, incentives, fees, or any other compensation in connection with the prosecution of this lawsuit.  I was informed that pursuant to the Settlement, and subject to Court-approval my

SPIRO LAW CORP.

1   attorneys would request that the Court award $15,000 as additional compensation

2   for my serving the role of class representative.  While I was that the Court may

3   award additional compensation for serving and engaging in the additional duties

4   commensurate with the role of class representative, I understand that such an

5   award is wholly within the Court's discretion.

6

7       I declare under penalty of perjury, under the laws of the State of

8   California and the United States of America, that the foregoing is true and

9   correct.

10

11      Executed on November  9 , 2013, at Huntington Beach, California.

12

13      _____

        SIDNEY ELLIOTT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPIRO LAW CORP.