1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY ELLIOTT, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ROLLING FRITO-LAY SALES, LP, FRITO LAY, INC., FRITO-LAY SALES, INC., and DOES 1-10, inclusive, <br><br> Defendants. | Case No. SA CV11-1730 DOC (ANx) <br><br> <u>CLASS ACTION</u> <br><br> **[PROPOSED] PRELIMINARY APPROVAL ORDER RE: PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY APPROVAL** <br><br> <u>Hearing:</u> <br> Date:  December 23, 2013 <br> Time:  8:30 a.m. <br> Crtrm:  9-D |

1    WHEREAS, this action is pending before this Court as a class action (the

2  "Action"); and

3

4    WHEREAS, the Parties have jointly applied to this Court for an order

5  preliminarily approving the settlement of the Action in accordance with a

6  Stipulation and Settlement Agreement of Class Action Claims (the "Stipulation" or

7  "Settlement"), which, together with the exhibits annexed thereto, sets forth the terms

8  and conditions for a proposed settlement and dismissal of the Action with prejudice

9  upon the terms and conditions set forth therein; and the Court having read and

10  considered the Stipulation and the exhibits annexed thereto;

11

12    NOW, THEREFORE, IT IS HEREBY ORDERED:

13

14    1.    This Order incorporates by reference the definitions in the Stipulation,

15  and all terms defined therein shall have the same meaning in this Order as set forth

16  in the Stipulation.

17

18    2.    The Court grants preliminary approval to the Stipulation.  The Court

19  preliminarily finds that the Stipulation is fair, adequate and reasonable, and

20  preliminarily approves the terms of the settlement.

21

22    3.    The Court recognizes that the Class Members and Frito-Lay stipulate

23  and agree to certification of a class for settlement purposes only.  This stipulation

24  will not be deemed admissible in this or any other proceeding should this Settlement

25  not become final.  For settlement purposes only, the Court conditionally certifies the

26  following settlement class (the "Class"):  "All present and former employees of

27  Defendants in California who are or were employed in the job position of either

28

Route Sales Associate, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee, Merchandiser, Sales Merchandiser or Detailer at any time during the Class Period.  The Term "Class Period" means the time period beginning November 11, 2007 and ending on either: (i) the date this Court grants preliminary approval; or (ii) December 31, 2013, whichever is later.  Further, for settlement purposes only, the Court conditionally certifies the following sub-classes:

a. "Route Sales Associate Class" consisting of "all present and former employees of Defendants in California who are or were employed in California in the job position of Route Sales Associate, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee or RSR Trainee at any time during the Class Period.

b. "Merchandiser Class" consisting of "all present and former employees of Defendants in California who are or were employed in California in the job position of Merchandiser or Sales Merchandiser at any time during the Class Period.

c. "Detailer Class" consisting of "all present and former employees of Defendants in California who are or were employed in California in the job position of Detailer at any time during the Class Period.

Collectively, individuals who fall into the Class (or, one or more of the above sub-classes) are referred to as "Plaintiffs."  The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and

Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3) that the Court need not address for purposes the settlement.  The term "Class Member" means a Plaintiff who has not requested exclusion from the Settlement.

4.    The Court further finds, for settlement purposes only, that conditional certification of the Action as a collective action under section 216(b) of the Fair Labor Standards Act ("FLSA") is appropriate.  The term "Settlement Class Member" means a Class Member who has returned a valid and timely Claim Form/FLSA Consent Form pursuant to the Stipulation.

5.    Named Plaintiff Sidney Elliott ("Named Plaintiff") is hereby appointed and designated, for all purposes, as the representative of the class, and the following attorneys are hereby appointed and designated as counsel for Named Plaintiff and the Class ("Class Counsel"):

| | |
|---|---|
| Ira Spiro<br>Jennifer Connor<br>SPIRO LAW CORP<br>11377 West Olympic Blvd., 5th Floor<br>Los Angeles, CA 90064<br>Tel:  (310) 235-2350 | Joe Gigliotti<br>GIGLIOTTI & GIGLIOTTI<br>26501 Rancho Parkway South, Suite 101<br>Lake Forest, CA 92630<br>Tel: (949) 305-8202 |

Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement.  Any Class Member may enter an appearance through counsel of such Class Member's own choosing and at such Class Member's own expense.  Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

6.      The Court hereby approves on a preliminary basis the Stipulation and settlement contained therein, including the definition and disposition of the Settlement Fund and related matters provided for in the Stipulation.  It appears to the Court on a preliminary basis that the settlement amount and terms are fair, adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues.  It further appears that extensive and costly investigation and research have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions.  It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by further prosecution of the Action.  It further appears that the Settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations.

7.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, at ____ _.m. at the United States District Court for the Central District of California,  411 W. Fourth St., Santa Ana, California 92701, to determine all necessary matters concerning the Settlement, including:  whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, adequate and reasonable and should be finally approved by the Court; whether a Judgment, as provided in the Stipulation, should be entered herein; whether the plan of allocation contained in the Stipulation should be approved as fair, adequate and reasonable to the Class Members; and to finally approve Class Counsel's Fees and Costs Award, the Named Plaintiff's Incentive Award, the PAGA payment to the LWDA, and the claims administration expenses.  The Final Approval hearing may be continued without further notice to Plaintiffs.  Class Counsel shall file motions for approval of attorneys' fees, costs, and enhancements

for the Named Plaintiff sought in the Stipulation on or before seven (7) days prior to [the objection/opt-out period].  The Parties shall file a Motion for Final Approval on or before _____, 201__.

8.      The Stipulation specifies a Fees Award in an amount not to exceed $480,000.00, Costs in an amount not to exceed $25,000.00, an Incentive Award of $15,000.00 to the Named Plaintiff, $45,000.00 for Claims Administration Expenses, and $3,750.00 to the Labor and Workforce Development Agency ("LWDA") as the LWDA's 75% share of the $5,000.00 allocated to Private Attorney General Act ("PAGA") claims in this Action.  However, the Court will not approve the amount of attorneys' fees and costs until the Final Approval Hearing.  Similarly, the Court will not decide the amount of the Incentive Award until the Final Approval Hearing. If the Court decides to award less than the amounts set forth above, then the unawarded Fees, Costs, Service Award, and Claims Administration Expenses will be distributed *cy pres* to The United Way of Greater Los Angeles – Los Angeles Workforce Funders Collaborative.  It appears to the Court that this provision is appropriate, fair, and reasonable.

9.      The Court hereby approves, as to form and content, the Notice and Claim Form annexed as Exhibits 1 and 2 to the Stipulation.  The Court finds that the distribution of the Notice and Claim Form substantially in the manner and form set forth in the Stipulation and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10.     The Court hereby appoints CPT Group, 16330 Aston Street, Irvine, CA 92606, as Claims Administrator and hereby directs the Claims Administrator to mail

1  or cause to be mailed to Plaintiffs the Notice and Claim Form by first class mail

2  within sixty (60) days after the entry of this Preliminary Order (the "Notice Date")

3  using the procedures set forth in the Stipulation.  Plaintiffs who wish to participate

4  in the settlement provided for by the Stipulation ("Settlement Class Members") must

5  complete and return the Claim Form pursuant to the instructions contained therein

6  by first class mail or equivalent, postage paid, within sixty (60) days of the Notice

7  Date.

8

9       11.    Any Plaintiff may choose to opt out of and be excluded from the Class

10  as provided in the Notice by following the instructions for requesting exclusion from

11  the Class that are set forth in the Notice.  All requests for exclusion must be

12  submitted as provided in the Notice.  Any such person who chooses to opt out of

13  and be excluded from the Class will not be entitled to any recovery under the

14  Settlement and will not be bound by the Settlement or have any right to object,

15  appeal or comment thereon.  Any written request to opt out must be signed by each

16  such person opting out.  Plaintiffs who have not requested exclusion shall be bound

17  by all determinations of the Court, the Stipulation and Judgment, with the exception

18  as to the federal claims that only those filing the Claim Form will be bound.

19

20       12.    Any Class Member may appear at the Settlement Hearing and may

21  object or express his or her views regarding the Settlement, and may present

22  evidence and file briefs or other papers, that may be proper and relevant to the issues

23  to be heard and determined by the Court as provided in the Notice.  However, no

24  Class Member or any other person shall be heard or entitled to object, and no papers

25  or briefs submitted by any such person shall be received or considered by the Court,

26  unless on or before forty-five (45) days after the Notice Date, that person has served

27  by hand or by first class mail written objections and copies of any papers and briefs

28

in support of their position and verification of their membership in the Class upon: (1) Spiro Law Corp., Attn.: Jennifer Connor, 11377 West Olympic Blvd., 5th Floor, Los Angeles, CA 90064; (2) Gigliotti & Gigliotti, Attn.: Joe Gigliotti, 26501 Rancho Parkway South, Suite 101, Lake Forest, CA 92630; and (3) Sheppard, Mullin, Richter & Hampton LLP, Attn.: Samantha Hardy, 501 West Broadway, 19th Floor, San Diego, CA 92101, and filed the objections, papers and briefs with the Clerk of this Court.  In order to be valid, the papers must be filed with the Clerk of this Court and received by all of the above counsel on or before forty-five (45) days after the Notice Date.  Any Class Member who does not make his or her objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement.

13.     All claims administration expenses shall be paid from the Settlement Fund.

14.     To the extent permitted by law, pending final determination as to whether the settlement contained in the Stipulation should be approved, the Plaintiffs, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any Released Claims or Released Federal Claims against the Released Parties.  The Settlement is not a concession or admission, and shall not be used against Frito-Lay or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Frito-Lay or any of the Released Parties.  Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be:

a.   Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by Frito-Lay or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

b.   Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of settling the Action pursuant to the Stipulation.

14.   As of the date this Order is signed, all dates and deadlines associated with the Action shall continue to be stayed, other than those related to the administration of the Settlement of the Action.

15.   In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation.

16.   The Court reserves the right to adjourn or continue the date of the Settlement Hearing and all dates provided for in the Stipulation without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: _____

_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA