JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY ELLIOTT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROLLING FRITO-LAY SALES, LP, FRITO LAY, INC., FRITO-LAY SALES, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No. SA CV11-1730 DOC (ANx)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE [53]**<br><br>Judge: Hon. David O. Carter<br>Ctrm: 9-D |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter having come before the Court for hearing pursuant to the Order of this Court dated 6/12/14, for final approval of the settlement set forth in the Stipulation and Settlement Agreement of Class Action Claims ("Stipulation" or "Settlement"), and due and adequate notice having been given to the Plaintiffs as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefor, it is

ORDERED, ADJUDGED AND DECREED THAT:

1.  All terms used herein shall have the same meaning as defined in the Stipulation.

2.  This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Plaintiffs.

3.  Distribution of the Notice directed to the Plaintiffs as set forth in the Stipulation and the other matters set forth therein has been completed in conformity with the Preliminary Approval Order, including individual notice to all Plaintiffs who could be identified through reasonable effort, and was the best notice practicable under the circumstances.  This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process.  Zero Plaintiffs objected to the Settlement.  Five Plaintiffs opted out of the Settlement.

4.  CAFA notice has been properly provided pursuant to 28 U.S.C. § 1715.

5.  This Court hereby approves the settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms.  The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations.  The Court further finds that the Parties have conducted extensive and costly investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions.  The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of these Actions.  The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery. The Court finds that the Class is properly certified as a class for settlement purposes only.

6.  For purposes of this Judgment, the term "Class" means "All present and former employees of Defendants in California who are or were employed in the job position of either Route Sales Associate, RSR Associate, RSR Sales Specialist, RSR Specialist, Sales Trainee, RSR Trainee, Merchandiser, Sales Merchandiser or Detailer at any time during the Class Period.  The term "Class Period" means the time period beginning November 11, 2007 and ending December 31, 2013.  For purposes of this Judgment, the term "Subclass" means all Class Members who belong to one or more of the subclasses below:

   a.  "Route Sales Associate Class" consisting of "all present and former employees of Defendants in California who are or were employed in California in the job position of Route Sales Associate, RSR Associate, RSR Sales Specialist, RSR Specialist,

1  Sales Trainee or RSR Trainee at any time during the Class
2  Period.

4    b.  "Merchandiser Class" consisting of "all present and former
5        employees of Defendants in California who are or were
6        employed in California in the job position of Merchandiser or
7        Sales Merchandiser at any time during the Class Period.

9    c.  "Detailer Class" consisting of "all present and former employees
10       of Defendants in California who are or were employed in
11       California in the job position of Detailer at any time during the
12       Class Period.

14  The Court finds that the Class is properly certified as a class for settlement purposes only.  The Court further finds, for settlement purposes only, that conditional certification of the Action as a collective action under section 216(b) of the Fair Labor Standards Act ("FLSA") is appropriate.

19  7.  The term "Class Member" means a Plaintiff who has not requested exclusion from the Settlement The term "Settlement Class Member" means a Class Member who has returned a valid and timely Claim Form/FLSA Consent Form pursuant to the Stipulation.

24  8.  As of the Effective Date, each and every Released Claim of each and every Class Member is and shall be deemed to be conclusively released as against the Released Parties.  All Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the Released Claims against the Released

-4-

Parties. In addition, as of the Effective Date, each and every Released Federal Claim of each and every Settlement Class Member is and shall be deemed to be conclusively released as against the Released Parties. All Settlement Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting Released Federal Claims against the Released Parties.

9. The Stipulation and Settlement are not an admission by Frito-Lay or any of the other Released Parties, nor is this Judgment a finding, of the validity of any claims in the Action or of any wrongdoing by Frito-Lay or any of the other Released Parties. Neither this Judgment, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against Frito-Lay or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Frito-Lay or any of the other Released Parties and shall not be offered in evidence in any action or proceeding against Frito-Lay or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding the Judgment, Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

14. The Court hereby dismisses the Action on the merits and with prejudice against the Named Plaintiff and all Class Members in favor of Frito-Lay and without costs or attorneys' fees to any of the Parties as against any other settling party, except as provided for in the Stipulation. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

15. The Court hereby awards Class Counsel attorneys' fees ("Fees Award") in the amount of $480,000 and costs ("Costs Award") in the amount of $20,000. Class Counsel shall not be entitled to any other award of attorneys' fees or costs in any way connected with this Action. The Court also hereby approves an Incentive Award to the Named Plaintiff in the amount of $10,000. The Court approves payment to the LWDA in the amount of $5,000. The Court also approves the payment of claims administration expenses in the amount of $36,500. Any separate appeal from the portion of this Judgment as to the Fees Award shall not operate to terminate or cancel the Stipulation or otherwise affect the finality of this Judgment.

16. After administration of the Settlement has been completed in accordance with the Stipulation and all amounts calculated, and in no event later than one hundred and eighty (180) days after the Effective Date, Frito-Lay shall file a report with this Court setting forth the total of the Gross Settlement Amounts for the Settlement Class Members and certifying compliance with the terms of the Settlement.

17. The Court finds that the Stipulation is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims and Released Federal Claims against Frito-Lay.

18. If the Settlement does not become final and effective in accordance with the terms of the Stipulation, resulting in the return and/or retention of the Settlement Fund to Frito-Lay consistent with the terms of the Settlement, then this Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

Dated: 6/12/14

*/s/ David O. Carter*

HON. DAVID O. CARTER
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA